# <u>EXHIBIT B</u>

Case: 20-04021   Doc# 5   Filed: 03/04/20   Entered: 05/01/20 16:12:26   Page 1 of 44

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Cyril L. Lawrence SB#50975<br>Cyril Lawrence, Inc.<br>2111 K Street<br><br>Merced, California 95340<br>TELEPHONE NO. 209-383-6854    FAX NO. (Optional): 209-383-6856<br>E-MAIL ADDRESS (Optional): lawoffice@cyrillawrence.com<br>ATTORNEY FOR (Name): Dan Yoon | FILED<br>Merced Superior Court<br>3/2/2017 1:58:41 PM<br>Linda Romero Soles<br>Clerk of the Superior Court<br>By: Tawn Saephanh, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Merced
STREET ADDRESS: 627 West 21st Street
MAILING ADDRESS: 627 West 21st Street
CITY AND ZIP CODE: Merced, California 95340
BRANCH NAME:

PLAINTIFF: Dan Yoon

DEFENDANT: K.S. Aviation, Inc., a California corporation

[X] DOES 1 TO    10

| Breach of     **CONTRACT** | CASE NUMBER: |
|---|---|
| [x] COMPLAINT  [ ] AMENDED COMPLAINT (Number):<br>[ ] CROSS-COMPLAINT  [ ] AMENDED CROSS-COMPLAINT (Number): | 17CV-00630 |

**Jurisdiction** (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
  Amount demanded [ ] does not exceed $10,000
              [ ] exceeds $10,000, but does not exceed $25,000
[x] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

1. **Plaintiff*** (name or names): DAN YOON

   alleges causes of action against **defendant*** (name or names): KS AVIATION, INC.

2. This pleading, including attachments and exhibits, consists of the following number of pages: 43
3. a. Each plaintiff named above is a competent adult
    [ ] **except** plaintiff (name):

      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] other (specify):

  b. [ ] Plaintiff (name):
    a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name (specify):

    b. [ ] has complied with all licensing requirements as a licensed (specify):

  c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
    [X] **except** defendant (name): KS AVIATION, INC.      [ ] **except** defendant (name):
    (1) [ ] a business organization, form unknown    (1) [ ] a business organization, form unknown
    (2) [X] a corporation                 (2) [ ] a corporation
    (3) [ ] an unincorporated entity (describe):    (3) [ ] an unincorporated entity (describe):

    (4) [ ] a public entity (describe):       (4) [ ] a public entity (describe):

    (5) [ ] other (specify):           (5) [ ] other (specify):

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]
**COMPLAINT—Contract**
Legal Solutions Plus
Code of Civil Procedure, § 425.12

This e-copy is the official court record (GC68150)

| SHORT TITLE: Yoon v. KS | CASE NUMBER: |
|---|---|

This e-copy is the official court record (GC68150)

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ☐ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) ☒ Doe defendants *(specify Doe numbers):* 1-20 _____ are persons whose capacities are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, *or*
   b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.
7. This court is the proper court because
   a. ☐ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☐ a defendant lives here now.
   d. ☐ the contract was to be performed here.
   e. ☒ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   ☒ Breach of Contract
   ☐ Common Counts
   ☐ Other *(specify):*

9. ☒ Other allegations:
   From 2005 through 2016, KS Aviation signed multiple promissory notes
   totalling $3,687,407.57 of which only $264,840.00 has been repaid, leaving
   a balance of $3,422,567.57.

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. ☒ damages of: $ 3,422,568
    b. ☒ interest on the damages
       (1) ☒ according to proof
       (2) ☐ at the rate of *(specify):* 10 percent per year from *(date):* Date of execution of each note attached herewith.
    c. ☒ attorney's fees
       (1) ☐ of: $
       (2) ☒ according to proof.
    d. ☐ other *(specify):*

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: March 2, 2017

Cyril L. Lawrence SB#50975

| (TYPE OR PRINT NAME) | ▶ | (SIGNATURE OF PLAINTIFF OR ATTORNEY) |
|---|---|---|

*(If you wish to verify this pleading, affix a verification.)*

| SHORT TITLE: Yoon v. KS | CASE NUMBER: |
|---|---|

CAUSE OF ACTION—Breach of Contract

ONE
_____
(number)

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name)*: Dan Yoon

alleges that on or about *(date)*:

a [ ] written [ ] oral [ ] other *(specify)*:

agreement was made between *(name parties to agreement)*: DAN YOON AND KS AVIATION, INC.

[X] A copy of the agreement is attached as Exhibit A, or

[ ] The essential terms of the agreement [ ] are stated in Attachment BC-1 [ ] are as follows *(specify)*:

BC-2. On or about *(dates)*: 2005 TO 2016
defendant breached the agreement by [ ] the acts specified in Attachment BC-2 [X] the following acts
*(specify)*: REPAY A SERIES OF LOANS TOTALLING $3,687,407.57 OF THIS SUM, ONLY
$264,840.00 HAS BEEN REPAID.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4 [X] as follows *(specify)*: THE SUM OF $3,422,567.57

BC-5. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[X] according to proof.

BC-6. [ ] Other:

Page ____

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

CAUSE OF ACTION—Breach of Contract

Legal
Solutions™
& Plus

Code of Civil Procedure, § 425.12

This e-copy is the official court record (GC68150)

Case: 20-04021   Doc# 5   Filed: 03/04/20   Entered: 05/01/20 16:12:26   Page 4 of 44

This e-copy is the official court record (GC68150)

# EXHIBIT A

## ASSIGNMENT OF
## PROMISSORY NOTES

The undersigned hereby assigns, conveys an transfers to **DAN YOON** , all right, title, and interest to the Promissory Notes attached hereto as Exhibit A, for the express purpose of collecting all sums due under each promissory note.

Dated: 3 . 1 . 17 .

_____
Jeehee Yoon

_____
Hana Japan, Inc.

_____
Hana Yoon, Inc.

_____
Sierra Air Center Development, LLC

_____
Shouchen Zhu

This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC68150)

# EXHIBIT A

# PROMISSORY NOTES

This e-copy is the official court record (GC68150)

# PROMISSORY NOTE

$60,000                          Atwater, California

August 9, 2016

1.    FOR VALUE RECEIVED, KS Aviation, DBA Sierra Academy (The "Borrower" hereafter) hereby promises to pay to Jeenee Yoon (The "Lender" hereafter) the sum of sixty thousand dollars and 00/100. $60,000.00 plus interest starting on August 9, 2016 at the rate of 10 % APR, to be paid as soon as possible.

2.    The holder of the Note may, at its option, accelerate the maturity of this Note upon the occurrence of any of the following events affection any of the parties to this Note, in which event the unpaid balance plus interest, shall become immediately due and payable without demand or notice.

   a.    Failure of The Borrower to make any payment under this Note when it falls due;

   b.    The filing of a petition in bankruptcy, either voluntary or involuntary, a petition for reorganization arrangement or other relief under the United State Bankruptcy Act, a voluntary petition for the appointment of receiver or comparable relief from creditors under the laws of any State, or the making by The Borrower of an assignment of all or substantially all of its assets for the benefit of creditors;

   c.    The adjudication of The Borrower as a bankrupt or insolvent, the appointment of a receiver of all or substantially all of the Borrower's assents or the entry of an order of the reorganization of The Borrower under the United States Bankruptcy Act, if such adjudication, order, or appointment is made upon a petition filed against The Borrower and is not, within sixty (60) days after it is made, vacated or stayed on appeal or otherwise or if maker by any action or failure to act signifies its approval or consent to the order, appointment or petition;

   d.    Assignment, mortgage, or pledge of accounts receivable or other property without the written consent of the holder thereof;

   e.    Breach of any provision contained in the Security Agreement securing this Note.

