# **EXHIBIT D**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:

Bruce J. Hendricks      SBN: 57278
CALLISTER, HENDRICKS & SPENCER
544 West 20th Street
Merced, CA 95340

TELEPHONE NO.: (209) 722-8126    FAX NO.*(Optional)*: (209) 722-0672
E-MAIL ADDRESS *(Optional)*: bhendricks@chslaw.org
ATTORNEY FOR *(Name)*: Cross-Complainants

**FOR COURT USE ONLY**

FILED
Merced Superior Court
4/11/2017 3:16:27 PM
Linda Romero Soles
Clerk of the Superior Court
By: Elvira Cardenas, Deputy

This e-copy is the official court record (GC68150)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** MERCED
STREET ADDRESS: 627 West 21st Street
MAILING ADDRESS:
CITY AND ZIP CODE: Merced, CA 95340
BRANCH NAME:

PLAINTIFF: K.S. AVIATION, INC., A California Corporation, and
JOHN YK YOON, an individual

DEFENDANT: DAN YOON, and

☒ DOES 11 to 25

**CONTRACT**

☐ COMPLAINT     ☐ AMENDED COMPLAINT *(Number)*:

☒ CROSS-COMPLAINT     ☐ AMENDED CROSS-COMPLAINT *(Number)*:

CASE NUMBER:
17CV-00630

**Jurisdiction** *(check all that apply)*:
☐ **ACTION IS A LIMITED CIVIL CASE**
   **Amount demanded**    ☐ does not exceed $10,000
                     ☐ exceeds $10,000 but does not exceed $25,000
☒ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
☐ **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint
   ☐ from limited to unlimited
   ☐ from unlimited to limited

1. **Plaintiff\*** *(name or names)*: Cross-Complainants K.S. AVIATION, INC. and JOHN YK YOON

    alleges causes of action against **defendant\*** *(name or names)*: Cross-Defendant DAN YOON, and DOES 11-25

2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. a. Each plaintiff named above is a competent adult
     ☒ **except** plaintiff *(name)*: Cross-Complainant K.S. AVIATION, INC.
        (1) ☒ a corporation qualified to do business in California
        (2) ☐ an unincorporated entity *(describe)*:
        (3) ☐ other *(specify)*:

   b. ☐ Plaintiff *(name)*:
      a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify)*:

      b. ☐ has complied with all licensing requirements as a licensed *(specify)*:
   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
     ☒ **except** defendant *(name)*:               ☒ **except** defendant *(name)*:
      DOE 11                               DOE 12
      (1) ☒ a business organization, form unknown     (1) ☒ a business organization, form unknown
      (2) ☐ a corporation                             (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:       (3) ☐ an unincorporated entity *(describe)*:

      (4) ☐ a public entity *(describe)*:             (4) ☐ a public entity *(describe)*:

      (5) ☐ other *(specify)*:                    (5) ☐ other *(specify)*:

*\*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.*

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

**COMPLAINT - Contract**

Code of Civil Procedure, § 425.12

Case: 20-04021    Doc# 7    Filed: 03/04/20    Entered: 05/01/20 16:07:30    Page 2 of 13

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| K.S. AVIATION, INC. vs. YOON | 17CV-00630 |

This e-copy is the official court record (GC68150)

4. *(Continued)*

   b. The true names of defendants sued as Does are unknown to plaintiff.

     (1) ☒ Doe defendants *(specify Doe numbers):*   11-18   were the agents or employees of the named defendants and acted within the scope of that agency or employment.

     (2) ☒ Doe defendants *(specify Doe numbers):*   19-25   are persons whose capacities are unknown to plaintiff.

   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, **and**

   a. ☐ has complied with applicable claims statutes, *or*

   b. ☐ is excused from complying because *(specify)* :

6. ☐ This action is subject to   ☐ Civil Code section 1812.10   ☐ Civil Code section 2984.4.

7. This court is the proper court because

   a. ☐ a defendant entered into the contract here.

   b. ☐ a defendant lived here when the contract was entered into.

   c. ☐ a defendant lives here now.

   d. ☒ the contract was to be performed here.

   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.

   f. ☐ real property that is the subject of this action is located here.

   g. ☒ other *(specify)* :

     Plaintiff's action is pending here.

