# **EXHIBIT F**

Case: 20-04021   Doc# 9   Filed: 03/04/20   Entered: 05/01/20 16:17:46   Page 1 of 11

This e-copy is the official court record (GC68150)

FILED
Merced Superior Court
10/11/2017 8:56 AM
Linda Romero Soles
Clerk of the Superior Court
By: Elvira Cardenas, Deputy

CYRIL LAWRENCE, INC.
A PROFESSIONAL LAW CORPORATION

2111 "K" Street
Merced, California 95340
Tel: (209) 383-6854
Fax: (209) 383-6856
Email: lawoffice@cyrillawrence.com

Cyril L. Lawrence, State Bar No. 50975
Eric S. Beiswanger, State Bar No. 263995

Attorney for: Plaintiff and cross-defendant Dan Yoon

SUPERIOR COURT OF THE STATE OF CALIFORNIA IN
AND FOR THE COUNTY OF MERCED

| | |
|---|---|
| DAN YOON,<br><br>    Plaintiff<br><br>vs.<br><br>K.S. AVIATION, INC.<br><br>    Defendant<br><br>AND RELATED CROSS-ACTION | CASE NO.: 17CV-00630<br><br>ANSWER TO CROSS-COMPLAINT |

NOW COMES cross-defendant DAN YOON ("CROSS-DEFENDANT"), by and through his undersigned attorneys' of record, and answers cross-complainants K.S. AVIATION, INC. and JOHN YK YOON (collectively referred to as the "CROSS-COMPLAINANTS") cross-complaint as follows:

## DENIALS

1. Pursuant to Section 431.30(d) of the Code of Civil Procedure and based on information and belief, CROSS-DEFENDANT denies generally and specifically, conjunctively and disjunctively, each and every, all and singular, allegations contained in the cross-complaint, and each and every cause of action there set forth, and specifically denies that CROSS-COMPLAINANTS have been damaged in the amounts therein alleged or in any other amounts, or at all.

2. CROSS-DEFENDANT also fully denies that by reason of any action or omission, fault, conduct or liability on the part of CROSS-DEFENDANT, as alleged in the cross-complaint or otherwise, that CROSS-COMPLAINANTS were injured or damaged in the amount or amounts alleged, or in any manner or amount whatsoever.

3. Further, CROSS-DEFENDANT denies that CROSS-COMPLAINANTS are entitled to relief sough within its cross-complaint or to any relief whatsoever.

## AFFIRMATIVE DEFENSES AS TO EACH AND EVERY CAUSE OF ACTION

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

4. The allegations in the cross-complaint fail to state facts sufficient to constitute a cause of action against answering CROSS-DEFENDANT.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

5. CROSS-DEFENDANT is informed and believes and there alleges that if CROSS-COMPLAINANTS had taken reasonable steps towards mitigating their losses (and they did not), they would not have suffered the damages they allegedly sustained by reason of CROSS-DEFENDANT's alleged acts and omissions and CROSS-COMPLAINANTS right to recover damages is barred or diminished accordingly.

### THIRD AFFIRMATIVE DEFENSE

(Assumption of Risk)

6. CROSS-COMPLAINANTS was aware of and appreciated the risks inherent in having CROSS-DEFENDANT confer with CROSS-COMPLAINANTS attorney of record without the presence or consent of CROSS-DEFENANT's counsel and in having CROSS-DEFENDANT execute an alleged settlement and indemnity agreement without notice to CROSS-DEFENDANT's counsel and when CROSS-DEFENDANT was in an unfair advantage but nevertheless CROSS-COMPLAINANTS assumed the risk of potential liability and injuries by failing to take the necessary precautions in entering into the purported settlement and indemnity agreement with CROSS-DEFENDANT; CROSS-

-- 2 --

ANSWER TO CROSS-COMPLAINT

This e-copy is the official court record (GC68150)

Cyril Lawrence, Inc.
211 E. Street
Merced, CA 95340
(209) 383-6484

COMPLAINANTS assumption of the risk bars any recovery, or diminishes their recovery, to the extent that the damages alleged in the complaint are attributed to their assumption of those risks.

