# **EXHIBIT G**

FILED
Merced Superior Court
5/30/2018 12:06 PM
Linda Romero Soles
Clerk of the Superior Court
By: Elvira Cardenas, Deputy

Michael L. Abbott, Esq.
LAW OFFICES OF MICHAEL ABBOTT
126 South Third Avenue
Oakdale, CA 95361
Telephone: (209) 844.5633
Facsimile: (209) 844.5632

Attorney for Defendants and Cross-Complainants, John Yoon and K.S. Aviation, Inc., a California Corporation

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MERCED

UNLIMITED CIVIL DIVISION

| | |
|---|---|
| DAN YOON, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>K.S. AVIATION, INC., A California Corporation and JOHN YK YOON, et al,<br><br>Defendants. | CASE NO. 17CV-00630<br><br>FIRST AMENDED CROSS-COMPLAINT FOR BREACH OF CONTRACT |
| KS Aviation, Inc., a California Corporation and John Yoon, an individual;<br><br>Cross-Complainants,<br><br>vs.<br><br>Dan Yoon, an individual, and ROES 1 through 50, inclusive;<br><br>Cross-Defendants | |

COME NOW Plaintiffs, KS AVIATION, INC. a California Corporation ("KS") and JOHN YOON ("J Yoon") (collectively "Cross-Complainants") and allege as follows:

COME NOW Cross-Complainants, and allege as follows:

1. KS is, and at all times relevant hereto was, a California Corporation, duly licensed by the California Secretary of State to conduct business in California, with a principle place of business in Atwater, Merced County, California. J Yoon is, and at all times relevant hereto was, an individual, doing business in Merced County, California.

2. Cross-Complainants are informed and believe, and thereon allege, that Cross-Defendant DAN YOON ("Defendant") is, and at all times relevant hereto was, an individual, over the age of 18 years, and doing business in Merced County, California, such that Merced County is the proper venue for the bringing of this action.

3. Cross-Complainants are ignorant of the true names and capacities of the defendants identified as ROES 1 to 50, inclusive, and sues these cross-defendants by such fictitious names. Cross-Complainants will amend this cross-complaint to provide the true names of these ROE defendants when ascertained.

4. Cross-Complainants are informed and believe, and thereon allege, that each cross-defendant, including those named fictitiously ROE defendant, were the agents, servants and or employees of each other cross-defendant, were acting as the agents and/or employees of each other cross-defendants, and in doing the acts alleged herein, was acting within the course and scope of such employment or agency.

5. Each cross-defendant (collectively "Cross-Defendants") is subject to the jurisdiction of this Court by virtue of their residence, maintenance of offices and the transaction of business in the County of Merced.

**FACTUAL ALLEGATIONS**

6. Cross-Complainants and Cross-Defendants ("collectively "the Parties") are former litigants in two prior and previously dismissed Merced County Superior Court cases: 1.) <u>John Yoon v. Dan Yoon</u> Case Number 15CV-01844; and 2.) <u>Dan Yoon v. John Yoon</u> Case Number 15CV-01903 ("the Settled Cases".)

7. The Parties settled the Settled Cases by a written agreement entitled "SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE" ("the Settlement".) A true and correct copy of the Settlement is attached hereto and incorporated herein as Exhibit "A" and incorporated herein by this reference.

This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC68150)

8. At Page 4 of the Settlement, at Paragraph 8, the Parties invoked <u>Code of Civil Procedure</u> Section 664.6, to authorize and allow this Court to retain jurisdiction to enforce the terms of the Settlement. Nevertheless, counsel for the Parties dismissed the Settled Cases without a hearing before this Court and without retaining in this Court this Court's consent to retain jurisdiction to enforce the terms of the Settlement.

9. For this reason, this Court has previously opined that it has no jurisdiction over the Settled Cases and that it lacks jurisdiction to enforce the terms of the Settlement. As a consequence, and because of the failure of Defendants and their counsel to perform the terms of the Agreements, the Settlement has not been fully performed.

10. Cross-Complainants have demanded that Cross-Defendants perform all of the terms of the Settlement, including, but not limited to, the return of all outstanding shares, pursuant to Paragraph 2 of the "Settlement Terms" of the Settlement.

