# **EXHIBIT H**

Case: 20-04021   Doc# 11   Filed: 03/04/20   Entered: 05/01/20 16:26:44   Page 1 of 17

FILED
Merced Superior Court
6/8/2018 9:17 AM
Linda Romero Soles
Clerk of the Superior Court
By: Nengsy Moua, Deputy

**CYRIL LAWRENCE, INC.**
A PROFESSIONAL LAW CORPORATION

2111 "K" Street
Merced, California 95340
Tel: (209) 383-6854
Fax: (209) 383-6856
Email: lawoffice@cyrillawrence.com

Cyril L. Lawrence, State Bar No. 50975
Eric S. Beiswanger, State Bar No. 263995

*Attorney for:* Plaintiff and cross-defendant Dan Yoon

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF MERCED

| | |
|---|---|
| DAN YOON,<br><br>   Plaintiff,<br><br>vs.<br><br>K.S. AVIATION, INC.,<br><br>   Defendant.<br><br>AND RELATED CROSS-ACTION | CASE NO.: 17CV-00630<br><br>ANSWER TO FIRST AMENDED CROSS-COMPLAINT |

**NOW COMES** cross-defendant DAN YOON ("*CROSS-DEFENDANT*"), by and through his undersigned attorneys' of record, and answers cross-complainants K.S. AVIATION, INC. and JOHN YK YOON (collectively referred to as the "*CROSS-COMPLAINANTS*") first amended cross-complaint as follows:

### DENIALS

1. Pursuant to Section 431.30(d) of the Code of Civil Procedure and based on information and belief, CROSS-DEFENDANT denies generally and specifically, conjunctively and disjunctively, each and every, all and singular, allegations contained in the cross-complaint, and each and every cause of action there set forth, and specifically denies that CROSS-COMPLAINANTS have been damaged in the amounts therein alleged or in any other amounts, or at all.

This e-copy is the official court record (GC68150)

Cyril Lawrence, Inc.
2111 "K" STREET
MERCED, CA 95340
(209) 383-6854

-- 1 --
ANSWER TO FIRST AMENDED CROSS-COMPLAINT

Case: 20-04021    Doc# 11    Filed: 03/04/20    Entered: 05/01/20 16:26:44    Page 2 of 17

2. CROSS-DEFENDANT also fully denies that by reason of any action or omission, fault, conduct or liability on the part of CROSS-DEFENDANT, as alleged in the cross-complaint or otherwise, that CROSS-COMPLAINANTS were injured or damaged in the amount or amounts alleged, or in any manner or amount whatsoever.

3. Further, CROSS-DEFENDANT denies that CROSS-COMPLAINANTS are entitled to relief sough within its cross-complaint or to any relief whatsoever.

**AFFIRMATIVE DEFENSES AS TO EACH AND EVERY CAUSE OF ACTION**

**FIRST AFFIRMATIVE DEFENSE**

**(Contract Unenforceable/Invalid – Unconscionability)**

4. CROSS-DEFENDANT alleges that the agreement attached to the first amended cross-complaint is unenforceable, invalid, and/or construction and application of the contract should be limited to avoid an unconscionable result including but without limitation the following: the gross disparity in the parties bargaining power, the failure of the CROSS-COMPLAINANTS to provide any consideration, that the services and payment by the CROSS-COMPLAINANTS to the CROSS-DEFENDANT was substantially inferior to what a reasonable person or the standard of the industry would agree to in that any performance by the CROSS-DEFENDANT would be unconscionable and unenforceable under public policy. By example and without limitation, CROSS-COMPLAINANTS and their agents took improper and unethical actions and/or procedures against public policy in entering into the purported agreement with CROSS-DEFENDANT by having CROSS-COMPLAINANTS attorney of record contact, communicate with, and/or negotiate the agreement to resolve pending litigation with the CROSS-DEFENDANT directly without the presence, consent, or even any notice to CROSS-DEFENDANTS known attorney of record, constituting ethical violations and manifesting an unfair advantage in entering into the agreement against CROSS-DEFENDANT under applicable legal authority or as defined under California Civil Code section 1575 and California Welfare and Institutes Code section 15610.70 and related authority, and CROSS-DEFENDANT was otherwise misled, lacked pertinent information,

