**Entered on Docket**
**May 07, 2021**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: May 7, 2021

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DANIEL B. YOON AND JEENEE S. YOON,<br><br>    Debtors. | Case No. 19-42763 CN<br><br>Chapter 11 |
| DAN YOON, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>KS AVIATION, INC., et al.,<br><br>    Defendants. | Adversary No. 20-4021 CN<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT KS AVIATION, INC.'S COUNTERCLAIMS** |

On April 23, 2021, this court conducted a continued hearing on plaintiff Daniel Yoon's motion to dismiss defendant KS Aviation, Inc.'s counterclaims under Federal Rule of Civil Procedure 7012(b)(6) (the "Motion"). Appearances were stated on the record. Plaintiff Daniel Yoon ("Yoon") contends that KS Aviation's counterclaims were fully resolved in his favor when this court sustained his objection to KS Aviation's proof of claim, and that the counterclaims are therefore barred by the doctrine of claim preclusion. For the reasons stated below, this court agrees that claim preclusion applies. The Motion is therefore **GRANTED** without leave to amend.

Although claim preclusion (still commonly referred to as "res judicata") is an affirmative defense which ordinarily cannot be raised in a motion to dismiss, a party may base a Rule 12(b)(6) motion on an affirmative defense if its application raises no disputed issues of fact. *See Scott v.*

1

*Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir.1984). Here, KS Aviation does not contend that there are any disputed facts regarding the claim preclusion affirmative defense. Moreover, all of the facts beyond the four corners of the counterclaim upon which Yoon relies are matters of public record and therefore subject to judicial notice under Federal Rule of Evidence 201.

The standard under Federal Rule of Bankruptcy Procedure 7012(b)(6) is well established. Rule 7012(b)(6) provides that a complaint (or counterclaim, in this instance) is subject to dismissal for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court must accept as true all of the factual allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 56 (2007)). Further, the court's consideration is not limited to the complaint's four corners: "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular ... matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.308, 322 (2007). Yoon's request for judicial notice is found in footnote 1 of its motion to dismiss.

The court gleans the following facts from KS Aviation's counterclaims, and takes judicial notice of a) the notice of removal of the underlying Merced County Superior Court litigation and its transfer to this court, b) the contents of KS Aviation's proof of claims, c) Yoon's objection to KS Aviation's proof of claim, d) KS Aviation's failure to file a response to the objection, and e) the order sustaining the claim objection. This adversary proceeding was originally filed as a Superior Court complaint in Merced County Superior Court. After the Yoons filed their Chapter 11 case on December 6, 2019, Yoon removed the Merced County Superior Court action to the United States Bankruptcy Court for the Eastern District of California, which transferred the litigation to this court. KS Aviation timely filed a $2,120,787.00 proof of claim in the Yoons' Chapter 11 case, and attached to the claim KS Aviation's Alameda County Superior Court complaint against Yoon, which was filed on July 17, 2018. KS Aviation's Alameda County Superior Court complaint alleged fraud, breach of fiduciary duty, and conversion causes of action allegedly arising from Yoon's conduct as a KS Aviation corporate officer. KS Aviation thereafter filed an amended proof of claim which increased its claim to $2,984,726.19, stated that its basis was "Fraud and indemnification," and

asserted that it was a secured claim (the "KS Amended Claim"). While KS Aviation did not attach any exhibit to the KS Amended Claim, it acknowledged in its response to the Motion that the KS Amended Claim is also based on its Alameda County Superior Court causes of action.

The Yoons filed and served an objection to the allowance of the KS Amended Claim on October 21, 2020. The Yoons contended that the causes of action comprising the KS Aviation Claim are subject to a settlement agreement executed by Daniel Yoon and John Yoon (a co-founder of KS Aviation who ousted Daniel Yoon from KS Aviation) in which KS Aviation released any and all claims that it had against Daniel Yoon, including its Alameda County Superior Court causes of action. The objection asserted that the KS Amended Claim:

> is unenforceable against the Debtors and any property of the Debtors under any agreement or applicable law because: (a) K.S. Aviation, Inc. does not have a right to payment by Debtors of a debt owed to K.S. Aviation, Inc.; and (b) K.S. Aviation, Inc. has released and discharged Debtor Daniel B. Yoon from any actual or potential claims, obligations, debts and causes of action of any kind or nature, whether known or unknown, that existed on September 2, 2016 pursuant to an agreement between John Yoon and Dan Yoon titled "Settlement Agreement and General Release".
> …
> Such claim is unenforceable as a secured claim against the Debtors and any property of the Debtors under any agreement or applicable law because: (a) K.S. Aviation has not attached copies of documents which show K.S. Aviation, Inc. has a lien against property of the Debtors; and (b) K.S. Aviation, Inc. does not have a lien against any property of the Debtors.

