Michael L. Abbott, Esq. CSB 148917
Law Offices of Michael Abbott
126 South Third Avenue
Oakdale, CA 95361
Telephone: (209) 844.5633
Facsimile: (209) 844.5632
Email: michaelleeabbott@gmail.com

Attorney for Creditors and Defendants, K.S. Aviation, Inc., John Yoon, Chen Zhao, aka Eric Zhao, Xing Kong Aviation Services, LLC and Xin Han Aviation, LLC

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA – Oakland Division

| | |
|---|---|
| In Re:<br><br>DANIEL B. YOON,<br><br>    Debtor / Plaintiff<br><br>v.<br><br>K.S. AVIATION, INC., JOHN YOON; CHEN ZHAO, aka ERIC ZHAO; XING KONG AVIATION SERVICE LLC and XIN HAN AVIATION, LLC,<br><br>    Creditor / Defendants | CASE NO. 19-42763<br>Chapter 11 Proceedings<br>Adv. Pro. No. 20-04021<br><br>ANSWER, DEFENSES AND COUNTER-CLAIMS TO FOURTH AMENDED COMPLAINT<br><br><br>Judge: Hon. Charles Novack |

Creditor and Defendants K.S. Aviation, Inc., John Yoon, Chen Zhao, aka Eric Zhao, Xing Kong Aviation Services, LLC and Xin Han , defendants in the above-captioned Chapter 11 Case (collectively referred to herein as "Defendants"), file this Answer and Defenses ("Response") in response to Plaintiff's Fourth Amended Complaint ("FAC"). Except as expressly admitted herein, the allegations of Plaintiff s FAC are denied in their entirety. For their Response, Defendants respectfully state as follows:

. . . . .

I.

## JURISDICTION AND VENUE

1. Paragraph 1 contains Plaintiff's legal conclusions to which no response is required. Admitted to the extent Paragraph 1 requires a response.

2. Paragraph 2 contains Plaintiff's legal conclusions to which no response is required. Admitted to the extent Paragraph 2 requires a response.

3. Paragraph 3 contains Plaintiff's legal conclusions to which no response is required. Admitted to the extent Paragraph 3 requires a response.

## II.
## PARTIES

4. Paragraph 4 is not directed toward Defendants and is therefore denied.

5. Defendants admit the allegations of Paragraph 5.

6. Defendants admit the allegations of Paragraph 5 except as to the allegation that Xing Kong is a successor entity to KS, which is denied and the subject of the prior decision of the Superior Court in this matter.

7. Defendants deny the allegations of Paragraph 7.

8. Defendants deny the allegations of Paragraph 8.

9. Defendants admit the allegations of Paragraph 9.

## III.
## FACTUAL ALLEGATIONS IN SUPPORT OF COMPLAINT.

10. Paragraph 10 is not directed toward Defendants and is therefore denied.

11. Defendants deny the allegations of Paragraph 11.

12. Defendants deny the allegations of Paragraph 12. Due to Plaintiff's fraudulent taking of monies from KSA, it is not possible to ascertain what if anything is owed between the parties without an accounting.

13. Defendants admit the allegations of Paragraph 13.

14. Based upon lack of information and belief, Defendants deny the allegations of Paragraph 14.

15. Defendants deny the allegations of Paragraph 15 except Lines 5 through 9.

16. Based upon lack of information and belief, Defendants deny the allegations of Paragraph 16.

17. Defendants deny the allegations of Page 4, Lines 15 through 19 and admit the allegations of Page 4 Line 20 through Page 5, Line 9.

18. Defendants admit the allegations of Page 5, Lines 10 and 11. Based upon lack of information and belief, Defendants deny the allegations of Page 5, Lines 11 through 14.

19. Defendants deny the allegations of Paragraph 19.

20. Defendants deny the allegations of Paragraph 20.

21. The allegations of Paragraph 21 are not directed to Defendants are therefore denied.

22. The allegations of Paragraph 22 are not directed to Defendants are therefore denied.

23. The allegations of Paragraph 23 are not directed to Defendants are therefore denied.

24. The allegations of Paragraph 24 are not directed to Defendants are therefore denied.

25. The allegations of Paragraph 25 are not directed to Defendants are therefore denied.

26. Defendants admit the allegations of Paragraph 26.

27. Defendants deny the allegations of Paragraph 27.

28. Defendants deny the allegations of Paragraph 28.

29. Defendants deny the allegations of Paragraph 29.

30. Defendants deny the allegations of Paragraph 30.

31. Defendants deny the allegations of Paragraph 31.

32. Defendants deny the allegations of Paragraph 32.

33. Based upon lack of information and belief, Defendants deny the allegations of Paragraph 33.

34. Based upon lack of information and belief, Defendants deny the allegations of Paragraph 34.

35. Based upon lack of information and belief, Defendants deny the allegations of Paragraph 35. It is not possible to know the truth or falsity of the allegations of Paragraph 35 without an accounting.

