BERNARD J. KORNBERG (State Bar No. 252006)
PRACTUS, LLP
58 West Portal Ave PMB 782
San Francisco, CA 94127
Telephone: (341) 234-6629
Email: bernard.kornberg@practus.com

Attorneys for DAN YOON

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>DANIEL B. YOON and JEENEE S. YOON,<br><br>    Debtors. | Case No. 19-42763<br><br>Chapter 11<br><br>Adv No. 20-04021 |
| DAN YOON,<br><br>    Plaintiff,<br><br>    vs.<br><br>K.S. AVIATION, INC., JOHN YK YOON, XING KONG AVIATION SERVICE, LLC (d/b/a Sierra Academy of Aeronautics), CHEN ZHAO aka. ERIC ZHAO, and XIN HAN AVIATION LLC,<br><br>    Defendants. | **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:    January 20, 2023<br>Time:   11:00 a.m.<br><br>The Hon. Charles Novack |

    Plaintiff Dan Yoon ("Plaintiff") hereby moves the Court, pursuant to Federal Rule of Civil Procedure 56, as incorporated by Federal Rule of Bankruptcy Procedure 7056, for partial summary judgment as to defendants K.S. Aviation, Inc. and John YK Yoon on Plaintiff's fifth cause of action for Breach of Contractual Indemnity.

    This motion is supported by the memorandum of points and authorities, the declarations and other evidence cited in the motion, and the pleadings, records, and files within this adversary proceeding and the underlying bankruptcy case.

DATED: December 23, 2022       PRACTUS, LLP

                               By:    /s/ Bernard J. Kornberg
                                      BERNARD J. KORNBERG

                               Attorneys for DAN YOON

MOTION FOR PARTIAL SUMMARY JUDGMENT
4853-4070-7128, v. 2

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................................ 1

II. PERTINENT FACTS .................................................................................................................. 2

    A.    Plaintiff Acquire an Interest in KS Aviation ................................................................ 2

    B.    The KS Aviation Loans Guaranteed by Plaintiff ........................................................ 2

    C.    KSA Experiences Turmoil ......................................................................................... 3

    D.    The Settlement Agreement ........................................................................................ 4

    E.    The Default on the Guaranteed Loans ....................................................................... 4

    F.    The State Court Litigation ......................................................................................... 5

    G.    The Bankruptcy ......................................................................................................... 5

    H.    The Removal of the Case .......................................................................................... 6

III. THE COURT SHOULD GRANT PARTIAL SUMMARY JUDGMENT .............................. 6

    A.    The Undisputed Facts Show that KSA and Yoon Breached the Settlement Agreement's Indemnification Clause ........................................................................................................ 7

    B.    The Delivery of the Stock is Not a Condition Precedent to Indemnification .................... 9

IV. CONCLUSION ......................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*De La Hoya v. Slim's Gun Shop,* 80 Cal.App.3d Supp. 6 (1978) ...................................................... 8

*Frankel v. Bd. of Dental Examiners,* 46 Cal. App. 4th 534 (1996) ................................................. 10

*In re Bevan*, 327 F.3d 994 (9th Cir. 2003) ........................................................................................ 12

*In re Shook*, 278 B.R. 815 (B.A.P. 9th Cir. 2002) ............................................................................ 8

*Lortz v. Connell*, 273 Cal. App. 2d 286 (Ct. App. 1969) ............................................................... 10

*Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048 (N.D. Cal. 2004) ................................. 8

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064 (9th Cir. 2003) .... 11

*United States v. Coast Wineries*, 131 F.2d 643 (9th Cir. 1942) ..................................................... 12

*United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139 (9th Cir. 2011) ................. 12

*Verdier v. Verdier*, 133 Cal. App. 2d 325 (1955) ........................................................................... 10

