Michael L. Abbott, Esq. CSB 148917
Law Offices of Michael Abbott
126 South Third Avenue
Oakdale, CA 95361
Telephone: (209) 844.5633
Facsimile: (209) 844.5632
E-MAIL: solvableproblems@gmail.com

Attorney for Defendants and Cross-Complainants

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA – Oakland Division

In Re:

DANIEL B. YOON,

    Debtor / Plaintiff

v.

K.S. AVIATION, INC., JOHN YOON; CHEN ZHAO, aka ERIC ZHAO; XING KONG AVIATION SERVICE LLC, and DOES 1-20,

    Creditor / Defendant

KS AVIATION, INC.; JOHN YOON,

    Cross-Complainants,

vs.

DAN YOON, and ROES 1 through 50,

    Cross- Defendants

CASE NO. 19-42763
Chapter 11 Proceedings
Adv. Pro. No. 20-04021

RESPONSES TO INTERROGATORIES TO KS AVIATION, INC.
SET ONE

PROPOUNDING PARTY: Dan Yoon ("Plaintiff")
RESPONDING PARTY: K S AVIATION, INC. ("Defendant")
SET NUMBER: ONE (1).

COMES NOW DEFENDANT K S AVIATION, INC., and responds to the interrogatories from Plaintiff as follows:

It should be noted that this responding party has not fully completed its investigation of the facts relating to this case, has not fully completed the discovery in this action, and has not completed preparation of trial.

All of the responses contained herein are based only upon such information and documents that are presently available to and specifically known to this responding party and disclose only those contentions that presently occur to such responding party. It is anticipated that further discovery, independent investigations, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to changes in, and variations from the contentions herein set forth.

The following responses are given without prejudice to the responding party's right to produce evidence of any subsequently discovered fact or facts that this responding party may later recall.

Responding party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made.

The responses contained herein are made in good faith effort to supply as much factual information and as much specification of legal contentions as is presently known but should in no way be to the prejudice of the answering party in relation to further discovery, research and analysis.

## **GENERAL OBJECTION.**

This responding party objects to the discovery propounded herein to the extent the discovery is duplicative to previously propounded discovery and has been asked and answered by one or more of Plaintiff's several other attorneys in this and related matters. Plaintiff's present counsel is directed to the discovery responses, both written and in deposition and in trials between the parties hereto. It is not the duty of this answering party to respond to the same or substantially identical discovery propounded redundantly by Plaintiff's various attorneys.

/ / / / /

## RESPONSES

**RESPONSE TO INTERROGATORY NUMBER 1:**

Objection. The interrogatory is vague and incomprehensible. Defendant does not know and is not willing to speculate regarding what Plaintiff means by "affiliates."

**RESPONSE TO INTERROGATORY NUMBER 2:**

Objection. This interrogatory question has been asked and answered in multiple depositions, written discovery and trial testimony in this matter previously. Plaintiff is directed to the record and prior discovery in this matter. Without waving this objection, Defendant declares that it is not in operation at this time.

**RESPONSE TO INTERROGATORY NUMBER 3:**

Objection. This interrogatory question has been asked and answered in multiple depositions, written discovery and trial testimony in this matter previously. Plaintiff is directed to the record and prior discovery in this matter. Without waving this objection, Defendant declares that it is not presently doing business.

**RESPONSE TO INTERROGATORY NUMBER 4:**

None.

**RESPONSE TO INTERROGATORY NUMBER 5:**

None.

**RESPONSE TO INTERROGATORY NUMBER 6:**

Objection, this interrogatory calls for a legal conclusion, which Defendant is not able to provide. Without waiving this objection, Defendant declares that all such duties, if due, are contingent upon Plaintiff performing his duties under the Settlement Agreement, including the court-ordered return of corporate shares in his possession. Immediately after executing the Settlement Agreement (with the counsel and advice of his counsel, Cyril Lawrence,) Plaintiff repudiated the Settlement Agreement and its efficacy until a court decree to the contrary, at which time, Plaintiff began to claim that the Settlement Agreement was enforceable. All potential duties owed by Defendant KS Aviation are inchoate, based upon the performance of the Settlement Agreement by Plaintiff.

