Michael L. Abbott, Esq. CSB 148917
Law Offices of Michael Abbott
126 South Third Avenue
Oakdale, CA 95361
Telephone: (209) 844.5633
Facsimile: (209) 844.5632
Email: michaelleeabbott@gmail.com

Attorney for Creditors and Defendants, K.S. Aviation, Inc., John Yoon, Chen Zhao, aka Eric Zhao, Xing Kong Aviation Services, LLC and Xin Han Aviation, LLC

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA – Oakland Division

| | |
|---|---|
| In Re:<br><br>DANIEL B. YOON,<br><br>　　　　Debtor / Plaintiff<br><br>v.<br><br>K.S. AVIATION, INC., JOHN YOON;<br>CHEN ZHAO, aka ERIC ZHAO; XING<br>KONG AVIATION SERVICE LLC and<br>XIN HAN AVIATION, LLC,<br><br>　　　　Creditor / Defendants | CASE NO. 19-42763<br>Chapter 11 Proceedings<br>Adv. Pro. No. 20-04021<br><br>BRIEF IN OPPOSITION TO<br>MOTION FOR PARTIAL SUMMARY<br>JUDGMENT<br><br>DATE: JANUARY 20, 2022<br>TIME: 11:00 A.M.<br>LOCATION: VIA ZOOM<br>Judge: Hon. Charles Novack |

COME NOW Defendants Creditors and Defendants, K.S. Aviation, Inc., John Yoon, Chen Zhao, aka Eric Zhao, Xing Kong Aviation Services, LLC and Xin Han Aviation, LLC ("Defendants") and present their Brief In Opposition To Motion For Partial Summary Judgment as follows:

### 1.
### Introduction And Statement of Facts.

While Defendants take issue with the recitation of facts in the subject motion, the correctness of those facts is immaterial to this motion. The material disputed fact that mandates the denial of Plaintiff's motion for summary relief is a matter of record in the prior trial of this case.

As was established at the trial previously held in this matter, On October 4, 2016, one month after the execution of the Settlement Agreement in this matter, KS Aviation attempted to assume the subject debt alleged by Bank of the West. At the trial on KS's cross-complaint in this matter, it was established that Bob Deklinski on behalf of KS Aviation, approached Bank of the West in efforts to assume the debt alleged by Bank of the West.

An email from Bank of the West to KS Aviation dated September 27, 2016 detailed the steps and documents necessary for the assumption of the subject loan. Bob Deklinski forwarded the demands of Bank of the West to Dan Yoon, with a request for financial information. Mr. Deklinski also forwarded the deadline for the submission of the demanded financial information.

That email communication was admitted into evidence in this case at the trial in Merced County Superior Court as Exhibit 109. A true and correct copy of the email correspondence, admitted in evidence as Exhibit 109, is attached as Exhibit "A" to the Declaration of Bob Deklinski. See also The Superior Court trial Exhibit List, attached as Exhibit "A" to the Declaration of Michael Abbott, served and filed herewith, wherein Exhibit 109 was admitted into evidence.

Defendants prevailed at trial on their cross-complaint. In his Statement of Decision, at Page 10, Lines 11 through 15, Judge Ronald Hansen ruled as follows:

> John and KS are liable to indemnifying Dan against any sums he is forced to pay on the simulator loans and resulting judgments. This issue remains to be resolved. This is a matter of money damages. **The issues of performance and/or excused performance due to Dan's breach in failing to transfer his KS stock, alleged failure to cooperate with completing Bank of the West documents, etc. are all issues to be tried.**

(See Statement of Decision at Docket 12)
(emphasis added)

Dan Yoon made the assumption of the Band of the West loans impossible, primarily because his former attorney maintained through the trial of the cross-complaint, that the Settlement Agreement was illusory and unenforceable. Then, according to his own testimony herein, he settled with Bank of the West without the involvement of John Yoon and KS. Defendants were denied the opportunity to contest and disprove the allegations of the claims of Bank of the West. By his own actions, Dan Yoon made the performance of Section 3 of the Settlement Agreement impossible. At the very minimum, as Judge Hansen ruled in this case previously that the issue of

Dan Yoon's waiver of Section 3 of the Settlement Agreement was an issue to be resolved during the trial on Dan Yoon's complaint.

## 2.

## Argument.

### Waiver.

The Superior Court has already identified the issue of waiver by Plaintiff and left the factual resolution of the issue of Plaintiff's waiver of Section 3 of the Settlement Agreement for the trial on Plaintiff's complaint. That issue and those (at least) disputed facts may not be overruled by this Court. There remains to be resolved at trial the factual allegations which underlie defense of Plaintiff's waiver of KS's performance.

This is the definition of a disputed issue, which carries with it disputed facts as identified by Judge Hansen, regarding Defendants' continued liability on Section 3 of the Settlement Agreement. There being issues of disputed facts to be resolved, this Court may not summarily resolve those issues and facts in this motion.

The reason for Dan Yoon's refusal to provide the documentation necessary for Defendants to indemnify him are manifest from the entire long history of this case: All of Plaintiff's prior counsel have insisted that the decision of Judge Hansen is wrong and that the Settlement Agreement is a dead letter. This fact is made manifest by the sudden reversal of Plaintiff's year's long refusal to comply with the order of the Court to turn over the shares in KS Aviation. Only Mr. Kornberg has perceived a tactical advantage in complying with Judge Hansen's order.

### Return of Shares Pursuant to Order of the Court.

Much is also made of Mr. Kornberg's offer to comply with the order of the Court and surrender the shares held by Dan Yoon. While complying with an order of the court is not something about which litigants often seek to take pride, what is not stated is the follow up inquiry from attorney Abbott to Mr. Kornberg dated September 27, 2022:

> I am trying to conference with my clients about the shares. Your client has flatly denied the efficacy of Judge Hanson's order through three years and several attorneys. Your offer is a smart move and one that I would likely have made years ago. The offer is not made in a vacuum, however, and my client is entitled to its fees and costs incurred in enforcing the settlement agreement. For a very long time, Mr. Lawrence has made it an article of faith to refuse to do what you have done with your offer.
> I will share my clients' response as soon as I can understand the significance and repercussions of your clients' sudden reversal. I do need to know if by your offer you mean to surrender the 500,000 shares or some other figure. Please let me know.

(See Exhibit "B" to the Declaration of Michael Abbott, served and filed herewith.)

No response has ever been forthcoming. See the Declaration of Michael Abbott, served and filed herewith at Paragraph 2. Mr. Kornberg's "offer" to comply with the order of the Superior Court is itself incomplete and unexplained. KS Aviation is entitled to the shares pursuant to court order, but it does not claim that return of the shares is a precondition to performance of other contractual duties. This is a non-issue and would not arise in any way if Plaintiff would have clarified its offer to comply with the court's order.

**Conclusion**

Where there is a single issue of disputed material fact to be resolved, a motion for summary relief may not be granted. In this matter, Judge Hansen identified disputed issues and facts relating to Plaintiff's waiver of Section 3, to be resolved at the trial on Plaintiff's complaint. Plaintiff may not now attempt to contradict, nullify or vacate the ruling on issues relaying to Section 3 of the Settlement Agreement, cited hereinabove. The motion must be denied.

Respectfully submitted.

Dated: January 10, 2023                   Law Offices of Michael Abbott

By: _____

Michael Abbott for Defendants