Michael L. Abbott, Esq. CSB 148917
Law Offices of Michael Abbott
126 South Third Avenue
Oakdale, CA 95361
Telephone: (209) 844.5633
Facsimile: (209) 844.5632
Email: michaelleeabbott@gmail.com

Attorney for Creditors and Defendants, K.S. Aviation, Inc., John Yoon, Chen Zhao, aka Eric Zhao, Xing Kong Aviation Services, LLC and Xin Han Aviation, LLC

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA – Oakland Division

| | |
|---|---|
| In Re:<br><br>DANIEL B. YOON,<br><br>        Debtor / Plaintiff<br><br>v.<br><br>K.S. AVIATION, INC., JOHN YOON; CHEN ZHAO, aka ERIC ZHAO; XING KONG AVIATION SERVICE LLC and XIN HAN AVIATION, LLC,<br><br>        Creditor / Defendants | CASE NO. 19-42763<br>Chapter 11 Proceedings<br>Adv. Pro. No. 20-04021<br><br>SUPPLEMENTAL BRIEF IN RESPONSE TO COURT ORDER RE: ADDITIONAL BRIEF RE: SUMMARY JUDGMENT<br><br><br>Judge: Hon. Charles Novack |

COME NOW Defendants Creditors and Defendants, K.S. Aviation, Inc., John Yoon, Chen Zhao, aka Eric Zhao, Xing Kong Aviation Services, LLC and Xin Han Aviation, LLC ("Defendants") and present their Supplemental Brief In Response to Court Order Re: Summary Judgment as follows:

### 1.

### Brief Background and The Court's Briefing Order.

At the hearing on Plaintiff's motion for summary relief, the Court asked questions neither Plaintiff not his counsel were able to answer, Mr. Kornberg objected; he wanted a judge who was *tabula rasa*, a blank slate on which counsel could frame as narrow a view of the narrative as possible with no reference to inconvenient facts and issues already resolved in State Court or

Plaintiff's previously filed (and now resolved) bankruptcy plan. The Court disagreed. The Court declined to be, as Brenden Sullivan once said on behalf of Oliver North: "a potted plant." To quote Plaintiff: "This issue is not before the Court." To paraphrase the Court: "It is if the Court says it is." As the Court stated most emphatically in dismissing what it deemed a one-day-late-filed adversarial proceeding in 2020: "It is the function of the Bankruptcy Code to bring about the expeditious resolution of claims." What is true of geese is true of ganders.

Initially, Defendants do not concede that the Court's analysis should not go so far as to take up the issue of what is an executory contract. There are issues of fact to be resolved stated already in the pleadings herein. The issue of also resolves the motion, and the Court makes a good point that Debtor prove the Settlement Agreement not mentioned in Debtor's plan, but it does not change the fact that Judge Hansen planned to resolve the second part of this action, and he opined that there were issues of fact to be resolved. If this Court cannot or is not willing to discern that Judge Hansen meant what he said, this Court ought to remand this case back to the judge who heard and resolved the first portion of the action.

It is an immutable fact that at the trial of the cross-complaint in this matter, Judge Hansen ruled that there were issues of fact to be resolved regarding Dan Yoon's waiver of Defendants' offer to indemnify him. Mr. Kornberg was not present in Superior Court; he is the 5th generation of attorneys for Dan Yoon. Although Plaintiff argues that Judge Hansen's ruling on the resolution of the waiver issue is not dispositive on the issues of fact for trial, Mr. Kornberg declares: "…the effect of a breach under state law has already been decided by the State Court."

The reason Dan Yoon did not designate the Settlement Agreement as executory in his plan to this Court was because Dan Yoon's attorneys 1-4 prior to Mr. Kornberg, claimed that the Settlement Agreement was induced by fraud and therefore unenforceable. That was their litigation posture. Judge Hansen issued a Statement of Decision in the matter, but there is no order from Judge Hansen

Dan Yoon puts on and takes off conflicting positions in a case that has lost almost all of its litigation or institutional memory. Dan Yoon's counsel is not excused from knowing the facts and procedures of this case before he was involved, in Merced County Superior Court. His spin and re-telling of Judge Hansen's rulings, which he clearly has not read, is unavailing.

With these facts as prologue, the Court phrased two issues for further briefing:

(1) Is the Settlement Agreement an executory contract under Bankruptcy Code § 365?

