

```
1  BERNARD J. KORNBERG (SBN. 252006)
   PRACTUS, LLP
2  58 West Portal Ave PMB 782
   San Francisco, CA 94127
3  Telephone: (341) 234-6629
   Email:  bernard.kornberg@practus.com
4
5  Attorneys for DAN YOON
```

**CHANGES MADE BY COURT**

The following constitutes the order of the Court.
Signed: May 4, 2023

_____
Charles Novack
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>DANIEL B. YOON and JEENEE S. YOON,<br><br>    Debtors. | Case No. 19-42763<br><br>Chapter 11<br><br>Adv No. 20-04021 |
| DAN YOON,<br><br>    Plaintiff,<br><br>    vs.<br><br>K.S. AVIATION, INC., JOHN YK YOON, XING KONG AVIATION SERVICE, LLC (d/b/a Sierra Academy of Aeronautics), CHEN ZHAO aka. ERIC ZHAO, and XIN HAN AVIATION LLC,<br><br>    Defendants. | **ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:    January 20, 2023<br>Time:    11:00 a.m.<br><br>The Hon. Charles Novack |

The Court, having reviewed the motion of plaintiff Dan Yoon ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 56, as incorporated by Federal Rule of Bankruptcy Procedure 7056, for partial summary judgment as to defendants K.S. Aviation, Inc. ("KSA") and John YK Yoon ("Yoon") on Plaintiff's fifth cause of action for Breach of Contractual Indemnity, and having ~~review~~ reviewed [CN] the opposition, reply, and supplemental briefing on the parties, hereby adopts its findings of fact and conclusions of law made ~~on~~ in [CN] the Court's Memorandum Decision re: Plaintiff's Motion for Partial Summary Judgment [Dkt. #190], and grants the motion in part and denies the

motion in part.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT, CN

1. Pursuant to Federal Rule of Civil Procedure 56(g), the Court concludes that the following material facts are not genuinely in dispute and are treated as established in the case: CN

   a. In 2012, Plaintiff and John Yoon each owned 50% of the shares of KSA which, along with Sierra Air Center Development, LLC ("Sierra Air"), operated a flight training school.

   b. In 2012, KSA and Sierra Air began borrowing substantial sums.

   c. Most of these loans were made by Bank of the West, which loaned KSA a) $75,000 in December 2012 (which loan was later increased to $400,000); b) $213,665.90 in December 2013; and 3) $600,000 in May 2014 (the "KSA Loans").

   d. Plaintiff personally and unconditionally guaranteed the KSA loans.

   e. In July 2014, Sierra Air borrowed $1.5 million from Bank of the West and $1.543 million from the Bay Area Employment Development Company ("BAED") to purchase a Boeing 737 flight simulator (collectively, the "Sierra Air Loans"). These loans were secured by the Boeing 737 flight simulator and related materials, and Plaintiff guaranteed these obligations.

   f. In 2014 or 2015, Plaintiff caused KSA to terminate John Yoon's employment with the company, which resulted in substantial civil litigation between Dan Yoon and John Yoon/KSA. In addition, CN the Merced County District Attorney's office pursued CN criminal fraud charges against Plaintiff.

   g. To resolve their civil litigation and to assist Plaintiff in his plea negotiations with the Merced County District Attorney, Plaintiff and John Yoon executed the settlement agreement attached as <u>Exhibit D</u> to the Declaration of Daniel Yoon [Dkt. #168-5] in early September 2016 (the "Settlement Agreement").

   h. The Settlement Agreement required Dan Yoon to, among other things, resign from KSA and surrender his KSA stock and all KSA corporate property to

4893-3472-6238, v. 1

KSA.

i. In exchange, John Yoon and KSA collectively agreed to a) relinquish their interests in Sierra Air and the EB-5 program to Dan Yoon and recognize Dan Yoon's 100% ownership of Sierra Air and all related EB-5 regional center investment program entities, b) fully and unconditionally release all claims against Dan Yoon, c) agree that KSA would potentially make certain payments to Dan Yoon upon KSA's return to solvency, and d) indemnify Dan Yoon for the simulator loans that he had guaranteed.