3.    Full power and authority is hereby given to The Borrower, in addition to other rights, to sell, assign, and deliver the whole or any part of that security property at public or private sale, without demand, advertisement, or notice to The Lender, which are hereby expressly waived and released. At any such

sale, the Payee may purchase any or all of the property sold free from any claim or right of redemption of the Maker which are herby waived and released waived and released except as provided by law.

4. The Borrower agrees to execute whatever documents are required to give and or continue Lender's security interest in the collateral.

5. The Borrower agrees to pay the actual expenditures in any attempt to collect the amount due, including the cost of retaking, keeping, and storing any articles specified in any agreements, chattel mortgages, or conditional sale agreements given as collateral security or otherwise for this Note.

6. The Borrower agrees that if any legal action is necessary to enforce or collect this Note or any other obligations for non-payment at maturity, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other relief to which that party any be entitled. This provision shall be applicable to the entire Note.

7. If any part of this Note is determined to be illegal or unenforceable, all other parts shall remain in effect.

8. Failure of The Borrower to pursue any right or remedy under this Note shall not constitute a waiver, release, or election of Payee's right to pursue the right or remedy on the basis of the same or a subsequent breach.

9. This Note shall be construed under the laws of the State of California, including the Uniform Commercial code as enacted and in force in the State of California.

IN WITNESS WHEREOF, The Borrower has sighed and delivered this Note Effective as of the date first set forth above.

Date: July 25, 2016
Borrower:

_____
KS Aviation DBA
Sierra Academy of Aeronautics

_____
Jeenee Yoon

Secretary
Witness

This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC68150)

## PROMISSORY NOTE

$49,960.00        Atwater, California

June 13, 2016

1.  FOR VALUE RECEIVED, KS Aviation, Inc. (The "Borrower" hereafter) hereby Promises to pay to Shouchen Zhu (The "Lender" hereafter) the sum of forty nine thousand nine hundred and sixty dollars and 00/100. $49,960.00 plus interest starting on June 13, 2016 at the rate of 10 % APR, to be paid as soon as possible.

2.  The holder of the Note may, at its option, accelerate the maturity of this Note upon the occurrence of any of the following events affection any of the parties to this Note, in which event the unpaid balance plus interest, shall become immediately due and payable without demand or notice.

    a.  Failure of The Borrower to make any payment under this Note when it falls due;

    b.  The filing of a petition in bankruptcy, either voluntary or involuntary, a petition for reorganization arrangement or other relief under the United State Bankruptcy Act, a voluntary petition for the appointment of receiver or comparable relief from creditors under the laws of any State, or the making by The Borrower of an assignment of all or substantially all of its assets for the benefit of creditors;

    c.  The adjudication of The Borrower as a bankrupt or insolvent, the appointment of a receiver of all or substantially all of the Borrower's assents or the entry of an order of the reorganization of The Borrower under the United States Bankruptcy Act, if such adjudication, order, or appointment is made upon a petition filed against The Borrower and is not, within sixty (60) days after it is made, vacated or stayed on appeal or otherwise or if maker by any action or failure to act signifies its approval or consent to the order, appointment or petition;

    d.  Assignment, mortgage, or pledge of accounts receivable or other property without the written consent of the holder thereof;

    e.  Breach of any provision contained in the Security Agreement securing this Note.

3.  Full power and authority is hereby given to The Borrower, in addition to other rights, to sell, assign, and deliver the whole or any part of that security property at public or private sale, without demand, advertisement, or notice to The Lender, which are hereby expressly waived and released. At any such

This e-copy is the official court record (GC68150)

sale, the Payee may purchase any or all of the property sold free from any claim or right of redemption of the Maker which are herby waived and released waived and released except as provided by law.

4. The Borrower agrees to execute whatever documents are required to give and or continue Lender's security interest in the collateral.

5. The Borrower agrees to pay the actual expenditures in any attempt to collect the amount due, including the cost of retaking, keeping, and storing any articles specified in any agreements, chattel mortgages, or conditional sale agreements given as collateral security or otherwise for this Note.

6. The Borrower agrees that if any legal action is necessary to enforce or collect this Note or any other obligations for non-0payment at maturity, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other relief to which that party any be entitled. This provision shall be applicable to the entire Note.

7. If any part of this Note is determined to be illegal or unenforceable, all other parts shall remain in effect.

8. Failure of The Borrower to pursue any right or remedy under this Note shall not constitute a waiver, release, or election of Payee's right to pursue the right or remedy on the basis of the same or a subsequent breach.

9. This Note shall be construed under the laws of the State of California, including the Uniform Commercial code as enacted and in force in the State of California.

IN WITNESS WHEREOF, The Borrower has sighed and delivered this Note Effective as of the date first set forth above.

Date: June 13, 2016
Borrower:

KS Aviation President          Shouchen Zhu

This e-copy is the official court record (GC68150)

# PROMISSORY NOTE

$30,000.00  Merced, California  6/10/2016

1. FOR VALUE RECEIVED, KS Aviation, Inc. (The "Borrower" hereafter) hereby Promises to pay to Hana Yoon, Inc(The "Lender" hereafter) the sum of Thirty Thousand dollars and 00/100. $30,000.00 plus interest starting on June 10, 2016 at the rate of 10% APR, to be paid by September 10, 2016.

2. The holder of the Note may, at its option, accelerate the maturity of this Note upon the occurrence of any of the fallowing events affection any of the parties to this Note, in which event the unpaid balance plus interest, shall become immediately due and payable without demand or notice.

   a. Failure of The Borrower to make any payment under this Note when it falls due;

   b. The filing of a petition in bankruptcy, either voluntary or involuntary, a petition for reorganization arrangement or other relief under the United State Bankruptcy Act, a voluntary petition for the appointment of receiver or comparable relief from creditors under the laws of any State, or the making by The Borrower of an assignment of all or substantially all of its assets for the benefit of creditors;

   c. The adjudication of The Borrower as a bankrupt or insolvent, the appointment of a receiver of all or substantially all of the Borrower's assents or the entry of an order of the reorganization of The Borrower under the United States Bankruptcy Act, if such adjudication, order, or appointment is made upon a petition filed against The Borrower and is not, within sixty (60) days after it is made, vacated or stayed on appeal or otherwise or if maker by any action or failure to act signifies its approval or consent to the order, appointment or petition;

   d. Assignment, mortgage, or pledge of accounts receivable or other property without the written consent of the holder thereof;

   e. Breach of any provision contained in the Security Agreement securing this Note.

3. Full power and authority is hereby given to The Borrower, in addition to other rights, to sell, assign, and deliver the whole or any part of that security property at public or private sale, without demand, advertisement, or notice to The Lender, which are hereby expressly waived and released. At any such

sale, the Payee may purchase any or all of the property sold free from any claim or right of redemption of the Maker which are herby waived and released waived and released except as provided by law.

4. The Borrower agrees to execute whatever documents are required to give and or continue Lender's security interest in the collateral.

5. The Borrower agrees to pay the actual expenditures in any attempt to collect the amount due, including the cost of retaking, keeping, and storing any articles specified in any agreements, chattel mortgages, or conditional sale agreements given as collateral security or otherwise for this Note.

6. The Borrower agrees that if any legal action is necessary to enforce or collect this Note or any other obligations for non-payment at maturity, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other relief to which that party any be entitled. This provision shall be applicable to the entire Note.

7. If any part of this Note is determined to be illegal or unenforceable, all other parts shall remain in effect.

8. Failure of The Borrower to pursue any right or remedy under this Note shall not constitute a waiver, release, or election of Payee's right to pursue the right or remedy on the basis of the same or a subsequent breach.

9. This Note shall be construed under the laws of the State of California, including the Uniform Commercial code as enacted and in force in the State of California.

IN WITNESS WHEREOF, The Borrower has sighed and delivered this Note Effective as of the date first set forth above.

Date: June 10, 2016
Borrower: KS Aviation, Inc.