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)* :

   ☒ Breach of Contract

   ☐ Common Counts

   ☐ Other *(specify)* :

9. ☒ Other allegations:   Based on such Agreement with Cross-Defendant DAN YOON, he is obligated to indemnify Cross-Complainants

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

   a. ☒ damages of: $   According to proof

   b. ☒ interest on the damages

     (1) ☒ according to proof

     (2) ☐ at the rate of  *(specify):*   percent per year from *(date)* :

   c. ☒ attorney's fees

     (1) ☐ of: $

     (2) ☒ according to proof.

   d. ☐ other *(specify)* :

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers)* :

Date: April 11, 2017

Bruce J. Hendricks
(TYPE OR PRINT NAME)

► _(signature)_
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| KS AVIATION, INC. vs. YOON | 17CV-00630 |

This e-copy is the official court record (GC68150)

_____FIRST_____  **CAUSE OF ACTION-Breach of Contract**
(number)

ATTACHMENT TO ☐ Complaint   ☒ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name)*:   Cross-Complainant KS AVIATION, INC. and JOHN YK YOON

      alleges that on or about *(date)*:   September 3, 2016
      a ☒ written   ☐ oral   ☐ other *(specify)*:
      agreement was made between *(name parties to agreement)*:   Plaintiff and JOHN YK YOON

      ☒ A copy of the agreement is attached as Exhibit A, or
      ☐ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☐ are as follows *(specify)*:

BC-2. On or about *(dates)*: February _____, 2016
      defendant breached the agreement by ☐ the acts specified in Attachment BC-2 ☒ the following acts
      *(specify)*:

      Filing the Complaint herein without complying with the provisions of such Agreement (Paragraph (2))

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
      excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
      ☐ as stated in Attachment BC-4 ☒ as follows *(specify)*:

      Cross-Defendant is seeking damages prematuraly because it has not yet been determined which
      obligations of Cross-Complainant to Cross-Defendant, if any, are proper as provided in such Agreemen
      Further, Cross-Defendant is obligated to indemnify Cross-Complainants for all damages sustained by
      Cross-Complainants, if any.

BC-5. ☒ Plaintiff is entitled to attorney fees by an agreement or a statute
      ☐ of $
      ☒ according to proof.
BC-6. ☐ Other:

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]
**CAUSE OF ACTION-Breach of Contract**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Martin Dean's
ESSENTIAL FORMS

This e-copy is the official court record (GC68150)

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (hereafter referred to as the "Agreement") is entered into as of September 2, 2016, by and between, John Yoon, an individual, (hereinafter "John"), on the one hand and Dan Yoon, an individual, (hereinafter referred to as "Dan") on the other hand. John and Dan may hereinafter collectively be referred to as the "Parties" in this Agreement.

### RECITALS

A.      On or about June 29, 2015, John filed an action in Merced County Court Case No.: 15CV-01844 against Dan and other entities including KS Aviation, Inc., and on or about July 7, 2015, Dan filed an action in Merced County Court Case No.: 15CV-01903 against John. Both cases are pending at this time in the same court.

B.      The Parties to this Agreement hereby wish to and intend to resolve any and all disputes between them underlying or within the Actions and any and all claims related thereto.

### SETTLEMENT TERMS

**NOW, THEREFORE,** for good and valuable consideration, including the mutual promises and agreements set forth herein, the Parties to this Agreement do hereby agree to the following terms and conditions:

(1)      Dan agrees that he shall withdraw from all daily affairs of the KS Aviation, Inc. or executive duties and responsibilities as a senior executive or as a member of the Board of Directors of KS Aviation, Inc. including Sierra Academy of Aeronautics. Therefore, effective on the date indicated above, Dan shall submit his resignation as CFO of KS Aviation, Inc. and any and all other positions, as well as his membership on the Board of Directors.

(2)      In return for Dan's promises in this agreement, John and KS Aviation, Inc. shall relinquish their interests in Sierra Air Center Development, LLC and the EB-5 program to Dan, in

This e-copy is the official court record (GC68150)

order for him to hold a 100% controlling interest in the program. Therefore, John and KS Aviation, Inc. shall recognize the 100% ownership of Dan in Sierra Air Center Development, LLC, and all related EB-5 regional center investment program entities. Dan agrees relinquish all his shares of stock in KS Aviation, Inc., return all his shares to the corporation, and agrees to return any and all company property, including vehicles, computers, telephones, software, keys, company credit cards and any all airport security passes. However, any funds owed to Dan that are clearly and legally documented as official loans by Dan to the corporation will be determined by an accredited outside and neutral Certified Public Accountant. Such funds will be repaid once the Company has regained its financial footing and all past due debts are brought current, all pending judgements against the Company are resolved and that sufficient operating capital is on hand to meet current business requirements including updating of the aircraft fleet and maintenance operations. Further, in consideration of Dan Yoon's family, in approximately 12 to 18 months, subject to the complete financial recovery of KS Aviation, Inc. and all its associated entities, a sum of money, to be determined by the board of directors and any future investors, will be provided to Dan Yoon and family, based on the following conditions:

a). the company has shown continuing trend toward growth and profitability;

b). when if and as an investor purchases equity in KS Aviation, Inc. and its entities, the investor will have the right to determine the amount of funds given to Dan Yoon.

c). all payments will be annually and will be on a payout based on profitability. The amount may vary from time to time depending upon the condition of the Company. The Company's financial condition will be verified by an outside accredited and neutral Certified Public Accountant as stated above.