## FOURTH AFFIRMATIVE DEFENSE
### (Improper/Unethical Actions)

7. CROSS-DEFENDANT alleges that if CROSS-COMPLAINANTS suffered any of the damages alleged in the cross-complaint, such damages were proximately caused by the improper actions and/or procedures taken by CROSS-COMPLAINANTS or their agents and employees in having CROSS-COMPLAINANTS attorney of record confer with CROSS-DEFENDANT without the presence or consent of CROSS-DEFENANT's counsel and in having CROSS-DEFENDANT execute an alleged settlement and indemnity agreement without notice or review by CROSS-DEFENDANT's counsel in an adverse and improper environment.

## FIFTH AFFIRMATIVE DEFENSE
### (Undue Influence)

8. CROSS-DEFENDANT alleges that CROSS-COMPLAINANTS are barred from recovery under the settlement agreement and mutual general release attached to the cross-complaint because in executing the agreement and release, CROSS-COMPLAINANTS took unfair advantage of CROSS-DEFENDANT as defined under California Civil Code section 1575 and California Welfare and Institutes Code section 15610.70 and related authority.

## SIXTH AFFIRMATIVE DEFENSE
### (De Minimis)

9. CROSS-DEFENDANT alleges that any injury to CROSS-COMPLAINANTS alleged in the cross-complaint and causes of actions therein, was de minimum and therefore not actionable.

//
//

## SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

10. CROSS-DEFENDANT alleges that if CROSS-COMPLAINANTS sustained any damage as a result of the conduct alleged in the cross-complaint, which CROSS-DEFENDANT denies, then CROSS-DEFENDANT is entitled to an offset for any amounts previously paid to or received by CROSS-COMPLAINANTS that CROSS-COMPLAINANTS were not owed or were owed to CROSS-DEFENDANT.

## EIGHTH AFFIRMATIVE DEFENSE

### (Occurrences beyond CROSS-DEFENDANT' Control)

11. CROSS-DEFENDANT alleges that any and all damages, if any, sustained by CROSS-COMPLAINANTS were proximately caused by occurrences and circumstances beyond CROSS-DEFENDANT control, thus barring or diminishing any recovery by CROSS-COMPLAINANTS against CROSS-DEFENDANT.

## NINTH AFFIRMATIVE DEFENSE

### (Not Responsible for Acts of DOES)

12. CROSS-DEFENDANT is not legally responsible for the acts and/or omissions of CROSS-DEFENDANT named as DOES 11 through 25 in the cross-complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity - Passive Conduct)

13. The cross-complaint is barred against CROSS-DEFENDANT because the conduct and action of the CROSS-DEFENDANT alleged in the cross-complaint was passive while the primary misconduct, negligence and fault of CROSS-COMPLAINANTS and/or their agents, whether named or not in the complaint, was active in that they personally participated in the affirmative acts, including but not limited to improper/unethical actions and undue influence against CROSS-DEFENDANT and otherwise CROSS-COMPLAINANTS was physically connected with acts of negligence, omissions and/or concealments with knowledge of or acquiescence of CROSS-

DEFENDANT therein and thus, CROSS-DEFENDANT is entitled to total, equitable indemnity from CROSS-COMPLAINANTS.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Subordination)

14. CROSS-COMPLAINANTS claims are subordinate to answering CROSS-DEFENDANT claims in the operative complaint, and their recovery, if any, should be allowed only after answering CROSS-DEFENDANT claim is satisfied.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

15. Each and every cause of action alleged against CROSS-DEFENDANT in the cross-complaint is barred in its entirety by the Doctrine of Unclean Hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Equitable Estoppel)

16. CROSS-COMPLAINANTS are estopped from seeking relief therein due to their own wrongful and willful acts or omissions to incidents alleged in the cross-complaint, including but not limited to CROSS-DEFENDANTS allegations of improper/unethical actions and undue influence.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Absence of Probable Cause/Presence of Malicious Intent)

17. CROSS-DEFENDANT believes and thereon alleges the cross-complaint is being prosecuting without probable cause and with malicious intent to justify an award of reasonable defense attorneys fees and costs under CCP § 1038.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Consideration)

18. CROSS-DEFENDANT is informed and believes and thereon alleges that there was inadequate and insufficient consideration alleged by the CROSS-COMPLAINANTS to support the agreement alleged in the cross-complaint.