11. In spite of Cross-Complainants' demands, Cross-Defendants have failed and refused, and continue to fail and refuse, to perform all of the terms of the Settlement. Cross-Defendants' failure to perform the terms of the Settlement include, but are not limited to Paragraph 2 of the Settlement relating to the return of all corporate shares.

12. For this reason, Cross-Defendants stand in breach of the Settlement and will not, absent an order of this Court, fully perform the terms of the Settlement.

13. For their part, Cross-Defendants have performed all acts to be performed on their part pursuant to the terms of the Settlement.

14. As a consequence of the foregoing, Cross-Complainants have suffered economic damages in an amount to be established according to proof at trial, but within the jurisdiction of this Court. Further, Cross-Complainants are not able to consummate a sale of the corporate assets of KS Aviation, Inc. to a willing and ready buyer.

## FIRST CAUSE OF ACTION
## (BREACH OF WRITTEN CONTRACT)
## (AS AGAINST ALL DEFENDANTS)

15. Cross-Complainants repeat, replead and incorporate by reference the allegations of paragraphs 1 though 14 as though pled herein in full.

16. As described hereinabove, Cross-Complainants have performed all acts required of them to be performed pursuant to the terms of the Settlement, while Cross-Defendants have

This e-copy is the official court record (GC68150)

breached the terms of the Settlement by refusing, and continuing to refuse, to perform all the terms of the Settlement including but not limited to, the return all shares in KS Aviation.

17. As a direct and proximate result of the actions and breach of Cross-Defendants, as herein described, Cross-Complainants have been damaged in an amount to be established according to proof at trial, but within the jurisdiction of this Court.

WHEREFORE, Cross-Complainants pray for judgment against Cross-Defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION
## (SPECIFIC PERFORMANCE OF CONTRACT)
## (AS AGAINST ALL DEFENDANTS)

18. Cross-Complainants repeat, replead and incorporate by reference the allegations of paragraphs 1 though 14 as though pled herein in full.

19. At the time Cross-Complainants and Cross-Defendants entered into the Settlement referred to in Paragraph 7, the consideration Cross-Complainants were to provide under the Settlement was adequate and the Settlement is just and reasonable as to Cross-Defendants.

20. Pursuant to the terms of the Settlement, Cross-Complainants have performed all acts required of them in the Settlement and stand ready, able and willing to conclude the performance of the Settlement.

21. As established hereinabove, Cross-Complainants have demanded that Cross-Defendants perform their duties under the terms of the Settlement, including, but not limited to the return of all shares specified in the Settlement.

22. In spite of Cross-Complainants' demand, Cross-Defendants have refused and continue to refuse to perform all the acts require of them under the terms of the Settlement, including, but not limited to the return of all shares specified in the Settlement.

23. Under the circumstances, Cross-Complainants have no adequate remedy at law to compel the performance of the provisions of the Agreement described in Paragraph 7 other than specific enforcement of the Settlement.

23. Cross-Complainants are entitled to specific performance of the terms, conditions, and provisions of the Settlement as described herein, by court decree, among other things, ordering

This e-copy is the official court record (GC68150)

Defendants to perform the terms of the Settlement, including but not limited to the return of all shares specified in the Settlement.

WHEREFORE, Cross-Complainants pray for judgment against Defendants, and each of them as follows:

## PRAYER
## ON THE FIRST CAUSE OF ACTION
## (FOR BREACH OF CONTRACT)

1. Legal damages by virtue of Cross-Defendants' breach of contract in an amount to be established according to proof at trial, but within the jurisdiction of this Court;

2. For attorney fees and costs according to proof, pursuant to the terms of the Settlement;

3. Such other and further relief as the court deems just and proper.

## ON THE SECOND CAUSE OF ACTION
## (FOR SPECIFIC PERFORMANCE OF CONTRACT)

1. For an order of this Court decreeing that Cross-Defendants, and each of them, shall perform each and every duty required of them under the terms of the Settlement, including, but not limited to the return of all shares specified in the Settlement.