Cyril Lawrence, Inc.
2111 "K" STREET
MERCED, CA 95340
(209) 383-6854

This e-copy is the official court record (GC68150)

and/or had a misunderstanding of the terms, obligations or results in entering into the agreement without notice to his attorney of record and otherwise, CROSS-COMPLAINANTS took advantage of the CROSS-DEFENDANT with excessive one-sided terms that unreasonably favored the CROSS-COMPLAINANTS and terms that were overly harsh and oppressive to CROSS-DEFENDANT.

## SECOND AFFIRMATIVE DEFENSE

### (Contract Unenforceable/Invalid – Undue Influence)

5. CROSS-DEFENDANT alleges that the agreement attached to the first amended cross-complaint is unenforceable, invalid, and/or construction and application of the contract should be limited to avoid an improper and/or unconscionable result because the contract was entered into as the result of undue influence, in violation of elder abuse and dependent adult prevention laws, lack of consideration, and other improper and unethical actions that would make the agreement unenforceable and/or unconscionable. By example and without limitations, CROSS-COMPLAINANTS and their agents took improper actions and/or procedures in entering into purported agreement with CROSS-DEFENDANT by having CROSS-COMPLAINANTS attorney of record contact, communicate with, and/or negotiate the agreement to resolve pending litigation with the CROSS-DEFENDANT directly without the presence, consent, or even any notice to CROSS-DEFENDANTS known attorney of record, constituting ethical violations and manifesting an unfair advantage in entering into the agreement against CROSS-DEFENDANT under applicable legal authority or as otherwise defined under California Civil Code section 1575 and California Welfare and Institutes Code section 15610.70 and related authority, and CROSS-DEFENDANT was otherwise exploited, misled, lacked pertinent information, and/or had a misunderstanding of the terms, obligations or results in entering into the agreement without notice to or consent from CROSS-DEFENDANT'S attorney of record and CROSS-COMPLAINANTS took advantage of the CROSS-DEFENDANT with excessive one-sided terms that unreasonably favored the CROSS-COMPLIANANTS and were overly harsh and

-- 3 --
ANSWER TO FIRST AMENDED CROSS-COMPLAINT

This e-copy is the official court record (GC68150)

Cyril Lawrence, Inc.
2111 "K" STREET
MERCED, CA 95340
(209) 383-6854

Case: 20-04021   Doc# 11   Filed: 03/04/20   Entered: 05/01/20 16:26:44   Page 4 of 17

oppressive to CROSS-DEFENDANT, and accordingly, the agreement is oppressive and should be unenforceable.

### THIRD AFFIRMATIVE DEFENSE

### (Contract Unenforceable/Invalid – Fraud, Deceit, and Misrepresentation)

6. CROSS-DEFENDANT alleges that the agreement attached to the first amended cross-complaint is void, unenforceable, invalid, and/or construction and application of the contract should be limited to avoid an improper and/or unconscionable result because CROSS-DEFENDANT was induced, unduly influenced, persuaded, and engaged to act in reliance and enter into the agreement attached to the first amended cross-complaint because the contract was entered into as the result of fraud, deceit and/or intentional or negligent misrepresentation and concealments by CROSS-COMPLAINANTS and their agents. By example and without limitations, CROSS-COMPLAINANTS and their agents took improper actions and/or procedures in entering into purported agreement with CROSS-DEFENDANT by having CROSS-COMPLAINANTS attorney of record contact, communicate with, and/or negotiate the agreement to resolve pending litigation with the CROSS-DEFENDANT directly without the presence, consent, or even any notice to CROSS-DEFENDANTS known attorney of record, constituting ethical violations and manifesting an unfair advantage in entering into the agreement against CROSS-DEFENDANT under applicable authority or as otherwise defined under California Civil Code section 1575 and California Welfare and Institutes Code section 15610.70 and related authority, and CROSS-DEFENDANT was otherwise misled, lacked pertinent information, and/or had a misunderstanding of the terms, obligations or results in entering into the agreement without notice to CROSS-DEFENDANTS attorney of record and otherwise, CROSS-COMPLAINANTS took advantage of the CROSS-DEFENDANT with excessive one-sided terms that unreasonably favored the CROSS-COMPLIANANTS and were overly harsh and oppressive to CROSS-DEFENDANT.