KS Aviation did not respond to the claim objection, and this court thereafter entered an order in the Chapter 11 case (dated November 30, 2020) which sustained the Yoons' objection and disallowed the KS Amended Claim.

On January 25, 2021, Yoon filed and served a third amended complaint in this adversary proceeding. KS Aviation timely answered the third amended complaint and asserted the counterclaims at issue, which are virtually identical to the claims asserted in its Alameda County Superior Court complaint and the KS Amended Claim. KS Aviation's counterclaims are barred by the doctrine of claim preclusion.

The preclusive effect of a federal court judgment or order is determined by federal common law. *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008). Under the federal doctrine of claim preclusion or res judicata, a

3

ORDER
Case: 20-04021    Doc# 90    Filed: 05/07/21    Entered: 05/07/21 16:03:54    Page 3 of 6

"final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal quotation marks omitted); *see also*, *e.g.*, *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 439 (2d Cir. 2000) (providing that res judicata bars a party from relitigating issues when that party had a "full and fair opportunity" to litigate the issue in a prior proceeding). Notably, preclusion applies even where "the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981); *accord Laaman v. United States*, 973 F.2d 107, 112 (2d Cir. 1992). The doctrine "protects against the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *In re Aiolova*, 496 B.R. 123, 130 (Bankr. S.D.N.Y. 2013) (internal quotation marks omitted). And it "applies with full force to matters decided by the bankruptcy courts." *In re Adelphia Recovery Trust*, 634 F.3d 678, 694 (2d Cir. 2011) (internal quotation marks omitted). In fact, the Court of Appeals has stressed that principles of finality "are particularly important in the bankruptcy context, where numerous contending claims and interests are gathered, jostle, and are determined and released." *Corbett v. MacDonald Moving Servs., Inc.*, 124 F.3d 82, 91 (2d Cir. 1997)." *In re Old Carco LLC*, 2014 U.S.Dist.LEXIS 166623, *6-7 (S.D.N.Y. 12/1/2014).

In the Ninth Circuit, federal claim preclusion applies where: "(1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002). A default judgment is a "final judgment" under the doctrine. *See EDP Med. Computer Sys. v. United States*, 480 F.3d 621 (2nd Cir. 2007).

All three elements are satisfied here. First, Daniel Yoon and KS Aviation were parties to the claim objection. Second, the proof of claim and the counterclaims are identical (or, stated alternatively, arise from the same transactional nucleus of facts). This second element requires this court to consider (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important. *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (internal citation omitted). Simply, KS Aviation's counterclaims and the KS Amended Claim are based on the same transactional facts, namely Yoon's alleged deceit and embezzlement of KS

4

Aviation corporate funds.[1]  Finally, the claim objection was resolved by a final judgment on the merits.  Claim preclusion "does not require a precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim." *EDP Med. Computer Sys. v. United States, supra,* 480 F.3d 621, 626. "A judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata, in the absence of fraud or collusion, even if obtained upon a default." *Id*.

Accordingly, the doctrine of claim preclusion applies, and the Motion is **GRANTED** without leave to amend.

The continued status conference is set for **May 28, 2021** at **11:00 a.m.** via Tele/Videoconference - www.canb.uscourts.gov/calendars.

**\* \* \* END OF ORDER \* \* \***

---

[1] As stated above, while KS Aviation's original proof of claim attached the Alameda County Superior Court complaint, the KS Amended Claim merely states that it is based on a claim for "fraud and indemnity." KS Aviation conceded in its response to the Motion, however, that "The Alameda Action formed the basis of K.S. Aviation's Proof of Claim (Claim 6-1), which was subject to Debtor's Objection to Allowance."

**COURT SERVICE LIST**

Recipients are ECF participants