36. Defendants deny the allegations of Paragraph 36.

37. Defendants deny the allegations of Paragraph 37.

38. Defendants admit the allegations of Paragraph 38.

39. The allegations of Paragraph 39 are not directed to Defendants are therefore denied.

40. Defendants deny the allegations of Paragraph 40.

41. Defendants deny the allegations of Paragraph 41.

42. Defendants deny the allegations of Paragraph 42.
43. Defendants deny the allegations of Paragraph 43.
44. Defendants deny the allegations of Paragraph 44.
45. Defendants deny the allegations of Paragraph 45.
46. Defendants admit the allegations of Paragraph 46.
47. Defendants deny the allegations of Paragraph 47.
48. Defendants deny the allegations of Paragraph 48.
49. Defendants deny the allegations of Paragraph 49.
50. The allegations of Paragraph 50 are not a statement of fact but a legal conclusion and is therefore denied.
51. The allegations of Paragraph 51 are not directed to Defendants are therefore denied.
52. Defendants deny the allegations of Paragraph 52.
53. Defendants deny the allegations of Paragraph 53.
54. The allegations of Paragraph 54 are not directed to Defendants are therefore denied.
55. The allegations of Paragraph 55 are not directed to Defendants are therefore denied.
56. Defendants deny the allegations of Paragraph 56.
57. Defendants deny the allegations of Paragraph 57.
58. Defendants admit the allegations of Page 11, Line 14 through 18 and deny the allegations of Page 11, Lines 19 through 22.
59. Defendants deny the allegations of Paragraph 59.
60. Defendants deny the allegations of Paragraph 60.
61. Defendants deny the allegations of Paragraph 61.
62. Defendants deny the allegations of Paragraph 62.
63. Defendants deny the allegations of Paragraph 63.
64. Defendants deny the allegations of Paragraph 64. KS did in fact offer to indemnify Plaintiff, but Plaintiff denied the efficacy of the Settlement Agreement they now admit and did not accept the offer to indemnify Plaintiff by KS.
65. Defendants deny the allegations of Paragraph 65. KS did in fact offer to indemnify Plaintiff, but Plaintiff denied the efficacy of the Settlement Agreement they now admit and did not accept the offer to indemnify Plaintiff by KS.
66. Defendants deny the allegations of Paragraph 66.

67. Defendants deny the allegations of Paragraph 67.
68. Defendants deny the allegations of Paragraph 68.
69. Defendants deny the allegations of Paragraph 69.
70. Defendants deny the allegations of Paragraph 70.
71. Defendants deny the allegations of Paragraph 71.
72. Defendants deny the allegations of Paragraph 72.
73. Defendants deny the allegations of Paragraph 73.
74. Defendants deny the allegations of Paragraph 74.
75. Defendants deny the allegations of Paragraph 75.
76. Defendants deny the allegations of Paragraph 76.

## DEFENDANTS' DEFENSES

Defendants allege the following negative and/or affirmative defenses with respect to the purported claims for relief alleged in the FAC.

## FIRST DEFENSE

(Failure to State a Cause of Action)

As a separate and negative defense to the FAC and to each purported cause of action asserted therein, Defendants submit that the FAC and each purported cause of action asserted therein fails to state a claim against either Defendants and fails to state facts sufficient to constitute a cause of action against Defendants pursuant to Federal Rules of Civil Procedure 9 and 12(b)(6) and other applicable law. Accordingly, the FAC and the causes of action purportedly asserted therein should be dismissed.

## SECOND DEFENSE

(Statute of Limitations)

As a separate and affirmative defense to the FAC, and to each purported cause of action asserted therein, Defendants, without admitting that the FAC states a claim, submit that the FAC and each purported cause of action asserted therein, is barred by the applicable statute of limitations to the establishment of the underlying alleged debt itself. See Cal. Code Civ. Proc. §§ 337 (written contract), 338 (fraud), 339 (oral contract); see also Banks v. Gill Distribution Centers, Inc., 263 F.3d 862 (9th Cir. 2001) (there are two distinct issues for the court to consider in conducting dischargeability analysis: establishment of debt itself, which is subject to applicable state statute of limitations, and question of debt's dischargeability); Sun 'n Sand, Inc. v. United California Bank,

21 Cal.3d 671, 701 (1978) (a fraud, deceit, or intentional misrepresentation lawsuit is required to be filed within three years before plaintiff either discovered facts constituting the fraud, or with reasonable diligence could have or should have discovered those facts, whichever comes first).