**Statutes**

Cal. Civ. Code § 3300 ........................................................................................................................ 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Dan Yoon ("Plaintiff") seeks partial summary judgment against two of the defendants in this action, John YK Yoon ("John Yoon") and KS Aviation, Inc. ("KSA"). The motion is limited to Plaintiff's fifth cause of action, for Breach of Contractual Indemnity. By bringing this motion, Plaintiff seeks to resolve the initial liability issue as to these defendants, and thus narrow the remainder of the case.[1]

The issue at dispute in this cause of action is simple. Plaintiff entered into a Settlement Agreement with John Yoon and KSA. Previously in this action, the Merced State Court concluded this Settlement Agreement is enforceable, but left the issue of the breach and monetary damages to be decided later. Plaintiff seeks resolution of that issue as to John Yoon and KSA through this motion.

As part of the Settlement Agreement, John Yoon and KSA acknowledged the existence of certain loans taken out by KSA and its affiliates that were guaranteed by Plaintiff and his family. These loans were in default and collection actions were pending against Plaintiff and his family on the guarantees. Under the Settlement Agreement, John Yoon and KSA agreed to (i) "assume the liability of loan;" (ii) "make payments to those loans;" and (iii) "indemnify Dan should the loans for said items become delinquent and the creditors seek enforcement against Dan."

John Yoon and KSA did none of these things. Consequently, a judgment was entered against Plaintiff on the loans, leading to him to file bankruptcy. He has now confirmed a plan to pay these loans, which have been liquidated and allowed via timely filed proofs of claims. Plaintiff is thus damaged in the amount of these claims, which constitute a total of $1,409,383. Plaintiff is further damaged by the $64,939.50 paid to his counsel for the Bankruptcy, which constitute allowed consequential damages.

The sole defense raised by John Yoon and KSA to this cause of action is an argument that

---

[1] Plaintiff reserves all rights to file subsequent motions for summary judgment as to the remaining defendants in this action and the remaining claims in the case.

Plaintiff breached a separate portion of the Settlement Agreement by not returning his shares in KSA. But this argument cannot stand as Plaintiff has offered to return the shares, but not been provided any address to return them to. Plaintiff's lack of performance, if any, is excused. Further, the requirement that he return his shares is not a condition precedent to payments of the loan amounts, and thus even if valid, it does not excuse John Yoon and KSA's performance. Finally, this argument as to KSA is precluded under the doctrine of *res judicata* due to the prior disallowance of KSA's claim against Plaintiff in the Bankruptcy Case.

For all these reasons, the Court should grant partial summary adjudication as to KSA and John Yoon as to the fifth cause of action for Breach of Contractual Indemnity in the amount of $1,474,322.50.

## II. PERTINENT FACTS

### A. Plaintiff Acquire an Interest in KS Aviation

Around 2003, Plaintiff became acquainted with John Yoon. Declaration of Dan Yoon ("Yoon Decl.") ¶ 2. John Yoon was the sole shareholder of KSA. Yoon Decl. ¶ 3.

In January 2004, KSA, acquired a financially troubled flight school at the time located at the Oakland Airport, known as the "Sierra Academy of Aeronautics". Yoon Decl. ¶ 4. In March 2004, John Yoon obtained sorely needed operating capital for KSA by selling 50% of KSA stock to Plaintiff for $500,000. Yoon Decl. ¶ 5. Soon thereafter, KSA moved the flight school to a building Plaintiff had purchased at the Livermore, California, airport. In 2008, KSA relocated the flight school to the former site of the Castle Air Force Base in Merced County, California. Yoon Decl. ¶ 6.

### B. The KS Aviation Loans Guaranteed by Plaintiff

From 2012 to 2014 KSA obtained three business loans from Bank of the West ("BOTW"). Yoon Decl. ¶ 8, Ex. A. The first was a loan dated December 13, 2012, for $75,000, which was later extended to $400,000. Yoon Decl. ¶ 8, Ex. A. The second was a loan dated December 13, 2013, for $213,665.90. Yoon Decl. ¶ 8, Ex. A. The third was a loan dated May 1, 2014, for a total of $600,000.00. Yoon Decl. ¶ 8, Ex. A. Also on December 13, 2012, Plaintiff signed a Commercial Guaranty in which he personally and unconditionally guaranteed the debt owed by

KSA to BOTW. Yoon Decl. ¶ 8, Ex. A.