**RESPONSE TO INTERROGATORY NUMBER 7:**

Objection. This interrogatory question has been asked and answered in multiple depositions, written discovery and trial testimony in this matter previously. Plaintiff is directed

EXHIBIT K

to the record and prior discovery in this matter. Without waiving this objection, Defendant avers that all such duties, if due, are contingent upon Plaintiff performing his duties under the Settlement Agreement, including the court-ordered return of corporate shares in his possession. Immediately after executing the Settlement Agreement (with the counsel and advice of his counsel, Cyril Lawrence,) Plaintiff repudiated the Settlement Agreement and its efficacy until a court decree to the contrary, at which time, Plaintiff began to claim that the Settlement Agreement was enforceable. All potential duties owed by Defendant KS Aviation are inchoate, based upon the performance of the Settlement Agreement by Plaintiff. Defendant has not engaged any accountants to address the issues in the complaint on file herein and will not / cannot until Plaintiff performs hos duties thereunder.

**RESPONSE TO INTERROGATORY NUMBER 8:**

Objection. This interrogatory question has been asked and answered in multiple depositions, written discovery and trial testimony in this matter previously. Plaintiff is directed to the record and prior discovery in this matter. Without waiving this objection, Defendant avers that all such duties, if due, are contingent upon Plaintiff performing his duties under the Settlement Agreement, including the court-ordered return of corporate shares in his possession. Immediately after executing the Settlement Agreement (with the counsel and advice of his counsel, Cyril Lawrence,) Plaintiff repudiated the Settlement Agreement and its efficacy until a court decree to the contrary, at which time, Plaintiff began to claim that the Settlement Agreement was enforceable. All potential duties owed by Defendant KS Aviation are inchoate, based upon the performance of the Settlement Agreement by Plaintiff. Defendant has not engaged any accountants to address the issues in the complaint on file herein and will not / cannot until Plaintiff performs hos duties thereunder.

**RESPONSE TO INTERROGATORY NUMBER 9:**

Objection. This interrogatory question has been asked and answered in multiple depositions, written discovery and trial testimony in this matter previously. Plaintiff is directed to the record and prior discovery in this matter. Without waiving this objection, Defendant avers that all such duties, if due, are contingent upon Plaintiff performing his duties under the Settlement Agreement, including the court-ordered return of corporate shares in his possession. Immediately after executing the Settlement Agreement (with the counsel and advice of his counsel, Cyril Lawrence,) Plaintiff repudiated the Settlement Agreement and its efficacy until a

EXHIBIT K

court decree to the contrary, at which time, Plaintiff began to claim that the Settlement Agreement was enforceable. All potential duties owed by Defendant KS Aviation are inchoate, based upon the performance of the Settlement Agreement by Plaintiff. Defendant has not engaged any accountants to address the issues in the complaint on file herein and will not / cannot until Plaintiff performs hos duties thereunder.

**RESPONSE TO INTERROGATORY NUMBER 10:**

Objection. This interrogatory question has been asked and answered in multiple depositions, written discovery and trial testimony in this matter previously. Plaintiff is directed to the record and prior discovery in this matter. Without waiving this objection, Defendant avers that all such duties, if due, are contingent upon Plaintiff performing his duties under the Settlement Agreement, including the court-ordered return of corporate shares in his possession. Immediately after executing the Settlement Agreement (with the counsel and advice of his counsel, Cyril Lawrence,) Plaintiff repudiated the Settlement Agreement and its efficacy until a court decree to the contrary, at which time, Plaintiff began to claim that the Settlement Agreement was enforceable. All potential duties owed by Defendant KS Aviation are inchoate, based upon the performance of the Settlement Agreement by Plaintiff. Defendant has not engaged any accountants to address the issues in the complaint on file herein and will not / cannot until Plaintiff performs hos duties thereunder.