(2) If so, did Plaintiff's failure to assume the Settlement Agreement in his Chapter 11 Plan excuse K.S. Aviation, Inc. and John Yoon from performing under the Settlement Agreement and indemnifying Plaintiff?

. . . . .

**2.**

**"Is the Settlement Agreement an executory contract under Bankruptcy Code § 365?"**

This analysis ought to start with the Plan submitted by Plaintiff to commence these proceedings. Attached as Exhibit "A" to the Declaration of Michael Abbott is a true and correct copy of the relevant portions of Official Form 101 and Official Form 101(G). In his initial filings, Plaintiff was obliged to list his assets and liabilities. Form 101(G) lists pages of executory contracts claimed by Dan Yoon; the Superior Court action, Merced County Superior Court Case Number 17-CV-00630, was not among them. On the off-chance that there was insufficient room to list all executory agreements, Question 53 asks: "Do you have property of any kind that you did not already list?" Debtor answered "no."

The stated purpose of Bankruptcy Code Section 265 is for to provide the Chapter 11 Trustee the right, on behalf of creditors, to "…assume or reject any executory contract or unexpired lease of the debtor." The failure to disclose an asset on Official Form 101 is to deprive the trustee of an asset that they could assume or reject, for the benefit of creditors. This Court confirmed the Bankruptcy Plan in this matter on August 10, 2021. Given Plaintiff's designation of the Settlement Agreement as "non-executory," it ought to have been listed in his Plan in Official Forms

The Court must, or at least ought, to be guided by the characterization of the Dan Yoon's list of executory contracts in 2019. He declared this action was not among executory contracts he cared to disclose in his plan. The question now is merely: "Were you lying then or are you lying now?" It was a question with which Judge Hansen struggled and which he asked openly at the trial in this matter.

Now Mr. Kornberg seeks to cure his predecessor's non-disclosure of this executory contract by: "Regardless, Plaintiff intends to remove all doubt by delivery of the shares to KSA. Plaintiff has sent the shares out for delivery per the instructions of KSA's counsel." Counsel cannot pretend that counsel for Defendants "gave instructions" regarding the return of corporate shares. Dan Yoon and his counsel waited in excess of 1100 days from the date of Judge Hansen's

Statement of Decision to return shares taken by Dan Yoon. All that was provided was an address to which the stolen shares could be returned.

Unfortunately for Plaintiff, the questions he answered when he filed his Voluntary Petition and Official Form 1, Dan Yoon did NOT declare that the Settlement Agreement he executed with John Yoon was executory, when it clearly is.

In 2019, Plaintiff sought to defraud his creditors by withholding the disclosure of an executory contract. Plaintiff avoided surrendering a potential asset of the Chapter 11 estate by classifying it one way. Having shed his creditors by the confirmation of his plan, he now seeks to change his story and assert a claim which should have belonged to the Trustee in Bankruptcy. Plaintiff hopes to gain from changing his stories.

More to the point, Plaintiff seeks, without foundation, to quote a case called "Countryman," without citation. In the passage quoted from this non-attributed citation, "Weatherman" makes it perfectly clear that "A contract is executory where the obligations 'of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the other."

What else might this Settlement Agreement, and its alleged non-performance be? Plaintiff alleges that Defendants owe him money pursuant to the Settlement Agreement. Dan Yoon failed for years to perform his duties, among them the return of absconded shares. Suddenly, when he begins to seek summary relief, he demands that Defendants take back those shares. Just to be sure.

Next, Plaintiff cites to a federal case, In re Confer, 2022 WL 737589. In a strategy of "horse shoes and hand grenades," this argument is not even close. In the matter of In re Confer, (supra), there was an interlocutory judgment and that "most courts hold that a contract for sake of a debtor's property is no longer executory and cannot be rejected once a court has ordered specific performance of the contract."

There is no judgment, interlocutory or otherwise, in this matter. Plaintiff and his former counsel, Cyril Lawrence, himself made certain of that. Attached hereto as Exhibit "B" are true and correct copies of two documents. The first is a "Case Management Conference Findings and Order," dated November 20, 2019, wherein there was a "discussion held by the Court and the parties present regarding Statement of Decision," and the matter was set for a jury trial. The second document of Exhibit 2 is a "Notice of Stay of Proceedings." Mr. Lawrence made sure there was no judgment of any kind in this matter. As a consequence, his successor Mr. Kornberg, being four

degrees of consanguinity removed from trial counsel, gets to argue differently. Such does not make the position any better or more tenable.