j. KSA was already liable on the KSA Loans before Plaintiff and John Yoon signed the Settlement Agreement and thus KSA never "assumed liability" for the Sierra Air Loans pursuant to the terms of the Settlement Agreement.

k. Bank of the West enforced Dan Yoon's guarantee on its loans, and BAED's loan has not been fully repaid.

l. In July 2016, Bank of the West filed a complaint in Alameda County Superior Court against Plaintiff, Jeenee Yoon, KSA, Hana Japan, Sierra Air, and Young Yoon to collect on its defaulted loans (i.e, the KSA Loans and its simulator loan to Sierra Air) and to enforce the guarantees. Plaintiff and his wife settled with Bank of the West in January 2017. Under this settlement agreement, Plaintiff stipulated to a $2,408,107.00 judgment, Jeenee Yoon stipulated to a $1,442,453.99 judgment, and they provided ~~Plaintiff~~ Bank of the West CN with a junior deed of trust against their residence (located at 11933 Dublin Canyon Road, in Pleasanton, California) to secure the judgments.

m. Bank of the West executed against its simulator collateral and applied a portion of the cash proceeds to partially satisfy its judgments against Plaintiff, Jeenee, Hana Japan and Sierra Air Center.

n. Plaintiff and Jeenee Yoon filed a Chapter 11 bankruptcy in the Bankruptcy Court for the Northern District of California on December 6, 2019 and confirmed a Chapter 11 plan of reorganization on August 10, 2021 (the Chapter

11 Plan").

o. The Chapter 11 Plan lists Bank of the West as a secured creditor holding a $1,148,868.42 claim secured by a junior deed of trust against the Pleasanton residence, which the Yoons agreed to satisfy by making monthly payments of $6,344.10 through August 2026 and a final balloon payment on the balance by September 1, 2026.

p. Bank of the West is entitled to receive 5.25% interest on its secured claim under the Chapter 11 Plan.

q. BAED filed a $260,514.18 unsecured proof of claim in the Yoon's Chapter 11 which went unobjected. BAED's proof of claim is based on its simulator loan, and the proof of claim (which is substantially less than the original note balance) reflects that some of the simulator sales proceeds were also applied to the BAED note.

r. The Settlement Agreement was not an executory contract on the petition date.

s. Under the Settlement Agreement, KSA and John Yoon agreed to assume the Sierra Air Loans and indemnify Dan Yoon if his guarantees of these specific loans are enforced.

t. KSA and John Yoon's duty to indemnify under the Settlement Agreement is independent of Dan Yoon's obligation to turn over his KSA shares.

u. Plaintiff also did not waive his indemnification rights under the Settlement Agreement when he failed to cooperate with defendants' refinance efforts.

v. Plaintiff has been damaged by KSA and John Yoon in the amount of $260,514.18, arising out of the failure of KSA and John Yoon to indemnify Plaintiff on the BAED loan.

2. The Court finds and concludes that, as to the relief sought in the Motion for Summary Judgment, there is a material issue of fact as to the following issues to be resolved at trial:

a. The right of Plaintiff to indemnification by John Yoon and KSA as to the ~~Bank~~

| | | KSA   CN |
|---|---|---|
| 1 | | ~~of the West~~ Loans. |
| 2 | b. | ~~Whether the Sierra Air Loans were legally sufficient cause for Plaintiff filing~~ |
| 3 | | ~~Chapter 11 bankruptcy such that they constitute an awardable item of damages.~~ |

~~*** END OF ORDER ***~~

Whether Plaintiff was entitled to be indemnified by John Yoon and KSA for the attorney fees that Plaintiff and his wife incurred in their Chapter 11 case. CN

***END OF ORDER***

**COURT SERVICE LIST**

ALL PARTIES SERVED BY ECF

4893-3472-6238, v. 1