_____
Sierra Academy President

_____
Hana Yoon, inc.

This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC68150)

# PROMISSORY NOTE

$15,000.00                     Merced, California

June 8, 2016

1.  FOR VALUE RECEIVED, KS Aviation, Inc. (The "Borrower" hereafter) hereby Promises to pay to **Hana Japan, Inc.** (The "Lender" hereafter) the sum of Fifteen thousand dollars and 00/100. $15,000.00 plus interest of $125 starting on June 8, 2016 at the rate of 10% APR, to be pay by September 8, 2016.

2.  The holder of the Note may, at its option, accelerate the maturity of this Note upon the occurrence of any of the following events affection any of the parties to this Note, in which event the unpaid balance plus interest, shall become immediately due and payable without demand or notice.

    a.  Failure of The Borrower to make any payment under this Note when it falls due;

    b.  The filing of a petition in bankruptcy, either voluntary or involuntary, a petition for reorganization arrangement or other relief under the United State Bankruptcy Act, a voluntary petition for the appointment of receiver or comparable relief from creditors under the laws of any State, or the making by The Borrower of an assignment of all or substantially all of its assets for the benefit of creditors;

    c.  The adjudication of The Borrower as a bankrupt or insolvent, the appointment of a receiver of all or substantially all of the Borrower's assents or the entry of an order of the reorganization of The Borrower under the United States Bankruptcy Act, if such adjudication, order, or appointment is made upon a petition filed against The Borrower and is not, within sixty (60) days after it is made, vacated or stayed on appeal or otherwise or if maker by any action or failure to act signifies its approval or consent to the order, appointment or petition;

    d.  Assignment, mortgage, or pledge of accounts receivable or other property without the written consent of the holder thereof;

    e.  Breach of any provision contained in the Security Agreement securing this Note.

3.  Full power and authority is hereby given to The Borrower, in addition to other rights, to sell, assign, and deliver the whole or any part of that security property at public or private sale, without demand, advertisement, or notice to The Lender, which are hereby expressly waived and released. At any such

sale, the Payee may purchase any or all of the property sold free from any claim or right of redemption of the Maker which are herby waived and released waived and released except as provided by law.

4. The Borrower agrees to execute whatever documents are required to give and or continue Lender's security interest in the collateral.

5. The Borrower agrees to pay the actual expenditures in any attempt to collect the amount due, including the cost of retaking, keeping, and storing any articles specified in any agreements, chattel mortgages, or conditional sale agreements given as collateral security or otherwise for this Note.

6. The Borrower agrees that if any legal action is necessary to enforce or collect this Note or any other obligations for non-0payment at maturity, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other relief to which that party any be entitled. This provision shall be applicable to the entire Note.

7. If any part of this Note is determined to be illegal or unenforceable, all other parts shall remain in effect.

8. Failure of The Borrower to pursue any right or remedy under this Note shall not constitute a waiver, release, or election of Payee's right to pursue the right or remedy on the basis of the same or a subsequent breach.

9. This Note shall be construed under the laws of the State of California, including the Uniform Commercial code as enacted and in force in the State of California.

IN WITNESS WHEREOF, The Borrower has sighed and delivered this Note Effective as of the date first set forth above.

Date: June 8, 2016
Borrower:

_____
Maria Hsueh, President

Hana Japan Corporation

This e-copy is the official court record (GC68150)

# PROMISSORY NOTE

$36,806.41        Merced, California        January 28, 2016

1.  FOR VALUE RECEIVED, KS Aviation, Inc. (The "Borrower" hereafter) hereby Promises to pay to **Sierra Air Center Develop LLC.** (The "Lender" hereafter) the sum of Thirty-six thousand eight hundred six dollars and 41/100. $36,806.41 plus interest of $306.72 starting on January 28, 2016 at the rate of 10% APR, to be pay by February 28, 2016.

2.  The holder of the Note may, at its option, accelerate the maturity of this Note upon the occurrence of any of the following events affection any of the parties to this Note, in which event the unpaid balance plus interest, shall become immediately due and payable without demand or notice.

    a.  Failure of The Borrower to make any payment under this Note when it falls due;

    b.  The filing of a petition in bankruptcy, either voluntary or involuntary, a petition for reorganization arrangement or other relief under the United State Bankruptcy Act, a voluntary petition for the appointment of receiver or comparable relief from creditors under the laws of any State, or the making by The Borrower of an assignment of all or substantially all of its assets for the benefit of creditors;

    c.  The adjudication of The Borrower as a bankrupt or insolvent, the appointment of a receiver of all or substantially all of the Borrower's assents or the entry of an order of the reorganization of The Borrower under the United States Bankruptcy Act, if such adjudication, order, or appointment is made upon a petition filed against The Borrower and is not, within sixty (60) days after it is made. vacated or stayed on appeal or otherwise or if maker by any action or failure to act signifies its approval or consent to the order, appointment or petition;

    d.  Assignment, mortgage, or pledge of accounts receivable or other property without the written consent of the holder thereof;

    e.  Breach of any provision contained in the Security Agreement securing this Note.

3.  Full power and authority is hereby given to The Borrower, in addition to other rights, to sell, assign, and deliver the whole or any part of that security property at public or private sale, without demand, advertisement, or notice to

This e-copy is the official court record (GC68150)

The Lender, which are hereby expressly waived and released. At any such sale, the Payee may purchase any or all of the property sold free from any claim or right of redemption of the Maker which are herby waived and released waived and released except as provided by law.

4. The Borrower agrees to execute whatever documents are required to give and or continue Lender's security interest in the collateral.

5. The Borrower agrees to pay the actual expenditures in any attempt to collect the amount due, including the cost of retaking, keeping, and storing any articles specified in any agreements, chattel mortgages, or conditional sale agreements given as collateral security or otherwise for this Note.

6. The Borrower agrees that if any legal action is necessary to enforce or collect this Note or any other obligations for non-0payment at maturity, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other relief to which that party any be entitled. This provision shall be applicable to the entire Note.

7. If any part of this Note is determined to be illegal or unenforceable, all other parts shall remain in effect.

8. Failure of The Borrower to pursue any right or remedy under this Note shall not constitute a waiver, release, or election of Payee's right to pursue the right or remedy on the basis of the same or a subsequent breach.

9. This Note shall be construed under the laws of the State of California, including the Uniform Commercial code as enacted and in force in the State of California.

IN WITNESS WHEREOF, The Borrower has sighed and delivered this Note Effective as of the date first set forth above.

Date: January 28, 2016
Borrower:

Ken Kwan, President

Sierra Air Center Develop LLC

This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC68150)

# PROMISSORY NOTE

$53,265.00

Merced, California

Borrowed date: June 13, 2013
Promissory Note date February 16, 2016

1. FOR VALUE RECEIVED, KS Aviation, Inc. (The "Borrower" hereafter) hereby Promises to pay to Jeenee Yoon (The "Lender" hereafter) the sum of Fifty-three thousand two hundred sixty-five dollars and 00/100. $53,265.00 plus interest of $15,536.07 starting on June 13, 2013 at the rate of 10% APR, to be pay by February 28, 2016.

2. The holder of the Note may, at its option, accelerate the maturity of this Note upon the occurrence of any of the following events affection any of the parties to this Note, in which event the unpaid balance plus interest, shall become immediately due and payable without demand or notice.

    a. Failure of The Borrower to make any payment under this Note when it falls due;

    b. The filing of a petition in bankruptcy, either voluntary or involuntary, a petition for reorganization arrangement or other relief under the United State Bankruptcy Act, a voluntary petition for the appointment of receiver or comparable relief from creditors under the laws of any State, or the making by The Borrower of an assignment of all or substantially all of its assets for the benefit of creditors;

    c. The adjudication of The Borrower as a bankrupt or insolvent, the appointment of a receiver of all or substantially all of the Borrower's assents or the entry of an order of the reorganization of The Borrower under the United States Bankruptcy Act, if such adjudication, order, or appointment is made upon a petition filed against The Borrower and is not, within sixty (60) days after it is made, vacated or stayed on appeal or otherwise or if maker by any action or failure to act *signifies its* approval or consent to the order, appointment or petition;

    d. Assignment, mortgage, or pledge of accounts receivable or other property without the written consent of the holder thereof;

    e. Breach of any provision contained in the Security Agreement securing this Note.