(3)     Dan further agrees and recognizes that the simulator facility and its contents are not part of the EB-5 regional investment program, thus said facility and its contents belong to KS Aviation, Inc. and are an integral part of its marketing strategy and future pilot training programs and critical to future relationships with domestic and international customers. KS Aviation, Inc. will assume the liability of loans made to the simulator and make payments to those loans. In recognition of Dan's agreement that KS Aviation, Inc.'s owns the simulator facility and its contents; John and KS Aviation, Inc., agree to indemnify Dan should the loans for said items become delinquent and the creditors seek enforcement against Dan.

(4)     Dan further agrees that he will drop all pending lawsuits against John, which is explained above, within Five (5) days from the effective date  above and agrees that John shall resume his position as Chairman, President and CEO of KS Aviation, Inc. John agrees to drop all pending lawsuits against Dan within Seven (7) days from the date this Agreement is signed, when  Dan's resignation of all positons in KS Aviation, Inc. becomes effective and all conditions and terms in this agreement have been met.

(5)     Dan also agrees to no further contact with John Yoon or his immediate or extended family or representatives. Further, he must not have any future contact with KS Aviation, Inc. or KS Aviation, Inc. entities' employees, contractors, consultants or other individuals currently doing business with KS Aviation, Inc.

(6)     Dan further agrees to no contact with any current or future KS Aviation, Inc. customers. He also agrees that he will not enter into any business related to the training of pilots, dispatchers or aircraft maintenance technicians for a period of four (4) years from the date of this Agreement.

(7)     The Parties also stipulate that the Court where the Action is currently pending shall retain jurisdiction to enforce and/or construe any and all terms of this Agreement.

(8)     The Parties also stipulate, agree and acknowledge that this Agreement is binding and enforceable pursuant to the provisions of California *Code of Civil Procedure* section 664.6, and shall request the Court where the Action is currently pending to retain jurisdiction to enforce and/or construe any and all terms of this Agreement.

## ADDITIONAL AND GENERAL TERMS

In addition to the foregoing, the Parties to this Agreement hereby agree to the following additional and general terms:

(10)     Incorporation of Recitals and Settlement Terms. The Recitals and Settlement Terms set forth hereinabove are incorporated herein by reference.

(11)     No Admission of Liability. This Agreement is entered into solely because the relative expense of continued assertion of their positions is likely to exceed the costs of compromise and settlement.

(12)     Consideration. Each Party acknowledges that the claims underlying the Action remain disputed and unresolved. In consideration of this Agreement, each Party agrees to dismiss the claims each Party has or might have against the other Party. Each Party shall bear their own attorneys' fees.

(13) Administrative Proceedings or Other Litigation. The Parties hereby expressly warrant and covenant that they have not initiated any administrative proceedings or litigation with respect to the subject matter of this Agreement and, further, expressly agree not to initiate any such administrative proceedings or litigation in the future.

This e-copy is the official court record (GC68150)

(14)   <u>Mutual Release of ALL Claims.</u>  With the exception of any and all terms and conditions set forth in this Agreement, the Parties each release and discharge, to the fullest extent of the law, each other. and each of the other's respective affiliated, subsidiary, related and parent corporations, successors, assigns, officers, directors, shareholders, employees, agents, servants, beneficiaries, representatives, insurers, and/or attorneys, and each of them, and all persons and/or entities acting by, through, under or in concert with such persons and/or entities, from any and all actual or potential claims, obligations, debts and causes of action of any kind or nature whatsoever, whether known or unknown, prior to the effective date of this Agreement, including without limitation acts and/or omissions, based on, arising out of, in connection with, or relating in any way to any dealings between each Party on the one hand, and any other Party on the other, with regard to the generality of the foregoing, any of the matters described in the Action, and/or the filing and prosecution of this Action by the Parties of this Action.

All Parties to this Agreement acknowledge that they have been advised by legal counsel and are familiar with the provisions of California Civil Code, Section 1542, which presently provides as follows:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing this release, which if known by him must have materially affected his settlement with the debtor."**

Being aware of this code section, unless otherwise provided herein in this Agreement, each Party hereby expressly waives and relinquishes all rights and benefits which they may have thereunder as well as under any other statute or common law principle of similar effect.

Each Party understands that the facts in respect to which the releases made in this Agreement are given may hereafter turn out to be other than or different from the facts in that connection now believed by each Party to be true; and each Party hereto accepts and assumes that risk and agrees that this Agreement shall be, and remain, in all respects effective and not subject to termination or rescission by virtue of any such different facts.