//

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Contract Unenforceable/Invalid)

19. CROSS-DEFENDANT is informed and believes and thereon alleges that the agreement alleged in the cross-complaint is unenforceable, invalid, and/or construction and application of the contract should be limited to avoid an unconscionable and improper result because it was unconscionable and/or unenforceable at the time the contract was made because, by example and without limitations, CROSS-COMPLAINANTS and their agents took improper actions and/or procedures in executing the agreement by conferring with CROSS-DEFENDANT without the presence, consent or notice to CROSS-DEFENDANTS attorney of record, by executing the agreement without notice or review without the presence, consent or notice to CROSS-DEFENDANTS attorney of record, by executing the agreement with an unfair advantage against CROSS-DEFENDANT as defined under California Civil Code section 1575 and California Welfare and Institutes Code section 15610.70 and related authority, and CROSS-DEFENDANT was otherwise misled, lacked pertinent information, and/or had a misunderstanding of the terms, obligations or results of the agreement and CROSS-COMPLIANANTS took advantage of the CROSS-DEFENDANT with excessive one-sided terms that unreasonably favored the CROSS-COMPLIANANTS and were overly harsh and oppressive to CROSS-DEFENDANT.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Capacity)

20. CROSS-DEFENDANT are informed and thereon allege that if a contract was entered into by CROSS-DEFENDANT there was a lack of the requisite capacity by answering CROSS-DEFENDANT to enter into such a contract.

## EIGTHTEENTH AFFIRMATIVE DEFENSE

### (Breach of Agreement: Failure to Perform Conditions, Defect in Performance ect.)

21. CROSS-DEFENDANT is informed and believes and thereon alleges that CROSS-COMPLAINANTS are barred from asserting the cross-complaint by virtue of

CROSS-COMPLAINANTS' own breach of the agreements alleged in the cross-complaint because CROSS-COMPLAINANTS have failed to timely or properly perform all or some of the conditions, covenants, and promises and/or was otherwise defective in performance of their contractual and legal obligations incumbent upon them in connection with the oral agreements and such failures and defects in performance excuses performance by CROSS-DEFENDANT.

### NINETEENTH AFFIRMATIVE DEFENSE

**(No Costs/Attorneys' Fees)**

22. CROSS-COMPLAINANTS have not alleged sufficient facts, and CROSS-DEFENDANT has not engaged in any conduct, that entitles CROSS-COMPLAINANTS to an award of attorneys' fees or costs.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

23. CROSS-DEFENDANT alleges that CROSS-COMPLAINANTS should be barred from recovery in the cross-complaint under the doctrine of unjust enrichment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Fraud and Misrepresentation)**

24. CROSS-DEFENDANT alleges that the agreement between CROSS-DEFENDANT and CROSS-COMPLAINANTS alleged in the cross-complaint is void and unenforceable because CROSS-DEFENDANT were induced, persuaded, influenced and engaged to act in reliance and enter into an agreement through fraudulent and intentional and/or negligent misrepresentation and concealments by CROSS-COMPLAINANTS.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Unilateral Mistake)**

25. CROSS-DEFENDANT is informed and believes and thereon alleges that they operated under a unilateral mistake of fact and law as to the terms of the agreement alleged in the cross-complaint and CROSS-COMPLAINANTS were aware of

the fact that CROSS-DEFENDANT was operating under a unilateral mistake of fact and law as to the terms of the agreements alleged in the cross-complaint and CROSS-COMPLAINANTS recovery should be barred or diminished accordingly.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Breach of Implied Covenant of Good Faith)**

26. CROSS-DEFENDANT alleges that CROSS-COMPLAINANTS are barred from recovery on the cross-complaint and each cause of action therein, as CROSS-COMPLAINANTS breached the implied covenant of good faith and fair dealing in failing to perform their good faith obligation as required under the agreement upon which the cross-complaint is based.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Performance Excused)**