2. For compensation incidental to the decree of specific performance as set forth above, according to proof, but within the jurisdiction of this Court;

3. For attorney fees and costs according to proof;

4. Such other and further relief as the Court deems just and proper.

Dated: February 14, 2018

LAW OFFICES OF MICHAEL ABBOTT

By: _____
Michael L. Abbott, attorney for Cross-Complainants KS Aviation, Inc., a California Corporation and John Yoon.

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (hereafter referred to as the "Agreement") is entered into as of September 2, 2016, by and between, John Yoon, an individual, (hereinafter "John"), on the one hand and Dan Yoon, an individual, (hereinafter referred to as "Dan") on the other hand. John and Dan may hereinafter collectively be referred to as the "Parties" in this Agreement.

### RECITALS

A. On or about June 29, 2015, John filed an action in Merced County Court Case No.: 15CV-01844 against Dan and other entities including KS Aviation, Inc., and on or about July 7, 2015, Dan filed an action in Merced County Court Case No.: 15CV-01903 against John. Both cases are pending at this time in the same court.

B. The Parties to this Agreement hereby wish to and intend to resolve any and all disputes between them underlying or within the Actions and any and all claims related thereto.

### SETTLEMENT TERMS

NOW, THEREFORE, for good and valuable consideration, including the mutual promises and agreements set forth herein, the Parties to this Agreement do hereby agree to the following terms and conditions:

(1) Dan agrees that he shall withdraw from all daily affairs of the KS Aviation, Inc. or executive duties and responsibilities as a senior executive, or as a member of the Board of Directors of KS Aviation, Inc. including Sierra Academy of Aeronautics. Therefore, effective on the date indicated above, Dan shall submit his resignation as CFO at KS Aviation, Inc. and any and all other positions, as well as his membership on the Board of Directors.

(2) In return for Dan's promises in this agreement, John and KS Aviation, Inc. shall relinquish their interests in Sierra Air Center Development, LLC and the EB-5 program to Dan, in

Initials: DY( ) JY( )   EXHIBIT A

This e-copy is the official court record (GC68150)

2 | Page

order for him to hold a 100% controlling interest in the program. Therefore, John and KS Aviation, Inc. shall recognize the 100% ownership of Dan in Sierra Air Center Development, LLC, and all related EB-5 regional center investment program entities. Dan agrees relinquish all his shares of stock in KS Aviation, Inc., return all his shares to the corporation, and agrees to return any and all company property, including vehicles, computers, telephones, software, keys, company credit cards and any all airport security passes. However, any funds owed to Dan that are clearly and legally documented as official loans by Dan to the corporation will be determined by an accredited outside and neutral Certified Public Accountant. Such funds will be repaid once the Company has regained its financial footing and all past due debts are brought current, all pending judgements against the Company are resolved and that sufficient operating capital is on hand to meet current business requirements including updating of the aircraft fleet and maintenance operations. Further, in consideration of Dan Yoon's family, in approximately 12 to 18 months, subject to the complete financial recovery of KS Aviation, Inc. and all its associated entities, a sum of money, to be determined by the board of directors and any future investors, will be provided to Dan Yoon and family, based on the following conditions:

    a) the company has shown continuing trend toward growth and profitability;

    b) when if and as an investor purchases equity in KS Aviation, Inc. and its entities, the investor will have the right to determine the amount of funds given to Dan Yoon.

    c) all payments will be annually and will be on a payout based on profitability. The amount may vary from time to time depending upon the condition of the Company. The Company's financial condition will be verified by an outside accredited and neutral Certified Public Accountant as stated above.

Initials: DY( ) DY( )

Case: 20-04021   Doc# 10   Filed: 03/04/20   Entered: 05/01/20 16:24:26   Page 8 of 14

(3) [Dan] further agrees and recognizes that the simulator facility and its contents are not part of the EB-5 regional investment program, thus said facility and its contents belong to KS Aviation, Inc. and are an integral part of its marketing strategy and future pilot training programs and critical to future relationships with domestic and international customers. KS Aviation, Inc. will assume the liability of loans made to the simulator and make payments to those loans. In recognition of Dan's agreement that KS Aviation, Inc.'s owns the simulator facility and its contents; John and KS Aviation, Inc., agree to indemnify Dan should the loans for said items become delinquent and the creditors seek enforcement against Dan.