///

Cyril Lawrence, Inc.
2111 "K" STREET
MERCED, CA 95340
(209) 383-6854

This e-copy is the official court record (GC68150)

## FOURTH AFFIRMATIVE DEFENSE

### (Contract Unenforceable/Invalid – Mistake)

7. CROSS-DEFENDANT alleges that the agreement attached to the first amended cross-complaint is unenforceable, invalid, and/or construction and application of the contract should be limited to avoid an improper and/or unconscionable result because the contract was entered into as the result of a mistake of fact and law as to the terms of the agreement. By example and without limitations, CROSS-COMPLAINANTS and their agents took improper actions and/or procedures entering into purported agreement with CROSS-DEFENDANT by having CROSS-COMPLAINANTS attorney of record contact, communicate with, and/or negotiate the agreement to resolve pending litigation with the CROSS-DEFENDANT directly without the presence, consent, or even any notice to CROSS-DEFENDANTS known attorney of record, constituting ethical violations and manifesting an unfair advantage in entering into the agreement against CROSS-DEFENDANT under applicable authority or as otherwise defined under California Civil Code section 1575 and California Welfare and Institutes Code section 15610.70, and CROSS-DEFENDANT was otherwise misled, lacked pertinent information, and/or had a misunderstanding of the terms, obligations or results in entering into the agreement without notice to CROSS-DEFENDANTS attorney of record and otherwise, CROSS-COMPLAINANTS took advantage of the CROSS-DEFENDANT with excessive one-sided terms that unreasonably favored the CROSS-COMPLIANANTS and were overly harsh and oppressive to CROSS-DEFENDANT. CROSS-COMPLAINANTS were aware of the fact that CROSS-DEFENDANT was operating under a mistake of fact and law as to the terms of the agreement alleged in the first amended cross-complaint and CROSS-COMPLAINANTS recovery should be barred or diminished accordingly.

///

///

///

## FIFTH AFFIRMATIVE DEFENSE

### (Contract Unenforceable/Invalid -- Duress)

8. CROSS-DEFENDANT alleges that the agreement attached to the first amended cross-complaint is unenforceable, invalid, and/or construction and application of the contract should be limited to avoid an improper and/or unconscionable result because the contract was entered into as the result of duress and other improper actions that would make the agreement unenforceable and/or unconscionable. By example and without limitations, CROSS-COMPLAINANTS and their agents took improper actions and/or procedures in entering into the agreement with CROSS-DEFENDANT by instigating personal attacks against CROSS-DEFENDANT and his family by posting private information to the public, going to the local district attorneys' office and making false allegations, generating financial economic duress by directly and adversely effecting CROSS-DEFENDANTS business and investment financial cash flow, making personal attacks on CROSS-DEFENDANTS character and reputation, having CROSS-COMPLAINANTS attorney of record communicate with and/or negotiating the agreements terms to resolve pending litigation with the CROSS-DEFENDANT directly without the presence, consent, or even any notice to CROSS-DEFENDANTS known attorney of record, and otherwise CROSS-COMPLAINANTS took advantage of the CROSS-DEFENDANT in compelling CROSS-DEFENDANT to enter into the purported agreement attached to the first amended cross-complaint that CROSS-DEFENDANT would not have voluntarily agreed to without suffering the above referenced threats, intimidation, undue influence, and extortion as the agreement itself had excessive one-sided terms that unreasonably favored the CROSS-COMPLAINANTS and were overly harsh and oppressive to CROSS-DEFENDANT.