## THIRD DEFENSE

(Laches)

As a separate and affirmative defense to the FAC and to each purported cause of action asserted therein, Defendants submit that the FAC and each purported cause of action asserted therein is barred by the equitable doctrine of laches.

## FOURTH DEFENSE

(Unclean Hands)

As a separate and affirmative defense to the FAC and to each purported cause of action asserted therein, Defendants submit that the FAC and each purported cause of action asserted therein is barred by the doctrine of unclean hands. Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co., 324 U.S. 806, 814 (1945) (unclean hands defense is "a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper, may have been the behavior of the defendant.").

## FIFTH DEFENSE

(Setoff/Recoupment)

As a separate and affirmative defense to the FAC and each purported cause of action asserted therein, Defendants submit that the FAC and each purported cause of action asserted therein is barred by the doctrine of setoff and/or recoupment with respect to the fraudulent activities of Plaintiff.

## SIXTH DEFENSE

(Conduct Was Justified)

As a separate and affirmative defense to the FAC and each purported cause of action asserted therein, Defendants submit that the conduct of Defendants in regard to the matters alleged in the FAC was justified, and by reason of the foregoing, Plaintiffs is barred from any recovery against Defendants.

## SEVENTH DEFENSE

### (Statute of Frauds)

As a separate and affirmative defense to the FAC and to each purported cause of action asserted therein, Defendants submit that the FAC and each purported cause of action asserted therein is barred by California's statute of frauds.

## EIGHTH DEFENSE

### (Fraud)

As a separate and affirmative defense to the FAC and to each purported cause of action asserted therein, Defendants submit that Plaintiff committed fraud in the forgery of signatures of Defendants and in taking monies from K.S. Aviation to which Plaintiffs had no right and without the approval of Defendants.

## NINTH DEFENSE

### (Plaintiff's Failure to perform)

As a separate and affirmative defense to the FAC and to each purported cause of action asserted therein, Defendants submit that Defendants fully performed any duty to indemnify Plaintiff but that Plaintiff failed and refused to cooperate with Defendants in those efforts.

## RESERVATION OF RIGHTS AND NON-WAIVER

Defendants reserve the right to assert additional defenses, including affirmative defenses, based upon further investigation and/or discovery. Defendants also reserve the right to amend or supplement this Answer based on further formal or informal discovery and/or in response to any amendments or supplements to the FAC made by Plaintiff, and for any such amendments or supplements to the Answer to relate back to the filing of the original Answer.

## DEFENDANTS' COUNTERCLAIMS

By way of their counterclaims Counter-Plaintiffs incorporate the allegations made or admitted in their Answer and their Defenses above as though fully set forth in these counterclaims against Defendants, and allege as follows:

## INTRODUCTION

1. This action arises from Defendant Daniel Bong Yoon's (" Defendant") various unlawful acts committed against KS Aviation, Inc. Defendant is an individual who worked for Plaintiff as President and Chief Financial Officer ("CFO") from May 25, 2004 to September 2016. Defendant was also a member of the Board of Directors of Plaintiff and held 500,000

shares or 50% of Defendants' outstanding common stocks from May 25,2004 to September l, 2016.

2. Plaintiff embezzled a large amount of money from KS' corporate fund throughout his employment with KS and manipulated accounting records to cover up his illegal conduct. Upon reviewing the available accounting records. KS discovered that, from 2014 to 2016 alone, Defendant embezzled more than $2 million from KS' corporate fund by various means. Despite Defendants' repeated requests, Plaintiff refused to return the corporate funds to KS. Defendants request that Plaintiff return the illegally obtained corporate fund of $2,120,787 and any corporate documents he removed when he resigned from KS in September 2016.

PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

A. That Plaintiff take nothing by way of the FAC.

B. The Court direct Plaintiff to return the corporate funds and company properties to Plaintiff, for $2,120,787;

C. The Court award Defendants punitive or exemplary damages as provided for by statute for willful and malicious conduct;

D. The Court award Plaintiff the costs of this action, including a reasonable allowance for the fees and expenses of Defendants' attorneys and experts; and

E. The Court grant such other or further relief as the Court may deem just and proper.

Respectfully submitted.

Dated:  July 10, 2022  Law Offices of Michael Abbott

By : _____/s/_____
Michael L. Abbott
Law Offices of Michael Abbott
126 South Third Avenue
Oakdale, CA 95361
michaelleeabbott@gmail.com