In July of 2014, BOTW loaned $1.5 million to Sierra Air Center Development, LLC ("SACD"), a subsidiary of KSA, for the purchase a Boeing 737 flight simulator. Yoon Decl. ¶ 9, Ex. B. John Yoon, KSA, Plaintiff, Plaintiff's spouse Jeenee Yoon ("Jeenee"), and Hana Japan each unconditionally guaranteed payment of BOTW's simulator loan. Yoon Decl. ¶ 9, Ex. B.

SACD also obtained a $1,543,000 SBA loan from the Bay Area Employment Development Company ("BAEDC") for the purchase of the Boeing 737 simulator. Yoon Decl. ¶ 10. Plaintiff, Jeenee, Hana Japan, and KSA each unconditionally guaranteed payment of the BAEDC simulator loan. Yoon Decl. ¶ 10.

Collectively, the BOTW loans and the BAEDC loans are the "Guaranteed Loans".

**C.   KSA Experiences Turmoil**

By the end of 2014, KSA's flight school had over 200 students and owned over 40 aircraft, a maintenance facility, an avionics shop, student housing, a cafeteria, and the Boeing 737 simulator. Yoon Decl. ¶ 11. KSA booked over $1,000,000 in net income on gross sales of $14,000,000 in 2014. Yoon Decl. ¶ 11.

In June 2013 John Yoon was injured in a motorcycle accident. Yoon Decl. ¶ 12. After taking time off to recover from his injuries, John Yoon returned to the flight school in February 2014. Yoon Decl. ¶ 12.

The relationship between John Yoon and Plaintiff deteriorated after John Yoon had returned. Yoon Decl. ¶ 13. On June 29, 2015, Plaintiff, acting as CEO and majority shareholder of KSA, caused KSA to terminate John Yoon's employment. Yoon Decl. ¶ 14. The same day, John Yoon sued KSA and Plaintiff and applied for a preliminary injunction prohibiting Plaintiff from using or encumbering KSA's personal property and for an order removing Defendant John Yoon from his executive positions with KSA. Yoon Decl. ¶ 15. Defendant John Yoon also filed a complaint with the Merced County District Attorney. On January 13, 2016, the Merced County District Attorney ("District Attorney") filed a criminal complaint against Plaintiff (*People v. Daniel Yoon*, Merced County Superior Court, No. 16-CR-00245) alleging violations of Cal. Penal. Code §§ 6813(a), 6813(b) and 470(d). Yoon Decl. ¶ 15.

3

MOTION FOR PARTIAL SUMMARY JUDGMENT

4853-4070-7128, v. 2

The Asian airlines who had regularly provided students for the flight school responded to the turmoil surrounding KSA by withholding tuition payments. Yoon Decl. ¶ 16. By the end of 2015, KSA held more than $2.5 million of unpaid and difficult to collect tuition invoices. Yoon Decl. ¶ 17. KSA's gross income declined from $14,000,000 in 2014 to $3,500,000 in 2015. Yoon Decl. ¶ 17. By August of 2016 enrollment was down to 100 students and KSA owed more than $2 million in payables. Yoon Decl. ¶ 17.

**D.     The Settlement Agreement**

In August of 2016, Plaintiff, KSA, and John Yoon entered into a Settlement Agreement and Mutual General Release (the "Settlement Agreement"). The Settlement Agreement provides, among other things, that (i) KSA will, upon meeting certain conditions, repay the Notes; and (ii) SA and John Yoon will assume the liability and indemnify Plaintiff for the Guaranteed Loans; and (iii) Plaintiff will divest his interest in KSA. Yoon Decl. ¶ 19, Ex. D.