**RESPONSE TO INTERROGATORY NUMBER 11:**

Objection. This interrogatory question has been asked and answered in multiple depositions, written discovery and trial testimony in this matter previously. Plaintiff is directed to the record and prior discovery in this matter. Without waiving this objection, Defendant avers that all such duties, if due, are contingent upon Plaintiff performing his duties under the Settlement Agreement, including the court-ordered return of corporate shares in his possession. Immediately after executing the Settlement Agreement (with the counsel and advice of his counsel, Cyril Lawrence,) Plaintiff repudiated the Settlement Agreement and its efficacy until a court decree to the contrary, at which time, Plaintiff began to claim that the Settlement Agreement was enforceable. All potential duties owed by Defendant KS Aviation are inchoate, based upon the performance of the Settlement Agreement by Plaintiff. Defendant has not engaged any accountants to address the issues in the complaint on file herein and will not / cannot until Plaintiff performs hos duties thereunder.

EXHIBIT K

**RESPONSE TO INTERROGATORY NUMBER 12:**

Objection. This interrogatory question has been asked and answered in multiple depositions, written discovery and trial testimony in this matter previously. Plaintiff is directed to the record and prior discovery in this matter. Without waiving this objection, Defendant avers that all such duties, if due, are contingent upon Plaintiff performing his duties under the Settlement Agreement, including the court-ordered return of corporate shares in his possession. Immediately after executing the Settlement Agreement (with the counsel and advice of his counsel, Cyril Lawrence,) Plaintiff repudiated the Settlement Agreement and its efficacy until a court decree to the contrary, at which time, Plaintiff began to claim that the Settlement Agreement was enforceable. All potential duties owed by Defendant KS Aviation are inchoate, based upon the performance of the Settlement Agreement by Plaintiff.

**RESPONSE TO INTERROGATORY NUMBER 13:**

John Yoon and Chen Zhao. Addresses and phone numbers are those of counsel for Defendants, Michael Abbott, Law Offices of Michael Abbott, 126 South Third Ave., Oakdale, CA 95361. 209.844.5633.

**RESPONSE TO INTERROGATORY NUMBER 14:**

Objection. This interrogatory question has been asked and answered in multiple depositions, written discovery and trial testimony in this matter previously. Without waving this objection, John Yoon and Dan Yoon. Further, Dan Yoon has declared under penalty of perjury that shares were also awarded to Dan Yoon's cohorts. The signatures of John Yoon on those share resolutions has been found to be a forgery. Defendant does not know and cannot speculate how many shares were hypothecated by Dan Yoon and given to Dam Yoon's co-conspirators.

**RESPONSE TO INTERROGATORY NUMBER 15:**

Unknown. Defendant cannot speculate about a document with which he has not been presented for authentication. Defendant does not know to which document Plaintiff refers.

**RESPONSE TO INTERROGATORY NUMBER 16:**

Objection. This interrogatory question has been asked and answered in multiple depositions, written discovery and trial testimony in this matter previously. Plaintiff is directed to the record and prior discovery in this matter. Without waiving this objection, Defendant avers that all such duties, if due, are contingent upon Plaintiff performing his duties under the Settlement Agreement, including the court-ordered return of corporate shares in his possession.

Immediately after executing the Settlement Agreement (with the counsel and advice of his counsel, Cyril Lawrence,) Plaintiff repudiated the Settlement Agreement and its efficacy until a court decree to the contrary, at which time, Plaintiff began to claim that the Settlement Agreement was enforceable. All potential duties owed by Defendant KS Aviation are inchoate, based upon the performance of the Settlement Agreement by Plaintiff.