### 3.
### "Even if the Settlement Agreement was Rejected, Performance Was Not Excused."

There is a problem Plaintiff's argument here starts with nomenclature. For years after the Statement of Decision of Judge Hansen, the Settlement Agreement, then the Statement of Decision, were not considered and rejected, Dan Yoon and his first four attorneys refused to acknowledge them at all. These documents were dead letters, signifying nothing, until Mr. Kornberg found a tactical advantage to be had in reversing course and demanding that the shares of KS Aviation be accepted in return.

The imprecision of the language aside, Plaintiff is still mistaken as to even his own position. The refusal of Plaintiff to obey Judge Hansen's Statement of Decision, preventing an interlocutory judgment on the first half of this case, was not even the primary example of Dan Yoon's games playing and duplicity. The machinations of Plaintiff and his prior attorneys are merely examples of why Plaintiff pled no contest to forgery charges in these cases and why Judge Hansen, in the trial of the bifurcated complaint in this case, found that Dan Yoon did not make a credible witness.

### 4.
### "The Court May Not Consider Excluded Evidence on Summary Judgment."

The file in this case is enormous, and counsel for Dan Yoon has not read it in even near entirety. There is no more glaring example than this argument promoted by Plaintiff.

Discovery in this case has been happening for almost 6 years. In that time, interrogatories and document demands have been asked and answered. Eric Zhao has been deposed three times and this Court has ordered to sit a fourth. John Yoon has been deposed twice.

The basis for this remarkable position by Plaintiff is that after 4 years, he became counsel for Dan Yoon. In that capacity, Mr. Kornberg served what he refers to as "contention interrogatories." His position is without merit or foundation and misstates the holding of Lexington Ins. Co. v Commonwealth Ins. Co. 1999 WL 332943. In that case, the Court opined that the efficacy of "contention interrogatories" the contention interrogatories were described as effective discovery tools if "timely served," that is in close proximity to trial. The Court stated as follows:

However, courts have also recognized that properly timed contention interrogatories "may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which contention questions are propounded." <u>Cable Computer Technology, Inc. v. Lockheed Saunders, Inc.</u>, 175 F.R.D. 646, 652 (C.D.Cal. 1997) (citing McCormick-Morgan, Inc. v Teledyne Industries, Inc., 134 F.R.D. 275, 287 (N.D.Cal. 1991). Thus, the court in <u>Cable Computer Technology, Inc. v. Lockheed Saunders, Inc</u>. stated that "this Court prefers to consider contention interrogatories in the same manner it would consider any interrogatory, placing the burden on the party opposing discovery rather than shifting the burden to the proponent of the contention interrogatories to justify their propoundment." Id.

In this matter, Plaintiff propounded discovery to John Yoon, who has never been designated as a Person Most Knowledgeable, in 2021, 2 years prior. The evidence at the first part of this trial established that John Yoon is nearly constantly medicated and incapable of properly responding to discovery. This is not a proper use of a contention interrogatory in Plaintiff's stated case.

Plaintiff then quotes only half of John Yoon's response, which included an objection. The full response is as follows:

RESPONSE TO INTERROGATORY NUMBER 12;

Objection. This interrogatory question has been asked and answered in multiple depositions, written discovery and trial testimony in this matter previously. Plaintiff is directed to the record and prior discovery in this matter. Without waiving this objection, Defendant avers that all such duties, if due, are contingent upon Plaintiff performing his duties under the Settlement Agreement, including the court-ordered return of corporate shares in his possession. Immediately after executing the Settlement Agreement (with the counsel and advice of his counsel, Cyril Lawrence,) Plaintiff repudiated the Settlement Agreement and its efficacy until a court decree to the contrary, at which time, Plaintiff began to claim that the Settlement Agreement was enforceable. All potential duties owed by Defendant KS Aviation are inchoate, based upon the performance of the Settlement Agreement by Plaintiff.

If Plaintiff did not like the answer he was given, he had the option of seeking to compel a further answer. He did not do so and the answer stood, but it is by no means a properly propounded contention interrogatory.

There is no waiver in this matter of any point of evidence or many issue. Plaintiff hopes to truncate the process by excluding evidence based upon an interrogatory response that simply refuses to regurgitate and quote all discovery responses over a term of years, and propounded as far back as 2021. Their position is not supportable by law or facts.