3. Full power and authority is hereby given to The Borrower, in addition to other rights, to sell, assign, and deliver the whole or any part of that security

property at public or private sale, without demand, advertisement, or notice to The Lender, which are hereby expressly waived and released. At any such sale, the Payee may purchase any or all of the property sold free from any claim or right of redemption of the Maker which are herby waived and released waived and released except as provided by law.

4.    The Borrower agrees to execute whatever documents are required to give and or continue Lender's security interest in the collateral.

5.    The Borrower agrees to pay the actual expenditures in any attempt to collect the amount due, including the cost of retaking, keeping, and storing any articles specified in any agreements, chattel mortgages, or conditional sale agreements given as collateral security or otherwise for this Note.

6.    The Borrower agrees that if any legal action is necessary to enforce or collect this Note or any other obligations for non-0payment at maturity, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other relief to which that party any be entitled. This provision shall be applicable to the entire Note.

7.    If any part of this Note is determined to be illegal or unenforceable, all other parts shall remain in effect.

8.    Failure of The Borrower to pursue any right or remedy under this Note shall not constitute a waiver, release, or election of Payee's right to pursue the right or remedy on the basis of the same or a subsequent breach.

9.    This Note shall be construed under the laws of the State of California, including the Uniform Commercial code as enacted and in force in the State of California.

IN WITNESS WHEREOF, The Borrower has signed and delivered this Note Effective as of the date first set forth above.

Original Borrowed date: June 13, 2013
Promissory Note issuing date: February 16, 2016
Borrower:

Ken Kwan, Current President

Jennee Yoon

Daniel B. Yoon, President at borrowed date

This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC68150)

# PROMISSORY NOTE

$406,689.26

Merced, California

May 20, 2016

1. FOR VALUE RECEIVED, KS Aviation, Inc. (The "Borrower" hereafter) hereby Promises to pay to **Dan Yoon** for compensation equate to John Yoon's compensation the sum of Four Hundred Six Thousand Six Hundred Eighty-nine dollars and 26/100.  $406,689.26 plus interest at the rate of 10 % APR.

2. The holder of the Note may, at its option, accelerate the maturity of this Note upon the occurrence of any of the following events affection any of the parties to this Note, in which event the unpaid balance plus interest, shall become immediately due and payable without demand or notice.

   a. Failure of The Borrower to make any payment under this Note when it falls due;

   b. The filing of a petition in bankruptcy, either voluntary or involuntary, a petition for reorganization arrangement or other relief under the United State Bankruptcy Act, a voluntary petition for the appointment of receiver or comparable relief from creditors under the laws of any State, or the making by The Borrower of an assignment of all or substantially all of its assets for the benefit of creditors;

   c. The adjudication of The Borrower as a bankrupt or insolvent, the appointment of a receiver of all or substantially all of the Borrower's assents or the entry of an order of the reorganization of The Borrower under the United States Bankruptcy Act, if such adjudication, order, or appointment is made upon a petition filed against The Borrower and is not, within sixty (60) days after it is made, vacated or stayed on appeal or otherwise or if maker by any action or failure to act signifies its approval or consent to the order, appointment or petition;

   d. Assignment, mortgage, or pledge of accounts receivable or other property without the written consent of the holder thereof;

   e. Breach of any provision contained in the Security Agreement securing this Note.

3. Full power and authority is hereby given to The Borrower, in addition to other rights, to sell, assign, and deliver the whole or any part of that security property at public or private sale, without demand, advertisement, or notice to The Lender, which are hereby expressly waived and released. At any such

This e-copy is the official court record (GC68150)

sale, the Payee may purchase any or all of the property sold free from any claim or right of redemption of the Maker which are herby waived and released waived and released except as provided by law.

4. The Borrower agrees to execute whatever documents are required to give and or continue Lender's security interest in the collateral.

5. The Borrower agrees to pay the actual expenditures in any attempt to collect the amount due, including the cost of retaking, keeping, and storing any articles specified in any agreements, chattel mortgages, or conditional sale agreements given as collateral security or otherwise for this Note.

6. The Borrower agrees that if any legal action is necessary to enforce or collect this Note or any other obligations for non-0payment at maturity, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other relief to which that party any be entitled. This provision shall be applicable to the entire Note.

7. If any part of this Note is determined to be illegal or unenforceable, all other parts shall remain in effect.

8. Failure of The Borrower to pursue any right or remedy under this Note shall not constitute a waiver, release, or election of Payee's right to pursue the right or remedy on the basis of the same or a subsequent breach.

9. This Note shall be construed under the laws of the State of California, including the Uniform Commercial code as enacted and in force in the State of California.

IN WITNESS WHEREOF, The Borrower has sighed and delivered this Note Effective as of the date first set forth above.

Date: May 20, 2016
Borrower:

KS Aviation *Maria Hsueh*  5/24/2016    Dan Yoon  5/20/2016

*Choi. CHUL MO*
Board Member  5/20/2016
*Dan Yoon*

This e-copy is the official court record (GC68150)

# PROMISSORY NOTE

$50,000.00                    Merced, California                    October 14, 2015

1.    FOR VALUE RECEIVED, KS Aviation, Inc. (The "Borrower" hereafter) hereby Promises to pay to Sierra Air Center Development, LLC (The "Lender" hereafter) the sum of Fifty Thousand dollars and 00/100. $50,000.00 plus interest starting on October 14, 2015 at the rate of 10 APR, to be pay by February 28, 2016.

2.    The holder of the Note may, at its option, accelerate the maturity of this Note upon the occurrence of any of the fallowing events affection any of the parties to this Note, in which event the unpaid balance plus interest, shall become immediately due and payable without demand or notice.

   a.  Failure of The Borrower to make any payment under this Note when it falls due;

   b.  The filing of a petition in bankruptcy, either voluntary or involuntary, a petition for reorganization arrangement or other relief under the United State Bankruptcy Act, a voluntary petition for the appointment of receiver or comparable relief from creditors under the laws of any State, or the making by The Borrower of an assignment of all or substantially all of its assets for the benefit of creditors;

   c.  The adjudication of The Borrower as a bankrupt or insolvent, the appointment of a receiver of all or substantially all of the Borrower's assents or the entry of an order of the reorganization of The Borrower under the United States Bankruptcy Act, if such adjudication, order, or appointment is made upon a petition filed against The Borrower and is not, within sixty (60) days after it is made, vacated or stayed on appeal or otherwise or if maker by any action or failure to act signifies its approval or consent to the order, appointment or petition;

   d.  Assignment, mortgage, or pledge of accounts receivable or other property without the written consent of the holder thereof;

   e.  Breach of any provision contained in the Security Agreement securing this Note.

3.    Full power and authority is hereby given to The Borrower, in addition to other rights, to sell, assign, and deliver the whole or any part of that security property at public or private sale, without demand, advertisement, or notice to The Lender, which are hereby expressly waived and released. At any such

sale, the Payee may purchase any or all of the property sold free from any claim or right of redemption of the Maker which are herby waived and released waived and released except as provided by law.

4. The Borrower agrees to execute whatever documents are required to give and or continue Lender's security interest in the collateral.

5. The Borrower agrees to pay the actual expenditures in any attempt to collect the amount due, including the cost of retaking, keeping, and storing any articles specified in any agreements, chattel mortgages, or conditional sale agreements given as collateral security or otherwise for this Note.

6. The Borrower agrees that if any legal action is necessary to enforce or collect this Note or any other obligations for non-0payment at maturity, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other relief to which that party any be entitled. This provision shall be applicable to the entire Note.