(15)    Assignment, Indemnification and Hold Harmless.  Each Party represents and warrants that they have not assigned or transferred, or claimed to assign or transfer to any person, firm or corporation, any claim, debt, liability, demand, obligation, cost, expense, action or causes of action herein released.  Each Party agrees to indemnify and hold the other harmless from any and all claims, debts, obligations, demands, costs, expenses, actions or causes of action based on, arising out of or in connection with any such transfer or assignment or purported transfer or assignment.

(16)    Lack of Inducement.  Each Party acknowledges that, except as herein expressly set forth, no representations of any kind or character have been made by any other Party, or by any of the other party's agents, partners, any other person, representative, or attorney, to induce execution of this Agreement.

(17)    Further Assurances.  The Parties hereby agree to cooperate in good faith in performing their mutual obligations and intentions in this Agreement, including, without limitation in any manner by the foregoing, taking all necessary actions and executing any other documentation necessary to effectuate the provisions of this Agreement.

(18)    Binding Agreement.  This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective heirs, representatives, successors and assigns, agents, attorneys, and/or partners.

(19)    Forbearance.  Each Party agrees to forever refrain and forbear from commencing, instituting or prosecuting any lawsuit, action, or other proceeding against the other

Party or any other related unnamed party, based on, arising out of or in connection with any claim, debt, liability, demand, obligation, cost, expense, action or causes of action released and/or discharged by reason of this Agreement.

(20)    Attorneys' Fees. In the event any action is commenced by any Party hereto to enforce and/or construe any of the terms, conditions and/or any other matter in connection with this Agreement, the prevailing party in any such action shall be entitled to recover attorneys' fees and costs incurred by the prevailing party, as allowed by law.

(21)    Choice of Law. This Agreement is made and entered into in the State of California and shall be governed by, interpreted and enforced according to the laws of the State of California.

(22)    Warranty of Authority. Dan and John  hereto each represent and warrant that they are authorized to enter into and sign this Agreement on behalf of the entity on whose behalf they are designated as executing this Agreement.

(23)    Severability. In the event any pledge, condition, or other provision herein is held to be invalid, void, or illegal, the same shall be deemed removed from the remainder of this agreement and shall in no way affect, impair or invalidate any other pledge, condition, or other provision herein. If any pledge, condition, or other provision herein is held to be invalid due to its scope or breadth, such covenant, condition, or other provision shall be deemed valid to the extent of the scope of breadth permitted by law.

(24)    Ambiguities or Uncertainties. This Agreement, and any ambiguities or uncertainties herein, shall be equally and fairly interpreted and construed without reference to the identity of the party or parties who prepared this document, on the express understanding and agreement that the parties participated equally in the negotiation and preparation of the Agreement, or have had equal opportunity to do so. Accordingly, the Parties hereby waive the benefit of California Civil Code section 1654, and any equivalent federal rule of law, providing

This e-copy is the official court record (GC68150)

that in cases of uncertainty, language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist.

(25)     This Agreement may be executed in one or more counterparts, each of which when taken together is deemed an original and signatures on the agreement are valid by e-mail attachment.

IN WITNESS WHEREOF, the Parties hereto have set their hands as of the day and year indicated below.

DATED: September 2, 2016

JOHN Y. K. YOON
John Yoon (PRINT NAME)

John Yoon (SIGNATURE)

DATED: September 3, 2016

Dan Yoon (PRINT NAME)

Dan Yoon (SIGNATURE)

This e-copy is the official court record (GC68150)

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
COUNTY OF MERCED       )

The undersigned hereby declares:

I am employed in the County of Merced, State of California. I am over the age of eighteen (18) years and not a party to the within entitled cause. My business address is 544 West 20th Street, Merced, CA 95340.

On **April 11, 2017**, I served a(n) ☐ original ☒ **true and accurate copy** of the following document(s) in the manner described below:

**CROSS-COMPLAINT - Contract**

☒ **BY MAIL:** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; that the correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I served the party(s) named below by placing the document(s) in a sealed envelope with postage thereon fully prepaid, at Merced, California, addressed as indicated below.

☐ **BY PERSONAL DELIVERY**: I served the interested party(s) by hand delivering the documents listed above addressed as indicated below.

☐ **BY FAX:** I served such document(s) by facsimile from (209) 722-0672 in Merced , California. The documents were transmitted beginning at approx. _____ a.m./p.m. The transmission was reported as complete and without error, faxed as indicated below.

☐ **BY COURIER:** I served the interested party(s) by delivering the documents for pickup by the following company: _____. I am readily familiar with the practice of collection and processing and it is picked up the same day in the ordinary course of business. The documents were addressed as indicated below.

Mr. Cyril Lawrence, Esq.
Cyril Lawrence, Inc.
2111 "K" Street
Merced, CA 95340

☐ **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on _____, **2017**, at Merced, California.

☒ **(State)** I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on April 11, 2017, at Merced, California.

_Natalie Salcido_
Natalie Salcido

- 1 -