27. CROSS-DEFENDANT alleges that all of his obligations as alleged in the cross-complaint were excused or unenforceable by reason of full or partial failure of consideration, waiver, breach of condition precedent, impossibility and/or impracticability of performance, prevention by CROSS-COMPLAINANTS, frustration of purpose and/or acceptance by CROSS-COMPLAINANTS.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Assent Given Under Influence of Mistake)**

28. CROSS-DEFENDANT is informed and believes and thereon alleges that the agreement alleged in the cross-complaint may not be enforced because the assent of the CROSS-DEFENDANT to those agreements was given under the influence of mistake, misapprehension, or surprise.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Non-Negotiated Terms and Conditions)**

29. CROSS-DEFENDANT alleges that the contract attached to the cross-complaint between CROSS-DEFENDANT and CROSS-COMPLAINANTS was drafted by CROSS-COMPLAINANTS and despite the fact that CROSS-DEFENDANT was

-- 8 --
ANSWER TO CROSS-COMPLAINT

This e-copy is the official court record (GC68150)
Case: 20-04021    Doc# 9    Filed: 03/04/20    Entered: 05/01/20 16:17:46    Page 9 of 11

represented by retained counsel of record, contained non-negotiated or reviewed terms and conditions which exclusively benefitted CROSS-COMPLAINANTS to the detriment of CROSS-DEFENDANT at the time the contract was made and entered into.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Reservation of Defense)

30. In addition to the foregoing and the other affirmative defenses set forth herein, CROSS-DEFENDANT does not assume the burden of proving any fact, issue, or element of a cause of action in the cross-complaint where such burden properly belongs to CROSS-COMPLAINANTS. Further, CROSS-COMPLAINANT has set forth the causes of action in the cross-complaint in conclusionary terms to permit CROSS-DEFENDANT to discern and raise all appropriate defenses. Further, discovery has not yet commenced, and on the basis of both, other affirmative defenses may become known or substantiated and CROSS-DEFENDANT hereby reserves the right to add additional affirmative defenses and/or immunities that may be applicable.

**WHEREFORE**, this answering CROSS-DEFENDANT prays for judgment in his favor and against CROSS-COMPLAINANTS as follows:

1. That cross-complainants take nothing by their cross-complaint;
2. For all costs of suit herein;
3. For attorneys' fees incurred as applicable under law, contract or statute; &
4. For such other and further relief as the Court may deem just and proper.

May 8, 2017

CYRIL LAWRENCE, INC.
A PROFESSIONAL LAW CORPORATION

ERIC S. BEISWANGER
Attorney for Defendant DAN YOON.

This e-copy is the official court record (GC68150)

| NAME: Dan Yoon v. KS Aviation, Inc. COURT: Merced County Superior Court | CASE NUMBER: 17CV-00630 |
|---|---|

## PROOF OF SERVICE

I am employed in the City and County of Merced. My business address is 2111 "K" Street, Merced, California 95340. I am over the age of eighteen (18) years and not a party to this action.

I am familiar with the practice of CYRIL LAWRENCE, INC., whereby, in the ordinary course of business, outgoing mail is collected and deposited with the U.S. Postal Service (or express mail carrier) on the same day it is placed in the designated area for outgoing mail at 2111 "K" Street, Merced, California, 95340.

On May 8, 2017, I served the:

**ANSWER TO CROSS-COMPLAINT**

On the following:

Mr. Bruce J. Hendricks
Callister Hendricks & Spencer
544 West 20th Street
Merced, California 95340

[X] **BY MAIL** By placing
[X] a true copy  [ ] the original
in a sealed envelope, addressed as shown above, with postage thereon fully prepaid, in the designated area for outgoing mail.

[ ] **BY FEDERAL EXPRESS**. By placing
[ ] a true copy  [ ] the original
in a sealed envelope, addressed as shown above, with fees thereon fully prepaid, in the designated area for outgoing mail, for deposit with Federal Express at Merced, California.

[ ] **BY FACSIMILE**.
By transmitting a copy thereof via fax to the addressee, and at the fax number, shown above.

[ ] **BY PERSONAL SERVICE**.
By personally delivering
[ ] a true copy  [ ] the original
to the address shown above and handing same to the addressee, or to the responsible person there with instructions to give it to the addressee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed May 8, 2017, at Merced, California.

*Priscilla Martin* (signature)
Priscilla Martin