(4) Dan further agrees that he will drop all pending lawsuits against John, which is explained above, within Five (5) days from the effective date above and agrees that John shall resume his position as Chairman, President and CEO of KS Aviation, Inc. John agrees to drop all pending lawsuits against Dan within Seven (7) days from the date this Agreement is signed, when Dan's resignation of all positions in KS Aviation, Inc. becomes effective and all conditions and terms in this agreement have been met.

(5) Dan also agrees to no further contact with John Yoon or his immediate or extended family or representatives. Further, he must not have any future contact with KS Aviation, Inc. or KS Aviation, Inc. entities employees, contractors, consultants or other individuals currently doing business with KS Aviation, Inc.

(6) Dan further agrees to no contact with any current or future KS Aviation, Inc. customers. He also agrees that he will not enter into any business related to the training of pilots, dispatchers or aircraft maintenance technicians for a period of four (4) years from the date of this Agreement.

Initials: DY[ /s/ ] JY[ /s/ ]

(7) The Parties also stipulate that the Court where the Action is currently pending shall retain jurisdiction to enforce and/or construe any and all terms of this Agreement.

(8) The Parties also stipulate, agree, and acknowledge that this Agreement is binding and enforceable pursuant to the provisions of California Code of Civil Procedure section 664.6, and shall request the Court where the Action is currently pending to retain jurisdiction to enforce and/or construe any and all terms of this Agreement.

## ADDITIONAL AND GENERAL TERMS

In addition to the foregoing, the Parties to this Agreement hereby agree to the following additional and general terms:

(10) **Incorporation of Recitals and Settlement Terms.** The Recitals and Settlement Terms set forth hereinabove are incorporated herein by reference.

(11) **No Admission of Liability.** This Agreement is entered into solely because the relative expense of continued assertion of their positions is likely to exceed the costs of compromise and settlement.

(12) **Consideration.** Each Party acknowledges that the claims underlying the Action remain disputed and unresolved. In consideration of this Agreement, each Party agrees to dismiss the claims each Party has or might have against the other Party. Each Party shall bear their own attorneys' fees.

(13) **Administrative Proceedings or Other Litigation.** The Parties hereby expressly warrant and covenant that they have not initiated any administrative proceedings or litigation with respect to the subject matter of this Agreement and, further, expressly agree not to initiate any such administrative proceedings or litigation in the future.

Initials: DY( ) JY( )

5 | Page

(14) <u>Mutual Release of ALL Claims.</u> With the exception of any and all terms and conditions set forth in this Agreement, the Parties each release and discharge, to the fullest extent of the law, each other, and each of the others respective affiliated, subsidiary, related and parent corporations, successors, assigns, officers, directors, shareholders, employees, agents, servants, beneficiaries, representatives, insurers and/or attorneys, and each of them, and all persons and/or entities acting by, through, under or in concert with such persons and/or entities, from any and all actual or potential claims, obligations, debts and causes of action of any kind or nature whatsoever, whether known or unknown, prior to the effective date of this Agreement, including without limitation acts and/or omissions, based on, arising out of, in connection with, or relating in any way to any dealings between each Party on the one hand, and any other Party on the other, with regard to the generality of the foregoing, any of the matters described in the Action, and/or the filing and prosecution of this Action by the Parties of this Action.

All Parties to this Agreement acknowledge that they have been advised by legal counsel and are familiar with the provisions of California Civil Code, Section 1542, which presently provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing this release, which if known by him must have materially affected his settlement with the debtor."

Being aware of this code section, unless otherwise provided herein in this Agreement, each Party hereby expressly waives and relinquishes all rights and benefits which they may have thereunder as well as under any other statute or common law principle of similar effect.

Initials: DY(*illegible*) JY(*illegible*)

This e-copy is the official court record (GC68150)

Party or any other related unnamed party, based on, arising out of or in connection with any claim, debt, liability, demand, obligation, cost, expense, action or causes of action released and/or discharged by reason of this Agreement.

(20) **Attorneys' Fees.** In the event any action is commenced by any Party hereto to enforce and/or construe any of the terms, conditions and/or any other matter in connection with this Agreement, the prevailing party in any such action shall be entitled to recover attorneys' fees and costs incurred by the prevailing party, as allowed by law.