## SIXTH AFFIRMATIVE DEFENSE

### (Contract Unenforceable/Invalid – Repudiation)

9. CROSS-DEFENDANT alleges that the agreement attached to the first amended cross-complaint is unenforceable, invalid, and/or construction and application

Cyril Lawrence, Inc.
2111 "K" STREET
MERCED, CA 95340
(209) 383-6854

This e-copy is the official court record (GC68150)

of the contract should be limited to avoid an improper and/or unconscionable result because CROSS-COMPLAINANTS through their representations and conduct demonstrated they repudiated the agreement attached to the first amended complaint when they failed to provide any consideration as promised, failed to perform as promised, and otherwise failed to follow proper corporate board procedures to approve or give notice of execution of the purported agreement.

### SEVENTH AFFIRMATIVE DEFENSE

**(Contract Unenforceable/Invalid – Condition Precedent)**

10. CROSS-DEFENDANT alleges that his performance under the purported agreement attached to the first amended complaint was conditioned upon the CROSS-COMPLAINANTS first performing an act or condition, including but not limited to obtaining an appraisal to determine payment to CROSS-DEFENDANT, and that such performance, act or condition incumbent on the CROSS-COMPLAINANTS never took place or were performed and as a result, CROSS-DEFENDANT was not obligated to perform under the agreement or as otherwise referenced in Civil Code section 1498 or any other applicable authority.

### EIGHTH AFFIRMATIVE DEFENSE

**(Illusory Contract – Lack of Consideration)**

11. CROSS-DEFENDANT alleges that there was inadequate and insufficient consideration to support the enforcement of the agreement attached to the first amended cross-complaint as CROSS-DEFENDANT never received any services or payments as promised and the services and payments promised are vague and uncertain. Accordingly, the agreement is illusory and unenforceable.

### NINTH AFFIRMATIVE DEFENSE

**(Failure of Consideration)**

12. CROSS-DEFENDANT asserts that the services and payments promised by the CROSS-COMPLAINANTS under the agreement were never provided or tendered prior to the filing of the first amended cross-complaint and/or that the services and

payments were substantially inferior to what a reasonable person or the standard of the industry would agree to and accordingly, the agreement is unenforceable.

### TENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

13. CROSS-COMPLAINANTS were aware of and appreciated the risks inherent in inducing, compelling, or otherwise having the CROSS-DEFENDANT confer, discuss, negotiate an agreement with CROSS-COMPLAINANTS attorney of record to resolve pending litigation without the presence, consent, or even notice to CROSS-DEFENDANT'S known attorney of record and in further inducing, compelling, or otherwise having CROSS-DEFENDANT execute an alleged agreement to resolve pending litigation with CROSS-COMPLAINANTS attorney of record without the presence, consent, or even notice to CROSS-DEFENDANT'S known attorney of record. Such actions induced and otherwise put CROSS-DEFENDANT in an unfair advantage in entering into the agreement but nevertheless CROSS-COMPLAINANTS assumed the risk of potential liability, waiver and injuries by failing to take the necessary precautions in entering into the purported agreement with CROSS-DEFENDANT by informing or receiving the consent of CROSS-DEFENDANTS attorney prior to contact; CROSS-COMPLAINANTS assumption of the risk bars any recovery, or diminishes their recovery, to the extent that the damages alleged in the complaint are attributed to their assumption of those risks.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Contract Unenforceable/Unlawful – Elder Abuse)

14. CROSS-DEFENDANT alleges that at all times relevant herein, the CROSS-COMPLAINANTS and their agents violated the Elder Abuse and Dependent Adult Civil Protection Act when they conspired directly and cumulatively in their actions to take financial advantage of CROSS-DEFENDANT, who was 65 years of age and in a vulnerable emotional state based on his age and suffering from significant emotional

distress and anxiety, in entering into the agreement attached to the first amended cross-complaint.