John Yoon took sole control of KSA operations on or about September 8, 2016. Yoon Decl. ¶ 22. The IRS notified Plaintiff that he was no longer the subject of a criminal investigation on September 29, 2016. Yoon Decl. ¶ 23. In March 2017, the District Attorney and Plaintiff agreed to a plea bargain. Yoon Decl. ¶ 24. The District Attorney agreed to reduce all charges against Plaintiff to misdemeanors, fined him $150, and placed him on three years of informal probation. Yoon Decl. ¶ 24.

**E.     The Default on the Guaranteed Loans**

In March of 2016, KSA defaulted on the three BOTW business loans and, in June 2016, SACD defaulted on the BOTW simulator loan. On July 27, 2016, BOTW sued for breach of the loan and guaranty agreements on the loans (*Bank of the West v. KS Aviation, Inc.*, et al., Alameda County Superior Court, No. RG16824945) (the "BOTW Action"). Yoon Decl. ¶ 18, Ex. C.

In January 2017, BOTW, Plaintiff, Jeenee, and Hana Japan reached a settlement of the BOTW Action. Yoon Decl. ¶ 27, Ex. E. Plaintiff stipulated to entry of a $2,408,107 judgment on the Guaranteed Loans. Yoon Decl. ¶ 28, Ex. F. As part of the settlement, Plaintiff also granted a deed of trust against his residence in Dublin, California to BOTW to secure the BOTW Settlement Agreement. Yoon Decl. ¶ 29, Ex. G.

On February 27, 2017, the Alameda County Superior Court entered a judgment against Plaintiff for $2,408,107 and against Jeenee for $1,442,453.99, and a separate judgment against Hana Japan and SACD for $1,442,453.99. Yoon Decl. ¶ 30, Ex. H.

BOTW took possession of the flight simulator, sold it, and applied a portion of the cash proceeds to partially satisfy its judgments against Plaintiff, Jeenee, Hana Japan and SADC. Yoon Decl. ¶ 31.

F.      **The State Court Litigation**

This action was initiated by the March 2, 2017, filing of a complaint by Plaintiff against defendant KSA in Merced County Superior Court. Compl. [Dkt. # 5]. The complaint was subsequently amended to add John Yoon, Xing Kong, and Chen Zhao as defendants.

The gravamen of the complaint at that time was that a settlement agreement between Plaintiff and KSA (the "Settlement Agreement"), in which Plaintiff agreed to relinquish his shares and control of KSA to John Yoon, was unenforceable. The complaint also brought fraudulent transfer claims against the non-KSA defendants for transferring KSA property without sufficient consideration. Finally, the complaint sought repayment to Plaintiff of certain loans to KSA and for contractual indemnity from KSA regarding a loan which Plaintiff guaranteed. Compl. [Dkt. # 5].

On May 19, 2020, Plaintiff filed an application to compel a shareholder meeting of KSA. Declaration of Eric S. Beiswanger, ¶ 7 [Dkt. #88]. In response, the state court determined it needed to bifurcate the case and ordered a trial solely on the issue as to the enforceability of the settlement agreement. *Id*.

The trial was held on October 15, 2019. In a statement of decision, the state court concluded that the settlement agreement was enforceable, but that any claims for damages under the settlement agreement by Plaintiff were to be decided later. Statement of Decision, p.12 [Dkt. #13].

G.      **The Bankruptcy**

On December 19, 2019, Plaintiff filed for Chapter 11 bankruptcy in this Court as Case Number 19-42763 (the "Bankruptcy Case"). Voluntary Petition, [Bky. Dkt. #1].

BOTW filed Proof of Claim 3-1 in the Bankruptcy Case, asserting a fully secured claim of $1,148,868.82 arising out of the judgment on the defaulted loans. Proof of Claim 3-1.