**RESPONSE TO INTERROGATORY NUMBER 17:**

Objection. This interrogatory question has been asked and answered in multiple depositions, written discovery and trial testimony in this matter previously. Plaintiff is directed to the record and prior discovery in this matter. Without waiving this objection, Defendant avers that all such duties, if due, are contingent upon Plaintiff performing his duties under the Settlement Agreement, including the court-ordered return of corporate shares in his possession. Immediately after executing the Settlement Agreement (with the counsel and advice of his counsel, Cyril Lawrence,) Plaintiff repudiated the Settlement Agreement and its efficacy until a court decree to the contrary, at which time, Plaintiff began to claim that the Settlement Agreement was enforceable. All potential duties owed by Defendant KS Aviation are inchoate, based upon the performance of the Settlement Agreement by Plaintiff.

**RESPONSE TO INTERROGATORY NUMBER 18:**

Objection. This interrogatory question has been asked and answered in multiple depositions, written discovery and trial testimony in this matter previously. Plaintiff is directed to the record and prior discovery in this matter. Without waiving this objection, Defendant avers that all such duties, if due, are contingent upon Plaintiff performing his duties under the Settlement Agreement, including the court-ordered return of corporate shares in his possession. Immediately after executing the Settlement Agreement (with the counsel and advice of his counsel, Cyril Lawrence,) Plaintiff repudiated the Settlement Agreement and its efficacy until a court decree to the contrary, at which time, Plaintiff began to claim that the Settlement Agreement was enforceable. All potential duties owed by Defendant KS Aviation are inchoate, based upon the performance of the Settlement Agreement by Plaintiff.

**RESPONSE TO INTERROGATORY NUMBER 19:**

Objection. This interrogatory question has been asked and answered in multiple depositions, written discovery and trial testimony in this matter previously. Plaintiff is directed to the record and prior discovery in this matter.

**RESPONSE TO INTERROGATORY NUMBER 20:**

Objection. This interrogatory question has been asked and answered in multiple depositions, written discovery and trial testimony in this matter previously. Plaintiff is directed to the record and prior discovery in this matter.

**RESPONSE TO INTERROGATORY NUMBER 21:**

Objection. This interrogatory question has been asked and answered in multiple depositions, written discovery and trial testimony in this matter previously. Plaintiff is directed to the record and prior discovery in this matter.

**RESPONSE TO INTERROGATORY NUMBER 22:**

Objection. This interrogatory question has been asked and answered in multiple depositions, written discovery and trial testimony in this matter previously. Plaintiff is directed to the record and prior discovery in this matter.

**RESPONSE TO INTERROGATORY NUMBER 23:**

Objection. This interrogatory question has been asked and answered in multiple depositions, written discovery and trial testimony in this matter previously. Plaintiff is directed to the record and prior discovery in this matter.

**RESPONSE TO INTERROGATORY NUMBER 24:**

EEOC v KS Aviation, et al. United States District Court, Fresno

KS v Bassco  Merced County Superior Court

Lawrence v KS, et al. Merced County Superior Court

K S Aviation v Yoon, Alameda County Superior Court

**RESPONSE TO INTERROGATORY NUMBER 25:**

This answering party does not know the identity of all persons that may be called as witnesses at trial. John Yoon is a defendant in this matter. Dan Yoon is the plaintiff in this portion of this action. Dan Yoon has been described by the Superior Court judge in this matter as an untruthful witness at the trial of the cross-complaint in this matter. It cannot be anticipated what falsehoods Dan Yoon will create to prevail on his false claims or what witnesses will be required to rebut the falsehoods Dan Yoon and Cyril Lawrence may create.

./ / / / /

Date: November 20, 2021         Law Offices of Michael Abbott

                                By: *[signature]*

                                    Michael L. Abbott

## Verification

I, ~~Eric~~ Chen Zhao, declare that I am an adult, over the age of 18 years and an officer of K S Aviation, Inc., a party to the above-entitled action. I have personal knowledge of the matters stated herein and would be competent to testify as to the truthfulness thereof, if required. I have read and reviewed the foregoing Responses to Special Interrogatories, Set One and know the contents thereof. The same is true of my own personal knowledge. I declare under penalty under the laws of the United States of America that the foregoing is true and correct and that this Verification is made on November 20, 2021.

*[Signature]*

~~Eric~~ Zhao
Chen