**5.**

**The Dismissal of Defendants' Cross-Complaint Did not Resolve or Waive Any Defense.**

Although there is no cross-complaint still existing in this case, there is an answer, with affirmative defenses. Defendants filed an answer in this matter. That answer has not been challenged and remains a viable defense to the complaint in this matter. In their answer, Defendants affirmatively alleged as follows:

NINTH DEFENSE

(Plaintiffs Failure to perform)

As a separate and affirmative defense to the TAC and to each purported cause of action asserted therein, Defendants submit that Defendants fully performed any duty to indemnify Plaintiffs but that Plaintiffs failed and refused to cooperate with Defendants in those efforts.

Defendants stand with their prior affirmative defenses, to which Plaintiff has not objected. There remain issues of material fact to be resolved at trial regarding the affirmative defenses stated by Defendants in their answer.

**6.**

**The Issue of Waiver Requires Resolution of Factual Issues.**

The Superior Court has already identified the issue of waiver by Plaintiff and left the factual resolution of the issue of Plaintiff's waiver of Section 3 of the Settlement Agreement for the trial on Plaintiff's complaint. That issue and those (at least) disputed facts may not be overruled by this Court. There remains to be resolved at trial the factual allegations which underlie defense of Plaintiff's waiver of KS's performance.

This is the definition of a disputed issue, which carries with it disputed facts as identified by Judge Hansen, regarding Defendants' continued liability on Section 3 of the Settlement Agreement. There being issues of disputed facts to be resolved, this Court may not summarily resolve those issues and facts in this motion.

**Conclusion**

Where there is a single issue of disputed material fact to be resolved, a motion for summary relief may not be granted. In this matter, Judge Hansen identified disputed issues and facts relating to Plaintiff's waiver of Section 3, to be resolved at the trial on Plaintiff's complaint. Plaintiff may not now attempt to contradict, nullify or vacate the ruling on issues relaying to Section 3 of the

Settlement Agreement, cited hereinabove. The motion must be denied. To do otherwise is simply error.

Respectfully submitted.

Dated: February 17, 2023

Law Offices of Michael Abbott

By: _____

Michael Abbott for Defendants

## PROOF OF SERVICE

I declare that I am employed in the County of Stanislaus, State of California, I am over the age of eighteen (18) years and not a party to the within entitled cause, and my business address is LAW OFFICES OF MICHAEL ABBOTT, 126 South Third Avenue Oakdale, CA 95361. On the date set forth below, I served the following documents in the manner(s) selected:

SUPPLEMENTAL BRIEF IN RESPONSE TO COURT ORDER R
RE: ADDITIONAL BRIEF RE: SUMMARY JUDGMENT

[ ]  **(U.S. Mail)** by placing a true and correct copy thereof enclosed in a sealed envelope, mailed in the United States mail with first class postage fully prepaid, at Oakdale, California, addressed as set forth below.

[ ]  **(Office Mail)** by placing a true and correct copy thereof enclosed in a sealed envelope, with first class postage fully prepaid, for collection and mailing at the LAW OFFICES OF MICHAEL ABBOTT, 126 South Third Avenue, Oakdale, CA 95361, addressed as set forth below. I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so placed would be deposited with the United States Postal Service that same day in the ordinary course of business.

[ ]  **(Overnight Delivery)** by placing a true and correct copy thereof enclosed in a sealed envelope, for overnight delivery, in a box or other facility regularly maintained by an express service carrier, or delivered to an authorized courier or driver authorized by person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service or at that party's place of residence.

[ ]  **(Personal Delivery)** by personal delivery to the party or attorney at the address set forth below.

[ ]  **(Facsimile)** by transmission to a facsimile machine maintained by the person on whom it is served at the facsimile machine telephone number as last given by that person on any document filed in the cause and served on the party making service.

[ x ]  **(Electronic Transmission)** by scanning and electronically mailing to an electronic mail address maintained by the person on whom it is served at the e-mail address as last given by that person on any document filed in the cause and served on the party making service.

…

BERNARD J. KORNBERG
PRACTUS, LLP
58 WEST PORTAL AVE. PMB 782
SAN FRANCISCO, CA 94127
Bernard.Kornberg@practus.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed in Santa Cruz, California on February 17, 2023

/s/ Michael L. Abbott