7. If any part of this Note is determined to be illegal or unenforceable, all other parts shall remain in effect.

8. Failure of The Borrower to pursue any right or remedy under this Note shall not constitute a waiver, release, or election of Payee's right to pursue the right or remedy on the basis of the same or a subsequent breach.

9. This Note shall be construed under the laws of the State of California, including the Uniform Commercial code as enacted and in force in the State of California.

IN WITNESS WHEREOF, The Borrower has sighed and delivered this Note Effective as of the date first set forth above.

Date: October 14, 2015
Borrower: KS Aviation, Inc.

Ken Kwan, President

This e-copy is the official court record (GC68150)

# PROMISSORY NOTE

$100,000.00                    Merced, California                    November 16, 2015

1.   FOR VALUE RECEIVED, KS Aviation, Inc. (The "Borrower" hereafter) hereby Promises to pay to **Jeenee Yoon** (The "Lender" hereafter) the sum of one hundred thousand dollars and 00/100. $100,000.00 plus interest of $2,937.50 starting on November 16, 2015 at the rate of 10 % APR, to be pay by February 28, 2016.

2.   The holder of the Note may, at its option, accelerate the maturity of this Note upon the occurrence of any of the following events affection any of the parties to this Note, in which event the unpaid balance plus interest, shall become immediately due and payable without demand or notice.

    a.   Failure of The Borrower to make any payment under this Note when it falls due;

    b.   The filing of a petition in bankruptcy, either voluntary or involuntary, a petition for reorganization arrangement or other relief under the United State Bankruptcy Act, a voluntary petition for the appointment of receiver or comparable relief from creditors under the laws of any State, or the making by The Borrower of an assignment of all or substantially all of its assets for the benefit of creditors;

    c.   The adjudication of The Borrower as a bankrupt or insolvent, the appointment of a receiver of all or substantially all of the Borrower's assents or the entry of an order of the reorganization of The Borrower under the United States Bankruptcy Act, if such adjudication, order, or appointment is made upon a petition filed against The Borrower and is not, within sixty (60) days after it is made, vacated or stayed on appeal or otherwise or if maker by any action or failure to act signifies its approval or consent to the order, appointment or petition;

    d.   Assignment, mortgage, or pledge of accounts receivable or other property without the written consent of the holder thereof;

    e.   Breach of any provision contained in the Security Agreement securing this Note.

3.        Full power and authority is hereby given to The Borrower, in addition to other rights, to sell, assign, and deliver the whole or any part of that security property at public or private sale, without demand, advertisement, or notice to The Lender, which are hereby expressly waived and released. At any such

This e-copy is the official court record (GC68150)

sale, the Payee may purchase any or all of the property sold free from any claim or right of redemption of the Maker which are herby waived and released waived and released except as provided by law.

4. The Borrower agrees to execute whatever documents are required to give and or continue Lender's security interest in the collateral.

5. The Borrower agrees to pay the actual expenditures in any attempt to collect the amount due, including the cost of retaking, keeping, and storing any articles specified in any agreements, chattel mortgages, or conditional sale agreements given as collateral security or otherwise for this Note.

6. The Borrower agrees that if any legal action is necessary to enforce or collect this Note or any other obligations for non-0payment at maturity, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other relief to which that party any be entitled. This provision shall be applicable to the entire Note.

7. If any part of this Note is determined to be illegal or unenforceable, all other parts shall remain in effect.

8. Failure of The Borrower to pursue any right or remedy under this Note shall not constitute a waiver, release, or election of Payee's right to pursue the right or remedy on the basis of the same or a subsequent breach.

9. This Note shall be construed under the laws of the State of California, including the Uniform Commercial code as enacted and in force in the State of California.

IN WITNESS WHEREOF, The Borrower has sighed and delivered this Note Effective as of the date first set forth above.

Date: November 16, 2015
Borrower:

Ken Kwan, President

Jeenee Yoon

This e-copy is the official court record (GC68150)

# PROMISSORY NOTE

$84,517.86          Merced, California          Borrowed date: February, 2014
Promissory Note date July 19, 2016

This e-copy is the official court record (GC68150)

1. FOR VALUE RECEIVED, KS Aviation, Inc. (The "Borrower" hereafter) hereby Promises to pay to **Jeenee Yoon** (The "Lender" hereafter) the sum of Eighty-Four Thousand Five Hundred Seventeen dollars and 86/100. $84,517.86 plus interest starting on February 2014 at the rate of 10% APR.

2. The holder of the Note may, at its option, accelerate the maturity of this Note upon the occurrence of any of the following events affection any of the parties to this Note, in which event the unpaid balance plus interest, shall become immediately due and payable without demand or notice.

   a. Failure of The Borrower to make any payment under this Note when it falls due;

   b. The filing of a petition in bankruptcy, either voluntary or involuntary, a petition for reorganization arrangement or other relief under the United State Bankruptcy Act, a voluntary petition for the appointment of receiver or comparable relief from creditors under the laws of any State, or the making by The Borrower of an assignment of all or substantially all of its assets for the benefit of creditors;

   c. The adjudication of The Borrower as a bankrupt or insolvent, the appointment of a receiver of all or substantially all of the Borrower's assents or the entry of an order of the reorganization of The Borrower under the United States Bankruptcy Act, if such adjudication, order, or appointment is made upon a petition filed against The Borrower and is not, within sixty (60) days after it is made, vacated or stayed on appeal or otherwise or if maker by any action or failure to act signifies its approval or consent to the order, appointment or petition;

   d. Assignment, mortgage, or pledge of accounts receivable or other property without the written consent of the holder thereof;

   e. Breach of any provision contained in the Security Agreement securing this Note.

3. Full power and authority is hereby given to The Borrower, in addition to other rights, to sell, assign, and deliver the whole or any part of that security property at public or private sale, without demand, advertisement, or notice to

The Lender, which are hereby expressly waived and released. At any such sale, the Payee may purchase any or all of the property sold free from any claim or right of redemption of the Maker which are herby waived and released waived and released except as provided by law.

4.　　The Borrower agrees to execute whatever documents are required to give and or continue Lender's security interest in the collateral.

5.　　The Borrower agrees to pay the actual expenditures in any attempt to collect the amount due, including the cost of retaking, keeping, and storing any articles specified in any agreements, chattel mortgages, or conditional sale agreements given as collateral security or otherwise for this Note.

6.　　The Borrower agrees that if any legal action is necessary to enforce or collect this Note or any other obligations for non-0payment at maturity, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other relief to which that party any be entitled. This provision shall be applicable to the entire Note.

7.　　If any part of this Note is determined to be illegal or unenforceable, all other parts shall remain in effect.

8.　　Failure of The Borrower to pursue any right or remedy under this Note shall not constitute a waiver, release, or election of Payee's right to pursue the right or remedy on the basis of the same or a subsequent breach.

9.　　This Note shall be construed under the laws of the State of California, including the Uniform Commercial code as enacted and in force in the State of California.

IN WITNESS WHEREOF, The Borrower has sighed and delivered this Note Effective as of the date first set forth above.