(21) **Choice of Law.** This Agreement is made and entered into in the State of California and shall be governed by, interpreted and enforced according to the laws of the State of California.

(22) **Warranty of Authority.** Dan and John hereto each represent and warrant that they are authorized to enter into and sign this Agreement on behalf of the entity on whose behalf they are designated as executing this Agreement.

(23) **Severability.** In the event any pledge, condition, or other provision herein is held to be invalid, void, or illegal, the same shall be deemed removed from the remainder of this agreement and shall in no way affect, impair or invalidate any other pledge, condition, or other provision herein. If any pledge, condition, or other provision herein is held to be invalid due to its scope or breadth, such covenant, condition, or other provision shall be deemed valid to the extent of the scope of breadth permitted by law.

(24) **Ambiguities or Uncertainties.** This Agreement, and any ambiguities or uncertainties herein, shall be equally and fairly interpreted and construed without reference to the identity of the party or parties who prepared this document, on the express understanding and agreement that the parties participated equally in the negotiation and preparation of the Agreement, or have had equal opportunity to do so. Accordingly, the Parties hereby waive the benefit of California Civil Code section 1654, and any equivalent federal rule of law, providing

Initials: DY(____) JY(____)

This e-copy is the official court record (GC68150)
This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC68150)
This e-copy is the official court record (GC68150)

8 | Page

that in cases of uncertainty, language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist.

(25) This Agreement may be executed in one or more counterparts, each of which when taken together is deemed an original and signatures on the agreement are valid by e-mail attachment.

IN WITNESS WHEREOF, the Parties hereto have set their hands as of the day and year indicated below.

DATED: September 2, 2016

JOHN Y.K. YOON
John Yoon (PRINT NAME)

John Yoon (SIGNATURE)

DATED: September 3, 2016

Dan Yoon (PRINT NAME)

Dan Yoon (SIGNATURE)

Initials: DY( ) JY( )

## PROOF OF SERVICE

I declare that I am employed in the County of Stanislaus, State of California, I am over the age of eighteen (18) years and not a party to the within entitled cause, and my business address is LAW OFFICES OF MICHAEL ABBOTT, 126 South Third Avenue Oakdale, CA 95361. On the date set forth below, I served the following documents in the manner(s) selected:

### First Amended Cross-Complaint.

[ ] **(U.S. Mail)** by placing a true and correct copy thereof enclosed in a sealed envelope, mailed in the United States mail with first class postage fully prepaid, at Modesto, California, addressed as set forth below.

[ ] **(Office Mail)** by placing a true and correct copy thereof enclosed in a sealed envelope, with first class postage fully prepaid, for collection and mailing at the LAW OFFICES OF MICHAEL ABBOTT, 126 South Third Avenue, Oakdale, CA 95361, addressed as set forth below. I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so placed would be deposited with the United States Postal Service that same day in the ordinary course of business.

[ ] **(Overnight Delivery)** by placing a true and correct copy thereof enclosed in a sealed envelope, for overnight delivery, in a box or other facility regularly maintained by an express service carrier, or delivered to an authorized courier or driver authorized by person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service or at that party's place of residence.

[x] **(Personal Delivery)** by personal delivery to the party or attorney at the address set forth below.

[ ] **(Facsimile)** by transmission to a facsimile machine maintained by the person on whom it is served at the facsimile machine telephone number as last given by that person on any document filed in the cause and served on the party making service.

[ ] **(Electronic Transmission)** by scanning and electronically mailing to an electronic mail address maintained by the person on whom it is served at the e-mail address as last given by that person on any document filed in the cause and served on the party making service.

**CYRIL LAWRENCE**
**CYRIL LAWRENCE, INC.**
**2111 K STREET**
**MERCED, CA 95340**

I declare that the foregoing is true and correct and that this declaration was executed in Oakdale, California on May 30, 2018.

*Justin Garvin*

This e-copy is the official court record (GC68150)

Case: 20-04021   Doc# 10   Filed: 03/04/20   Entered: 05/01/20 16:24:26   Page 14 of 14