## TWELVTH AFFIRMATIVE DEFENSE

### (Improper/Unethical Actions)

15. CROSS-DEFENDANT alleges that if CROSS-COMPLAINANTS suffered any of the damages alleged in the cross-complaint, such damages were proximately caused by the improper actions and/or procedures taken by CROSS-COMPLAINANTS or their agents and employees in having CROSS-COMPLAINANTS attorney of record confer and communicate with CROSS-DEFENDANT without the presence or consent of CROSS-DEFENDANT's counsel of record and in having CROSS-DEFENDANT execute an alleged agreement to resolve pending litigation without notice or review by CROSS-DEFENDANT's counsel of record in an adverse and improper environment.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

16. CROSS-DEFENDANT alleges that CROSS-COMPLAINANTS are seeking to recover more than they would be entitled to recover in their request for damages and CROSS-COMPLAINANTS should be barred from recovery in the operative cross-complaint under the doctrine of unjust enrichment.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Non-Negotiated Terms and Conditions)

17. CROSS-DEFENDANT alleges that the contract attached to the cross-complaint between CROSS-DEFENDANT and CROSS-COMPLAINANTS were drafted by CROSS-COMPLAINANTS and CROSS-COMPLAINANTS attorney of record communication and entered into the agreement to resolve pending litigation with CROSS-DEFENDANT directly without consent or notice from CROSS-DEFENDANT'S known attorney of record and ultimately, the agreement contained non-negotiated or reviewed terms and conditions which exclusively benefitted CROSS-COMPLAINANTS to

Cyril Lawrence, Inc.
2111 "K: STREET
MERCED, CA 95340
(209) 383-6854

-- 9 --
ANSWER TO FIRST AMENDED CROSS-COMPLAINT.

This e-copy is the official court record (GC68150)

Case: 20-04021    Doc# 11    Filed: 03/04/20    Entered: 05/01/20 16:26:44    Page 10 of 17

the detriment of CROSS-DEFENDANT at the time the contract was made and entered into and accordingly, should be unenforceable.

### FIFIFTEENTH AFFIRMATIVE DEFENSE

### (Breach of Implied Covenant of Good Faith)

18. CROSS-DEFENDANT alleges that CROSS-COMPLAINANTS are barred from recovery on the first amended cross-complaint and each cause of action therein, as CROSS-COMPLAINANTS breached the implied covenant of good faith and fair dealing in failing to perform their good faith obligation as required under the agreement upon which the cross-complaint is based, including but not limited to obtaining an appropriate financial appraisal concerning the amount to be paid to CROSS-DEFENDANT and such breach and defect in performance excuses any performance by CROSS-DEFENDANT and voids or otherwise makes the agreement unenforceable.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Performance Excused – Frustration of Purpose)

19. CROSS-DEFENDANT alleges that all of his obligations as alleged in the first amended cross-complaint were excused or unenforceable by reason impracticability of performance, frustration of purpose, prevention under Civil Code 1511, or otherwise excused by an unexpected event and occurrence that happened that prevented CROSS-DEFENDANT from receiving any reasonable benefit under the purported agreement which the operative cross-complaint is based, and enforcement of that agreement would not allow the CROSS-DEFENDANT and/or the parties to receive the benefit of the bargain.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

20. CROSS-DEFENDANT alleges that through CROSS-COMPLAINANTS actions and representations, they have waived their right to enforce and/or recover under the agreement alleged in the first amended cross-complaint.

///

Cyril Lawrence, Inc.
2111 "K" STREET
MERCED, CA 95340
(209) 383-6854

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

21. CROSS-COMPLAINANTS are estopped from seeking relief therein due to their own wrongful and willful acts or omissions to incidents alleged in the first amended cross-complaint where enforcement of the alleged agreement would lead to an unjust result, including but not limited to CROSS-DEFENDANT'S allegations of improper/unethical actions, undue influence and exploitation of CROSS-DEFENDANT.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Laches)

22. The CROSS-COMPLAINANTS waited an unreasonably long time to file their cause of action for a remedy of specific performance in the amended complaint after the trial date was set and CROSS-DEFENDANT'S ability to defend this lawsuit has been severely prejudiced due to this unreasonable delay by denying CROSS-DEFENDANT access to discovery of defenses to that remedy.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

23. The allegations in the cross-complaint fail to state facts sufficient to constitute a cause of action against answering CROSS-DEFENDANT.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