BAEDC filed Proof of Claim 2-1 in the Bankruptcy Case, asserting an unsecured claim of $260,514.18 for the guaranty of the simulator loan. Proof of Claim 2-1.

On February 25, 2019, KSA filed Proof of Claim 6-1. On March 30, 2020, Proof of Claim 6-1 was amended as Proof of Claim 6-2. Proof of Claim 6-2. On October 21, 2020, Plaintiff objected to Proof of Claim 6-2 on that ground that it was unenforceable. Objection to Claim [Bky. Dkt. #117]. The Court sustained the objection and disallowed Proof of Claim 6-2. Order Sustaining Objection [Bky. Dkt. #137].

On November 3, 2020, Plaintiff filed his operative Chapter 11 Plan. The Plan proposed to Pay the BOTW claim in full at 5.25% interest. As to the BAEDC claim, the Plan proposed to pay it on a pro-rata basis based on the proceeds of the sale of certain properties and any recovery in this litigation. Second Amended Chapter 11 Plan [Bky. Dkt. #169]. On August 10, 2021, the Court confirmed the Plan. Order Confirming Plan [Bky. Dkt. #188].

On September 9, 2021, the Court granted an award to Lawrence Szabo, Debtor's main case bankruptcy counsel, for $64,939.50 as fees and costs incurred in prosecuting the Bankruptcy Case. Fee Award [Bky. Dkt. #203].

**H.  The Removal of the Case**

On March 4, 2020, Plaintiff removed this action to the Bankruptcy Court for the Eastern District of California. Notice of Removal [Dkt. #1]. Plaintiff then successfully moved to have the case transferred to this Court. Order on Motion to Transfer Case [Dkt. #35]. Due to the State Court's ruling that the Settlement Agreement was enforceable, Plaintiff proceeded with litigation as to the breach of the Settlement Agreement and related claims.

### III. THE COURT SHOULD GRANT PARTIAL SUMMARY JUDGMENT

The operative complaint in this matter is the fourth amended complaint (the "FAC"). FAC [Dkt. #122]. The FAC brings a cause of action for Breach of Contractual Indemnity against KSA and John Yoon, amongst others. This cause of action alleges that KSA and John Yoon failed to perform under section 3 of the Settlement Agreement, which requires KSA and John Yoon to pay

6

MOTION FOR PARTIAL SUMMARY JUDGMENT

certain loans guaranteed by Plaintiff and to indemnify Plaintiff for any creditor action brough on those guaranties. FAC at ¶¶ 62-66 [Dkt. 122]. Plaintiff seeks partial summary judgment as to KSA and John Yoon on this cause of action only.

**A.  The Undisputed Facts Show that KSA and Yoon Breached the Settlement Agreement's Indemnification Clause**

Section 3 of the Settlement Agreement provides as follows.

> Dan further agrees and recognizes that the simulator facility and its contents are not part of the EB-5 regional investment program, thus said facility and its contents belong to KS Aviation, Inc. and are an integral part of its marketing strategy and future pilot training programs and critical to future relationships with domestic and international customers. KS Aviation, Inc. **will assume the liability of loan made to the simulator and make payments to those loans**. In recognition of Dan's agreement that KS Aviation, lnc.'s owns the simulator facility and its contents; **John and KS Aviation, Inc. agree to indemnify Dan should the loans for said items become delinquent and the creditors seek enforcement against Dan.**

Settlement Agreement at § 3, Ex. D to Yoon Decl. (emphasis added). The undisputed facts show that KS Aviation and John Yoon defaulted on its obligations under this section of the Settlement Agreement.