Original Borrowed date: February 2014
Promissory Note issuing date: July 19, 2016
Borrower:

_____
Maria Hsueh, Current President

_____
Daniel B. Yoon, President at borrowed date

_____
Accountant

This e-copy is the official court record (GC68150)

DANIEL B YOON
JEENEE S YOON
11933 DUBLIN CANYON RD
PLEASANTON, CA 94588

2117

90-78/1211

2/6/2014
DATE

PAY TO THE ORDER OF Merced County - Castle Airport $ 84,517.86

Eighty four thousand five hundred seventeen 86/100 DOLLARS

Dublin Office
7533 DUBLIN BLVD.
DUBLIN, CA 94568
1-800-488-2265

BANK WEST

FOR Building #4928/Acc No 0230

⑈121100782⑈ 622024610⑈ 02117

---

RECEIPT

DATE 2/6/14

No. 336183

RECEIVED FROM Sierra Academy of Aeronautics

Dan Yoon Personal Check

$ 84,517.86

Eighty Five Thousand Five Hundred & Seventeen & 86/100 DOLLARS

FOR Property tax

From Dan Yoon

ACCOUNT

PAYMENT

BAL. DUE

○ CASH

MONEY ORDER

✓ CHECK

CREDIT CARD

FROM

TO

BY Dan Yoon

This e-copy is the official court record (GC68150)

# PROMISSORY NOTE

$20,000.00        Merced, California       April 2015

1.    FOR VALUE RECEIVED, KS Aviation, Inc. (The "Borrower" hereafter) hereby Promises to pay to **Hana Japan** – Paid to Angel Hernandez Construction (The "Lender" hereafter) the sum of Twenty thousand dollars and 00/100. $20,000.00 plus interest of $1,858.33 starting on April 2015 at the rate of 10 % APR, to be pay by February 28, 2016.

2.    The holder of the Note may, at its option, accelerate the maturity of this Note upon the occurrence of any of the following events affection any of the parties to this Note, in which event the unpaid balance plus interest, shall become immediately due and payable without demand or notice.

     a.   Failure of The Borrower to make any payment under this Note when it falls due;

     b.   The filing of a petition in bankruptcy, either voluntary or involuntary, a petition for reorganization arrangement or other relief under the United State Bankruptcy Act, a voluntary petition for the appointment of receiver or comparable relief from creditors under the laws of any State, or the making by The Borrower of an assignment of all or substantially all of its assets for the benefit of creditors;

     c.   The adjudication of The Borrower as a bankrupt or insolvent, the appointment of a receiver of all or substantially all of the Borrower's assents or the entry of an order of the reorganization of The Borrower under the United States Bankruptcy Act, if such adjudication, order, or appointment is made upon a petition filed against The Borrower and is not, within sixty (60) days after it is made, vacated or stayed on appeal or otherwise or if maker by any action or failure to act signifies its approval or consent to the order, appointment or petition;

     d.   Assignment, mortgage, or pledge of accounts receivable or other property without the written consent of the holder thereof;

     e.   Breach of any provision contained in the Security Agreement securing this Note.

3.    Full power and authority is hereby given to The Borrower, in addition to other rights, to sell, assign, and deliver the whole or any part of that security property at public or private sale, without demand, advertisement, or notice to

This e-copy is the official court record (GC68150)

The Lender, which are hereby expressly waived and released. At any such sale, the Payee may purchase any or all of the property sold free from any claim or right of redemption of the Maker which are herby waived and released waived and released except as provided by law.

4.  The Borrower agrees to execute whatever documents are required to give and or continue Lender's security interest in the collateral.

5.  The Borrower agrees to pay the actual expenditures in any attempt to collect the amount due, including the cost of retaking, keeping, and storing any articles specified in any agreements, chattel mortgages, or conditional sale agreements given as collateral security or otherwise for this Note.

6.  The Borrower agrees that if any legal action is necessary to enforce or collect this Note or any other obligations for non-0payment at maturity, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other relief to which that party any be entitled. This provision shall be applicable to the entire Note.

7.  If any part of this Note is determined to be illegal or unenforceable, all other parts shall remain in effect.

8.  Failure of The Borrower to pursue any right or remedy under this Note shall not constitute a waiver, release, or election of Payee's right to pursue the right or remedy on the basis of the same or a subsequent breach.

9.  This Note shall be construed under the laws of the State of California, including the Uniform Commercial code as enacted and in force in the State of California.

IN WITNESS WHEREOF, The Borrower has sighed and delivered this Note Effective as of the date first set forth above.

Date: April 2015
Borrower:

_Sierra Academy_

_Hana Japan_

Promissory Note
Sierra Air Center Develop LLC
Date: April 2015

Principal

$ 20,000.00

| Year | Interest (10%) | Balance |
|---|---|---|
| 12/31/2015 | $ 1,500.00 | $ 21,500.00 |
| 2/28/2016 | $ 358.33 | $ 21,858.33 |
| | | |
| | | |
| Total Interest | $ 1,858.33 | |

This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC68150)

# PROMISSORY NOTE

$20,000.00        Merced, California       May 2015

1.     FOR VALUE RECEIVED, KS Aviation, Inc. (The "Borrower" hereafter) hereby Promises to pay to **Hana Japan** – Paid to Angel Hernandez Construction (The "Lender" hereafter) the sum of Twenty thousand dollars and 00/100. $20,000.00 plus interest of $1,688.89 starting on May 2015 at the rate of 10 % APR, to be pay by February 28, 2016.

2.     The holder of the Note may, at its option, accelerate the maturity of this Note upon the occurrence of any of the following events affection any of the parties to this Note, in which event the unpaid balance plus interest, shall become immediately due and payable without demand or notice.

     a.  Failure of The Borrower to make any payment under this Note when it falls due;

     b.  The filing of a petition in bankruptcy, either voluntary or involuntary, a petition for reorganization arrangement or other relief under the United State Bankruptcy Act, a voluntary petition for the appointment of receiver or comparable relief from creditors under the laws of any State, or the making by The Borrower of an assignment of all or substantially all of its assets for the benefit of creditors;

     c.  The adjudication of The Borrower as a bankrupt or insolvent, the appointment of a receiver of all or substantially all of the Borrower's assents or the entry of an order of the reorganization of The Borrower under the United States Bankruptcy Act, if such adjudication, order, or appointment is made upon a petition filed against The Borrower and is not, within sixty (60) days after it is made, vacated or stayed on appeal or otherwise or if maker by any action or failure to act signifies its approval or consent to the order, appointment or petition;

     d.  Assignment, mortgage, or pledge of accounts receivable or other property without the written consent of the holder thereof;

     e.  Breach of any provision contained in the Security Agreement securing this Note.

3.     Full power and authority is hereby given to The Borrower, in addition to other rights, to sell, assign, and deliver the whole or any part of that security property at public or private sale, without demand, advertisement, or notice to

The Lender, which are hereby expressly waived and released. At any such sale, the Payee may purchase any or all of the property sold free from any claim or right of redemption of the Maker which are herby waived and released waived and released except as provided by law.

4. The Borrower agrees to execute whatever documents are required to give and or continue Lender's security interest in the collateral.

5. The Borrower agrees to pay the actual expenditures in any attempt to collect the amount due, including the cost of retaking, keeping, and storing any articles specified in any agreements, chattel mortgages, or conditional sale agreements given as collateral security or otherwise for this Note.

6. The Borrower agrees that if any legal action is necessary to enforce or collect this Note or any other obligations for non-0payment at maturity, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other relief to which that party any be entitled. This provision shall be applicable to the entire Note.

7. If any part of this Note is determined to be illegal or unenforceable, all other parts shall remain in effect.

8. Failure of The Borrower to pursue any right or remedy under this Note shall not constitute a waiver, release, or election of Payee's right to pursue the right or remedy on the basis of the same or a subsequent breach.

9. This Note shall be construed under the laws of the State of California, including the Uniform Commercial code as enacted and in force in the State of California.

IN WITNESS WHEREOF, The Borrower has sighed and delivered this Note Effective as of the date first set forth above.

Date: May 2015
Borrower:

_____
Sierra Academy

Hana Japan

This e-copy is the official court record (GC68150)

**Promissory Note**
**Sierra Air Center Develop LLC**
**Date: May 2015**

This e-copy is the official court record (GC68150)

Principal                                          $         20,000.00

| Year | Interest (10%) | | Balance | |
|---|---|---|---|---|
| 12/31/2015 | $ | 1,333.33 | $ | 21,333.33 |
| 2/28/2016 | $ | 355.56 | $ | 21,688.89 |
|  |  |  |  |  |
|  |  |  |  |  |
| Total Interest | $ | 1,688.89 |  |  |

This e-copy is the official court record (GC68150)

# PROMISSORY NOTE

$19,000.00        Merced, California        2014

1.    FOR VALUE RECEIVED, KS Aviation, Inc. (The "Borrower" hereafter) hereby Promises to pay to **Hana Yoon** (The "Lender" hereafter) the sum of Nineteen thousand dollars and 00/100. $19,000.00 plus interest starting in 2014 at the rate of 10 % APR, to be pay by February 28, 2016.