24. CROSS-DEFENDANT is informed and believes and thereon alleges that if CROSS-COMPLAINANTS had taken reasonable steps towards mitigating their losses and claimed damages (and they did not), including but not limited to failing to exercise reasonable diligence in managing KS Aviation, Inc. by increasing student enrollment and earning profits as experienced during the time periods CROSS-DEFENDANT managed KS Aviation, Inc. and in failing to obtain an appraisal concerning the amount to be paid to CROSS-DEFENDANT under the agreement, and they have not, they would not have suffered the damages they allegedly sustained by reason of CROSS-DEFENDANT's

Cyril Lawrence, Inc.
2111 "K" STREET
MERCED, CA 95340
(209) 383-6854

This e-copy is the official court record (GC68150)

alleged acts and omissions and CROSS-COMPLAINANTS right to recover damages is barred or diminished accordingly.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

25. CROSS-DEFENDANT asserts that the CROSS-COMPLAINANTS committed a wrongdoing and this lawsuit is attempting to benefit from a wrongdoing and accordingly, each and every cause of action alleged against CROSS-DEFENDANT in the operative cross-complaint is barred in its entirety by the Doctrine of Unclean Hands.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (De Minimis)

26. CROSS-DEFENDANT alleges that any injury to CROSS-COMPLAINANTS alleged in the cross-complaint and causes of actions therein, was de minimum and therefore not actionable.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

27. CROSS-DEFENDANT asserts that CROSS-COMPLAINANTS lack standing to bring this action, specifically CROSS-DEFENDANT is informed and believes that CROSS-COMPLAINANTS have sold or assigned their shareholder interest, vacated their position as the sole director, and/or have a non-party to this action as a partner/manager of KS Aviation, Inc. and further that the CROSS-COMPLAINANTS have not alleged that they are the legal owner of the alleged obligations under the agreement attached to the operative cross-complaint or that they have a right to bring this action

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Offset)

28. CROSS-DEFENDANT alleges that if CROSS-COMPLAINANTS sustained any damage as a result of the conduct alleged in the first amended cross-complaint, which CROSS-DEFENDANT denies, then CROSS-DEFENDANT is entitled to an offset

for any amounts previously paid to or received by CROSS-COMPLAINANTS, any amounts previously paid or received that were not owed to CROSS-COMPLAINANTS, any amounts received by CROSS-COMPLAINANTS that were owed to CROSS-DEFENDANT, and/or any amounts owed by CROSS-COMPLAINANTS to CROSS-DEFENDANT.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Damages)

29. CROSS-DEFENDANT alleges that if CROSS-COMPLAINANTS allegations in the first amended complaint are true, which CROSS-DEFENDANT denies, CROSS-COMPLAINANTS has not suffered and is not entitled to any damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Occurrences beyond CROSS-DEFENDANT'S Control)

30. CROSS-DEFENDANT alleges that any and all damages, if any, sustained by CROSS-COMPLAINANTS were proximately caused by occurrences and circumstances beyond CROSS-DEFENDANT control, thus barring or diminishing any recovery by CROSS-COMPLAINANTS against CROSS-DEFENDANT.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Not Responsible for Acts of DOES)

31. CROSS-DEFENDANT is not legally responsible for the acts and/or omissions of CROSS-DEFENDANT named as DOES 11 through 25 in the operative cross-complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Mutual Cancellation)

32. CROSS-DEFENDANT alleges that the agreement attached to the first amended cross-complaint is unenforceable, invalid, and/or construction and application of the contract should be limited to avoid an improper and/or unconscionable result because CROSS-COMPLAINANTS and CROSS-DEFENDANT, through their

This e-copy is the official court record (GC68150)

Cyril Lawrence, Inc.
2111 "K" STREET
MERCED, CA 95340
(209) 383-6854

representations and conduct demonstrated they both cancelled the agreement and all duties were excused.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Contract Unenforceable– Rescission)

33. CROSS-DEFENDANT alleges that the agreement attached to the first amended cross-complaint is unenforceable because CROSS-DEFENDANT, through their prior representations and conduct demonstrated that, and through this answer to the cross-complaint, that CROSS-DEFENDANT rescinded the agreement prior to receiving any consideration or reasonable value under the agreement under applicable authority or otherwise defined under Civil Code 1691.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Equitable Indemnity - Passive Conduct)