The Settlement Agreement was entered into in August of 2016. Yoon Decl. ¶ 19. At that time, BOTW had already brought legal action against Plaintiff, KS Aviation, and John Yoon to collect on the loans guaranteed by Plaintiff. Complaint, Ex. C to Yoon Decl. The BAEDC loans were in default, though no collection action was brought. Yoon Decl. ¶ 25. Accordingly, the purpose of this provision of the Settlement Agreement is clear. Plaintiff was unable to pay on the guarantees himself. Yoon Decl. ¶ 20. As a condition of settlement, KS Aviation and John Yoon were to reinstate and pay the Guaranteed Loans, and thus prevent the collection action against Plaintiff and his family members. Yoon Decl. ¶ 20. KS Aviation and John Yoon were aware of these facts as part of the settlement negotiations. Yoon Decl. ¶ 21.

KSA and John Yoon failed to make payment the payments promised under the Settlement Agreement. Yoon Decl. ¶ 30. As a direct consequence, on February 27, 2017, BOTW received a judgment against Plaintiff for $2,408,107. Yoon Decl. ¶ 30. KSA and John Yoon then failed to pay the judgment amount. Yoon Decl. ¶ 32. KSA and John Yoon thus breached the Settlement

Agreement by (i) failing to "make payments to those loans"; and (ii) failing to indemnify Dan should the loans for said items become delinquent and the creditors seek enforcement against Dan.

Plaintiff has been damages in the amount owed on the Guaranteed Loans. The total amount owed by the Yoon on the Guaranteed Loans is $1,409,383, constituting $1,148,868.82 as to Bank of the West and $260,514.18 for Bay Area Employment Development Company. These amounts were claimed by each entity via a timely filed proof of claim in Plaintiff's Bankruptcy. Proof of Claim 2-1, 3-1. The plan was confirmed Order Confirming Plan [Bky. Dkt. #188]. The claims are final and allowed, and the damages liquidated. *See In re Shook*, 278 B.R. 815, 822 (B.A.P. 9th Cir. 2002).

Plaintiff has been further damaged by the attorneys' fees and costs incurred in filing the Bankruptcy Case. On September 9, 2021, the Court granted an award to Lawrence Szabo, Debtor's main case bankruptcy counsel, for $64,939.50 as fees and costs incurred in prosecuting the Bankruptcy Case. Fee Award [Bky. Dkt. #203].

"[I]n California, a party may recover attorney fees not only on a statutory/contractual fee-shifting basis, but also as consequential damages in breach of contract actions when those fees are foreseeable and proximately caused by the breach." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (*citing to De La Hoya v. Slim's Gun Shop,* 80 Cal.App.3d Supp. 6, 10 (1978)); see also Cal. Civ. Code § 3300 ("For the breach of an obligation arising from contract, the measure of damages, . . . is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby").

KSA and John Yoon were aware, when the Settlement Agreement was entered into, that the guaranties on the loans to KS Aviation were causing Plaintiff financial stress. Yoon Decl. ¶ 21. That is why Plaintiff included this clause in the Settlement Agreement. Yoon Decl. ¶ 20. This BOTW Judgment was the cause of Plaintiff filing for Chapter 11 bankruptcy. Yoon Decl. ¶ 33. Accordingly, the attorneys' fees incurred in the bankruptcy are additional damages proximately caused by the failure of KSA and John Yoon to honor the Settlement Agreement.

They are thus properly included as a measure of damages for the breach.[2]

**B.     The Delivery of the Stock is Not a Condition Precedent to Indemnification**

On November 1, 2021, Plaintiff served written interrogatories on KSA and John Yoon, each of which requested that they "[s]et forth all facts that support your contention that You have complied with all obligations owed under Paragraph 3 of the Settlement Agreement." Plaintiff's Interrogatories to KSA, Set One, Interrogatory #12, Ex. I to Declaration of Bernard Kornberg ("the Kornberg Decl."); Plaintiff's Interrogatories to KSA, Set One, Interrogatory #13, Ex. J to Kornberg Decl.

Both KSA and John Yoon provided the same response to this interrogatory.