2.    The holder of the Note may, at its option, accelerate the maturity of this Note upon the occurrence of any of the following events affection any of the parties to this Note, in which event the unpaid balance plus interest, shall become immediately due and payable without demand or notice.

     a.   Failure of The Borrower to make any payment under this Note when it falls due;

     b.   The filing of a petition in bankruptcy, either voluntary or involuntary, a petition for reorganization arrangement or other relief under the United State Bankruptcy Act, a voluntary petition for the appointment of receiver or comparable relief from creditors under the laws of any State, or the making by The Borrower of an assignment of all or substantially all of its assets for the benefit of creditors;

     c.   The adjudication of The Borrower as a bankrupt or insolvent, the appointment of a receiver of all or substantially all of the Borrower's assents or the entry of an order of the reorganization of The Borrower under the United States Bankruptcy Act, if such adjudication, order, or appointment is made upon a petition filed against The Borrower and is not, within sixty (60) days after it is made, vacated or stayed on appeal or otherwise or if maker by any action or failure to act signifies its approval or consent to the order, appointment or petition;

     d.   Assignment, mortgage, or pledge of accounts receivable or other property without the written consent of the holder thereof;

     e.   Breach of any provision contained in the Security Agreement securing this Note.

3.    Full power and authority is hereby given to The Borrower, in addition to other rights, to sell, assign, and deliver the whole or any part of that security property at public or private sale, without demand, advertisement, or notice to The Lender, which are hereby expressly waived and released. At any such

This e-copy is the official court record (GC68150)

sale, the Payee may purchase any or all of the property sold free from any claim or right of redemption of the Maker which are herby waived and released waived and released except as provided by law.

4.  The Borrower agrees to execute whatever documents are required to give and or continue Lender's security interest in the collateral.

5.  The Borrower agrees to pay the actual expenditures in any attempt to collect the amount due, including the cost of retaking, keeping, and storing any articles specified in any agreements, chattel mortgages, or conditional sale agreements given as collateral security or otherwise for this Note.

6.  The Borrower agrees that if any legal action is necessary to enforce or collect this Note or any other obligations for non-0payment at maturity, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other relief to which that party any be entitled. This provision shall be applicable to the entire Note.

7.  If any part of this Note is determined to be illegal or unenforceable, all other parts shall remain in effect.

8.  Failure of The Borrower to pursue any right or remedy under this Note shall not constitute a waiver, release, or election of Payee's right to pursue the right or remedy on the basis of the same or a subsequent breach.

9.  This Note shall be construed under the laws of the State of California, including the Uniform Commercial code as enacted and in force in the State of California.

IN WITNESS WHEREOF, The Borrower has sighed and delivered this Note Effective as of the date first set forth above.

Date: 2014
Borrower:

_____
Sierra Academy

_____
Hana Yoon

This e-copy is the official court record (GC68150)

# PROMISSORY NOTE

$255,670

Merced, California

August 26, 2010

1.  FOR VALUE RECEIVED, KS Aviation, Inc. (The "Borrower" hereafter) herby Promises to pay to Dan Yoon (The "Lender" hereafter) the sum of Two Hundred And Fifty Five Thousand, Six Hundred and Seventy Dollars and 00/100. ($255,670) with interest from August 27, 2010 to August 26, 2011 at the rate of 7 percent per annum, payable monthly installment of Five Thousand, Three Hundred and Twenty Six Dollars and 46/100 ($5,326.46) at which time the then remaining unpaid principal balance and accrued interest shall become due and payable in full. This Promissory Note may be prepaid in whole or in part at any time, without premium or penalty on or before August 26, 2011.

2.  The holder of the Note may, at its option, accelerate the maturity of this Note upon the occurrence of any of the fallowing events affection any of the parties to this Note, in which event the unpaid balance plus interest, shall become immediately due and payable without demand or notice.

    a.  Failure of The Borrower to make any payment under this Note when it falls due;

    b.  The filing of a petition in bankruptcy, either voluntary or involuntary, a petition for reorganization arrangement or other relief under the United State Bankruptcy Act, a voluntary petition for the appointment of receiver or comparable relief from creditors under the laws of any State, or the making by The Borrower of an assignment of all or substantially all of its assets for the benefit of creditors;

    c.  The adjudication of The Borrower as a bankrupt or insolvent, the appointment of a receiver of all or substantially all of the Borrower's assents or the entry of an order of the reorganization of The Borrower under the United States Bankruptcy Act, if such adjudication, order, or appointment is made upon a petition filed against The Borrower and is not, within sixty (60) days after it is made, vacated or stayed on appeal or otherwise or if maker by any action or failure to act signifies its approval or consent to the order, appointment or petition;

    d.  Assignment, mortgage, or pledge of accounts receivable or other property without the written consent of the holder thereof;

    e.  Breach of any provision contained in the Security Agreement securing this Note.

This e-copy is the official court record (GC68150)

3. Full power and authority is hereby given to The Borrower, in addition to other rights, to sell, assign, and deliver the whole or any part of that security property at public or private sale, without demand, advertisement, or notice to The Lender, which are hereby expressly waived and released. At any such sale, the Payee may purchase any or all of the property sold free from any claim or right of redemption of the Maker which are herby waived and released waived and released except as provided by law.

4. The Borrower agrees to execute whatever documents are required to give and or continue Lender's security interest in the collateral.

5. The Borrower agrees to pay the actual expenditures in any attempt to collect the amount due, including the cost of retaking, keeping, and storing any articles specified in any agreements, chattel mortgages, or conditional sale agreements given as collateral security or otherwise for this Note.

6. The Borrower agrees that if any legal action is necessary to enforce or collect this Note or any other obligations for non-0payment at maturity, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other relief to which that party any be entitled. This provision shall be applicable to the entire Note.

7. If any part of this Note is determined to be illegal or unenforceable, all other parts shall remain in effect.

8. Failure of The Borrower to pursue any right or remedy under this Note shall not constitute a waiver, release, or election of Payee's right to pursue the right or remedy on the basis of the same or a subsequent breach.

9. This Note shall be construed under the laws of the State of California, including the Uniform Commercial code as enacted and in force in the State of California.

IN WITNESS WHEREOF, The Borrower has sighed and delivered this Note Effective as of the date first set forth above.

Date: August 26, 2010
Borrower:

Dan Yoon 8/26/1

John Yoon 08/26/2010

This e-copy is the official court record (GC68150)

# PROMISSORY NOTE

$656,710

Merced, California

December 31, 2009

1. FOR VALUE RECEIVED, KS Aviation, Inc. (The "Borrower" hereafter) herby Promises to pay to Dan Yoon (The "Lender" hereafter) the sum of Six Hundred and Fifty Six Thousand, Seven Hundred and Ten Dollars and 00/100 ($656,710) with interest from January 1, 2010 to December 31, 2014 at the rate of 7 percent per annum, payable monthly installment of Eight Thousand, Five Hundred and Forty Eight Dollars and 38/100 ($8,548.38) at which time the then remaining unpaid principal balance and accrued interest shall become due and payable in full. This Promissory Note may be prepaid in whole or in part at any time, without premium or penalty on or before December 31,2014.