34. The cross-complaint is barred against CROSS-DEFENDANT because the conduct and action of the CROSS-DEFENDANT alleged in the cross-complaint was passive while the primary misconduct, negligence and fault of CROSS-COMPLAINANTS and/or their agents, whether named or not in the complaint, was active in that they personally participated in the affirmative acts, including but not limited to improper/unethical actions and undue influence against CROSS-DEFENDANT and otherwise CROSS-COMPLAINANTS were physically connected with acts of negligence, omissions and/or concealments with knowledge of or acquiescence of CROSS-DEFENDANT therein and thus, CROSS-DEFENDANT is entitled to total, equitable indemnity from CROSS-COMPLAINANTS.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Subordination)

35. CROSS-COMPLAINANTS claims are subordinate to answering CROSS-DEFENDANT claims in the operative complaint, and recovery under the cross-complaint, if any, should be allowed only after CROSS-DEFENDANT'S claim is satisfied.

///

Cyril Lawrence, Inc.
2111 "K" STREET
MERCED, CA 95340
(209) 383-6854

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Absence of Probable Cause/Presence of Malicious Intent)

36. CROSS-DEFENDANT believes and thereon alleges the operative cross-complaint is being prosecuting without probable cause and with malicious intent to justify an award of reasonable defense attorneys fees and costs under CCP § 128.5.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Breach of Agreement: Failure to Perform Conditions, Defect in Performance ect.)

37. CROSS-DEFENDANT is informed and believes and thereon alleges that CROSS-COMPLAINANTS are barred from enforcing the operative cross-complaint by virtue of CROSS-COMPLAINANTS' own breach of the agreement alleged therein because CROSS-COMPLAINANTS have failed to timely or properly perform all or some of the conditions, covenants, and promises and/or was otherwise defective in performance of their contractual and legal obligations incumbent upon them in connection with the agreement including but not limited to obtaining an appraisal concerning the amounts to be paid to the CROSS-DEFENDANT, and such failures and defects in performance excuses any performance by CROSS-DEFENDANT.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Costs/Attorneys' Fees)

38. CROSS-COMPLAINANTS have not alleged sufficient facts, and CROSS-DEFENDANT has not engaged in any conduct, that entitles CROSS-COMPLAINANTS to an award of attorneys' fees or costs.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Defense)

39. In addition to the foregoing and the other affirmative defenses set forth herein, CROSS-DEFENDANT does not assume the burden of proving any fact, issue, or element of a cause of action in the cross-complaint where such burden properly belongs to CROSS-COMPLAINANTS. Further, CROSS-COMPLAINANTS have set forth the causes of action in the cross-complaint in conclusionary terms to permit CROSS-

This e-copy is the official court record (GC68150)

Cyril Lawrence, Inc.
2111 "K" STREET
MERCED, CA 95340
(209) 383-6854

This e-copy is the official court record (GC68150)
Cyril Lawrence, Inc.
2111 "K" Street
Merced, CA 95340
(209) 383-6854

1 DEFENDANT to discern and raise all appropriate defenses. Further, discovery has not yet commenced, and on the basis of both, other affirmative defenses may become known or substantiated and CROSS-DEFENDANT hereby reserves the right to add additional affirmative defenses and/or immunities that may be applicable.

**WHEREFORE**, this answering CROSS-DEFENDANT prays for judgment in his favor and against CROSS-COMPLAINANTS as follows:

1. That cross-complainants take nothing by their cross-complaint;
2. For all costs of suit herein;
3. For attorneys' fees incurred as applicable under law, contract or statute; &
4. For such other and further relief as the Court may deem just and proper.

June 8, 2018

**CYRIL LAWRENCE, INC.**
A PROFESSIONAL LAW CORPORATION

_____
ERIC S. BEISWANGER
Attorney for Defendant DAN YOON.

-- 16 --
ANSWER TO FIRST AMENDED CROSS-COMPLAINT