> Objection. This interrogatory question has been asked and answered in multiple depositions, written discovery and trial testimony in this matter previously. Plaintiff is directed to the record and prior discovery in this matter. Without waiving this objection, Defendant avers that all such duties, if due, are contingent upon Plaintiff performing his duties under the Settlement Agreement, including the court-ordered return of corporate shares in his possession. Immediately after executing the Settlement Agreement (with the counsel and advice of his counsel, Cyril Lawrence,) Plaintiff repudiated the Settlement Agreement and its efficacy until a court decree to the contrary, at which time, Plaintiff began to claim that the Settlement Agreement was enforceable. All potential duties owed by Defendant KS Aviation are inchoate, based upon the performance of the Settlement Agreement by Plaintiff.

KSA Response to Interrogatories, Set One, Ex. K to Kornberg Decl.; John Yoon Response to Interrogatories, Set One, Ex. L to Kornberg Decl.

The corporate shares referred to in the interrogatory responses arises out of section 2 of the Settlement Agreement, which provides that

> Dan agrees relinquish all his shares of stock in KS Aviation, Inc., return all his shares to the corporation, and agrees to return any and all company property, including vehicles, computers, telephones, software, keys, company credit cards and any all airport security passes. However, any funds owed to Dan that are clearly and legally documented as official loans by Dan to the corporation will be determined by an accredited outside and neutral Certified Public Accountant. Such funds will be repaid once the Company has

---

[2] Upon entry of a final judgment, Plaintiff will also seek an award of attorneys' fees and costs for prosecuting this action as provided for by Civil Local Rule 54-5.

> regained its financial footing and all past due debts are brought current, all pending judgements against the Company are resolved and that' sufficient operating capital is on hand to meet current business requirements including updating of the aircraft fleet and maintenance operations.

Settlement Agreement at § 2, Ex. D to Yoon Decl. Therefore, the sole ground KSA and John Yoon assert for non-performance is the allegation that Plaintiff did not comply with his obligation to provide the stock certificates as set forth in section 2 of the Settlement Agreement.

**First**, this argument fails as KSA and John Yoon have prevented performance. Plaintiff has stated he will return the shares upon being told the location to deliver the shares. Yoon Decl, ¶ 36; Kornberg Decl., ¶ 7, Ex. M. KSA and John Yoon have acknowledged the request, but never provided an actual location for delivery. Kornberg Decl., ¶ 8. Without knowing where to deliver the shares, Plaintiff has no actual way to deliver them. Under California law, "prevention of performance by one party to a contract excuses performance by the other." *Lortz v. Connell*, 273 Cal. App. 2d 286, 290 (Ct. App. 1969). Therefore, Plaintiff's performance is excused.

**Second**, this argument fails as it is irrelevant to the contractual obligation at issue. An alleged breach of a contractual obligation of a plaintiff only bars recovery if the covenant plaintiff seeks to enforce is dependent on the same covenant plaintiff breached. *Verdier v. Verdier*, 133 Cal. App. 2d 325, 334 (1955) ("Whether breach of the agreement not to molest bars Mrs. Verdier's recovery of agreed support payments raises the question whether the two covenants are dependent or independent. If the covenants are independent, breach of one does not excuse performance of the other").

To determine if the clause is dependent, the proper analysis is to determine if the clause the clause that Plaintiff breached is a condition precedent to the clause Plaintiff seeks to enforce. *Id*. at 334. In doing so, the Court is guided by the maxim that "no obligation of a contract is to be regarded as a condition precedent unless made so by express terms or necessary implication." *Id.*; *see also Frankel v. Bd. of Dental Examiners,* 46 Cal. App. 4th 534, 550 (1996) ("courts shall not construe a term of the contract so as to establish a condition precedent absent plain and unambiguous contract language to that effect").