2. The holder of the Note may, at its option, accelerate the maturity of this Note upon the occurrence of any of the fallowing events affection any of the parties to this Note, in which event the unpaid balance plus interest, shall become immediately due and payable without demand or notice.

   a. Failure of The Borrower to make any payment under this Note when it falls due;

   b. The filing of a petition in bankruptcy, either voluntary or involuntary, a petition for reorganization arrangement or other relief under the United State Bankruptcy Act, a voluntary petition for the appointment of receiver or comparable relief from creditors under the laws of any State, or the making by The Borrower of an assignment of all or substantially all of its assets for the benefit of creditors;

   c. The adjudication of The Borrower as a bankrupt or insolvent, the appointment of a receiver of all or substantially all of the Borrower's assents or the entry of an order of the reorganization of The Borrower under the United States Bankruptcy Act, if such adjudication, order, or appointment is made upon a petition filed against The Borrower and is not, within sixty (60) days after it is made, vacated or stayed on appeal or otherwise or if maker by any action or failure to act signifies its approval or consent to the order, appointment or petition;

   d. Assignment, mortgage, or pledge of accounts receivable or other property without the written consent of the holder thereof;

   e. Breach of any provision contained in the Security Agreement securing this Note.

This e-copy is the official court record (GC68150)

3.  Full power and authority is hereby given to The Borrower, in addition to other rights, to sell, assign, and deliver the whole or any part of that security property at public or private sale, without demand, advertisement, or notice to The Lender, which are hereby expressly waived and released. At any such sale, the Payee may purchase any or all of the property sold free from any claim or right of redemption of the Maker which are herby waived and released waived and released except as provided by law.

4.  The Borrower agrees to execute whatever documents are required to give and or continue Lender's security interest in the collateral.

5.  The Borrower agrees to pay the actual expenditures in any attempt to collect the amount due, including the cost of retaking, keeping, and storing any articles specified in any agreements, chattel mortgages, or conditional sale agreements given as collateral security or otherwise for this Note.

6.  The Borrower agrees that if any legal action is necessary to enforce or collect this Note or any other obligations for non-0payment at maturity, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other relief to which that party any be entitled. This provision shall be applicable to the entire Note.

7.  If any part of this Note is determined to be illegal or unenforceable, all other parts shall remain in effect.

8.  Failure of The Borrower to pursue any right or remedy under this Note shall not constitute a waiver, release, or election of Payee's right to pursue the right or remedy on the basis of the same or a subsequent breach.

9.  This Note shall be construed under the laws of the State of California, including the Uniform Commercial code as enacted and in force in the State of California.

    IN WITNESS WHEREOF, The Borrower has sighed and delivered this Note Effective as of the date first set forth above.

    Date: December 31, 2009
    Borrower:

    _____  8/26/10          _____  8/26/1
    Dan Yoon                                 John Yoon

# PROMISSORY NOTE

$ 270,000

Merced, California

December 30, 2008

1.     FOR VALUE RECEIVED, John Yoon (The "Borrower" hereafter) hereby promises to pay to Dan Yoon (The "Lender" hereafter) at 3515 Hardstand Avenue, Suite B, Atwater, California 95301, in United States Dollars, the sum of Two Hundred Seventy Thousand Dollars and 00/100 ($270,000.00) with interest from January 31, 2009 to December 31, 2013 at the rate of 4 percent per annum, payable monthly installment of Four Thousand Nine Hundred Seventy Two Dollars and 46/100 ($4,972.46) at which time the then remaining unpaid principal balance and accrued interest shall become due and payable in full. This Promissory Note may be prepaid in whole or in part at any time, without premium or penalty on or before December 31, 2013.

2.     The holder of this Note may, at its option, accelerate the maturity of this Note upon the occurrence of any of the following events affecting any of the parties to this Note, in which event the unpaid balance plus interest, shall become immediately due and payable without demand or notice:

     a.   Failure of The Borrower to make any payment under this Note when it falls due;

     b.   The filing of a petition in bankruptcy, either voluntary or involuntary, a petition for reorganization arrangement or other relief under the United State Bankruptcy Act, a voluntary petition for the appointment of a receiver or comparable relief from creditors under the laws of any State, or the making by The Borrower of an assignment of all or substantially all of its assets for the benefit of creditors;

     c.   The adjudication of The Borrower as a bankrupt or insolvent, the appointment of a receiver of all or substantially all of The Borrower's assets, or the entry of an order of the reorganization of The Borrower under the United States Bankruptcy Act, if such adjudication, order, or appointment is made upon a petition filed against The Borrower and is not, within sixty (60) days after it is made, vacated or stayed on appeal or otherwise or if maker by any action or failure to act signifies its approval or consent to the order, appointment or petition;

     d.   Assignment, mortgage, or pledge of accounts receivable or other property without the written consent of the holder thereof;

This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC68150)

e. Breach of any provision contained in the Security Agreement securing this Note.

3. Full power and authority is hereby given to The Borrower, in addition to other rights, to sell, assign, and deliver the whole or any part of that security property at public or private sale, without demand, advertisement, or notice to The Lender, which are hereby expressly waived and released. At any such sale, the Payee may purchase any or all of the property sold free from any claim or right of redemption of the Maker which are hereby waived and released waived and released except as provided by law.

4. The Borrower agrees to execute whatever documents are required to give and / or continue Lender's security interest in the collateral.

5. The Borrower agrees to pay the actual expenditures in any attempt to collect the amount due, including the cost of retaking, keeping, and storing any articles specified in any agreements, chattel mortgages, or conditional sale agreements given as collateral security or otherwise for this Note.

6. The Borrower agrees that if any legal action is necessary to enforce or collect this Note or any other obligations for non – payment at maturity, the prevailing party shall be entitled to reasonable attorneys 's fees in addition to any other relief to which that party any be entitled. This provision shall be applicable to the entire Note.

7. If any part of this Note is determined to be illegal or unenforceable, all other parts shall remain in effect.

8. Failure of The Borrower to pursue any right or remedy under this Note shall not constitute a waiver, release, or election of Payee's right to pursue the right or remedy on the basis of the same or a subsequent breach.

9. This Note shall be construed under the laws of the State of California, including the Uniform Commercial Code as enacted and in force in the State of California.

IN WITNESS WHEREOF, The Borrower has signed and delivered this Note effective as of the date first set forth above.

DATE: December 30, 2008

Borrower:

John Yoon

This e-copy is the official court record (GC68150)

# PROMISSORY NOTE

$603,713.04

Date: December 30, 2005

For value received, the undersigned KS Aviation, Inc. d/b/a Sierra Academy of Aeronautics - International Training Center (the "Borrower"), at 550 Airway Blvd., Livermore, California 94551, promises to pay to the order of Daniel B. Yoon, (the "Lender"), at 9452 Thunder Bird Place, San Ramon, California 94583, (or at such other place as the Lender may designate in writing) the sum of $603,713.04 with interest from January 01, 2006, on the unpaid principal at the rate of 8.00% per annum.

The unpaid principal and accrued interest shall be payable in full on January 31, 2008 (the "Due Date") or purchase of KS Aviation, Inc. stock at the rate of $100,000 dollars equals 4% of stocks, will be offered to Daniel B. Yoon.

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty.

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

1) the failure of the Borrower to pay the principal and any accrued interest in full on or before the Due Date;

2) the death of the Borrower or Lender;

3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

4) the application for the appointment of a receiver for the Borrower;

5) the making of a general assignment for the benefit of the Borrower's creditors;

6) the insolvency of the Borrower;

This e-copy is the official court record (GC68150)

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit.

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and nonpayment of this Note.

No renewal or extension of this Note, delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note shall affect the liability or the obligations of the Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This Note shall be construed in accordance with the laws of the State of California.

Signed this **30**[TH] day of **DECEMBER, 2005**, at _, **LIVERMORE, CALIFORNIA.** .

Borrower:
KS Aviation, Inc. d/b/a Sierra Academy of Aeronautics - International Training Center

By: _____
 **John YK. Yoon**

By: _____
 **Daniel B Yoon**