Here, Plaintiff seeks to enforce section 3 of the Settlement Agreement. This section solely discusses the payment by KS Aviation and John Yoon of the loans to KSA which Plaintiff and his family guaranteed. No language expressly states that the obligation to indemnify is contingent on any other obligation set forth elsewhere in the Settlement Agreement. In contrast, the portion of the Settlement Agreement out of which the agreement to relinquish shares is section 2. This section discusses Plaintiff relinquishing his ownership interest in KSA, but maintaining his right to payment by KSA on the loans given by him to KSA.

There is no language in the Settlement Agreement tying Section 3 to Section 2, or otherwise providing "plain and unambiguous contract language" that the provisions of Section 3 shall only be enforceable upon performance by Plaintiff of Section 2. Therefore, the covenants of section 2 and section 3 are independent and a breach of one is not a basis to excuse performance of the other.

**Third**, on February 25, 2020, KSA filed a proof of claim in the Bankruptcy for $2,120,787.00 which asserts claims against Plaintiff for alleged corporate malfeasance during his time as an officer of KSA. On October 21, 2020, Plaintiff objected to Proof of Claim 6-2 on that ground that there was no legal basis for enforcement. Objection to Claim [Bky. Dkt. #117]. The Court sustained the objection and disallowed Proof of Claim 6-2 of the merits. Order Sustaining Objection [Bky. Dkt. #137]. This disallowance constitutes a prior judgment which precludes relitigation of the breach of the Settlement Agreement under the doctrine of *res judicata*.

*Res judicata* applies when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). These elements are met here.

First, there is an identity of claims. "The fact that res judicata depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated." *Tahoe-Sierra*, 322 F.3d at 1077–78. "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001). "[I]n

11
MOTION FOR PARTIAL SUMMARY JUDGMENT

most res judicata cases, the inquiry about the 'same transactional nucleus of facts' *is the same inquiry as* whether the claim could have been brought in the previous action." *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1152 (9th Cir. 2011) (emphasis in original).

Claim 6 arises out of a complaint which alleged wrongdoing by Plaintiff during his time as an officer of KS Aviation. Claim 6-1.[3] While the complaint attached to Claim 6-1 did not bring a claim for breach of the Settlement Agreement, the complaint acknowledged that "Yoon and [Plaintiff] reached a Settlement Agreement in which [Plaintiff] agreed to immediately resign from all positions he held at KS Aviation and return all shares of KS Aviation to Yoon." Thus while Claim 6 does not directly allege a breach of the Settlement Agreement, it raises facts arising out of Plaintiff's time as an officer of KSA that lead to the Settlement Agreement, and expressly relies on the Settlement Agreement as a plead fact supporting the claims. Therefore, a claim for breach of the Settlement Agreement itself, which directly relates to Plaintiff's time as an officer of KSA, could have been brought in Claim 6. The transactional test is met and there is an identity of claims.

Second, there is a final judgment on the merits. "[A]n order disallowing a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata." *United States v. Coast Wineries*, 131 F.2d 643, 648 (9th Cir. 1942); *see also In re Bevan*, 327 F.3d 994, 997 (9th Cir. 2003).

Third, there is an identity of parties. KSA is the claimant on Claim 6. KSA is a defendant in this case. Accordingly, res judicata bars any claim for breach of the Settlement Agreement by KSA.

## IV. CONCLUSION

For the reasons set forth above, the Court should grant partial summary adjudication as to KSA and John Yoon as to the fifth cause of action for Breach of Contractual Indemnity in the amount of $1,474,322.50.

---

[3] Plaintiff would later amend Proof of Claim 6-1, but the amended claim did not attach a writing. Plaintiff thus refers to Claim 6-1, which attached the complaint.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: December 23, 2022 | PRACTUS, LLP |
| 3 | | |
| 4 | | |
| 5 | | By: /s/ Bernard J. Kornberg |
| 6 | | BERNARD J. KORNBERG |
| 7 | | Attorneys for DAN YOON |

13
MOTION FOR PARTIAL SUMMARY JUDGMENT

4853-4070-7128, v. 2