

July 19, 2023

The Honorable Chief Judge Charles Novack
1300 Clay Street, Courtroom 215
Oakland, CA 94612
ruby_bautista@canb.uscourts.gov

Re: Plaintiff's Discovery Dispute Letter
Dan Yoon v. KS Aviation et al., Case No. 20-04021

To the Honorable Court:

I write on behalf of my client, Dan Yoon, in the above-referenced matter. The purpose of this letter is to seek, as set forth in this Court's April 19, 2023 Order [Dkt. #198], Court intervention regarding a discovery dispute between plaintiff Dan Yoon ("Plaintiff") and defendants KS Aviation, Inc. ("KS Aviation"), John YK Yoon, Xing Kong Aviation Service, LLC (d/b/a Sierra Academy of Aeronautics) ("Xing Kong"), Chen Zhao (a/k/a Eric Zhao), and Xin Han Aviation, LLC ("Xin Han") (and collectively "Defendants"). The subject of this dispute is a request under Rule 37 to exclude all testimony by Defendants' proposed expert witness, Monica Ip.

**Pertinent Facts and Efforts to Meet and Confer:**

On April 19, 2023, the Court entered its Amended Order Continuing Hearing Status Conference in which is set the deadline for expert disclosures under Rule 26(a)(2) for May 1, 2023 [Dkt. # 198]. On or about May 1, 2023, Defendants served on Plaintiff a document entitled Initial Disclosure of Expert Witness Information (the "Expert Disclosure"). In the Expert Disclosure, Defendants disclosed they intended to call a Monica Ip of Evidentia Consulting, LLP to testify as to "Bank records and indices of unauthorized and fraudulent withdrawals by Dan Yoon of corporate funds belonging to KS Aviation, which would act as a set-off against corporate funds claimed to be owed to Dan Yoon." The Expert Disclosure further provided that "No report has yet been generated by the designated expert but will be forthcoming as completed." A copy of the Expert Disclosure is attached to this letter as Exhibit A.

On May 5, 2023, I sent an email to Michael Abbott, counsel for Defendants, regarding the Expert Disclosures. In this email, I stated that

> I have reviewed your expert witness disclosure. We did not receive the expert report required by Rule 26(a)(2). As such, the expert's testimony cannot be presented at trial. Fed. R. Civ. P. 37(c)(1); *Pineda v. City & Cnty. Of San Francisco*, 280 F.R.D. 517, 519 (N.D. Cal. 2012). If you intend to seek relief from this requirement, or if I'm missing something, let me know and we can discuss appropriate



BERNARD KORNBERG ● PARTNER

58 West Portal Ave PMB 782 ● San Francisco, CA 94127 ● p: 341.234.6629
Practus, LLP ● BernardKornberg@Practus.com ● Practus.com

      remedies. If not, I would request you withdraw the expert witness
      disclosure.

I received no response to this email. On July 3, 2023, I followed up with an email stating that due to the failure of Defendants to timely, or even untimely, serve an expert report, I would be requesting an order of the Court excluding the expert report. Before I did so, I requested that counsel meet and confer to determine if we could resolve the dispute.

Counsel responded in an email dated July 3, 2023 that he would refuse to communicate telephonically with me, but only in writing. In an email the same day, I reminded counsel of the Court's requirement for a telephonic meet and confer. I also noted that the basis for the dispute was set forth in writing. Counsel then stated that "make your meet and confer phone call after July 4." But counsel did not provide any specific date or time to call him. A copy of the email chain reflecting these communications is attached to this letter as <u>Exhibit B</u>.

On or about July 5, 2023, I left a voicemail with counsel's office requesting he call me to discuss the meet and confer. I have not received any response from Defendant's counsel. Accordingly, counsel has refused to meet and confer in good faith.

**The Expert Testimony Must be Excluded Due to the Failure to Serve an Expert Report:**

Under Rule 26, if a party plans to present testimony from an expert witness who is "retained or specially employed to provide expert testimony in the case," then the party must include with the disclosure of the identity of the witness a "written report--prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2). The report must contain six categories of information, including a statement of the opinion of the witness, the facts or data supporting the opinion, and other information. *Id*.

Ms. Ip has been retained by Defendants to testify in this trial and thus she was required to provide the expert report required by Rule 26. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(a)(2). The burden is on the party that failed to comply to show its failure should be excused under the "substantially justified or harmless" standard. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1214 (9th Cir. 2008). If a party who fails to serve an expert report does not make such a showing, then the report must be excluded. *Id.*

Here, Plaintiff specifically reminded Defendants, mere days after the May 1 passing of the expert disclosure deadline, of their duty to provide a report and offered them the opportunity to cure the error. Defendants did not respond to that request or serve an untimely expert report. The expert discovery deadline passed on July 17. The failure to serve a complete expert report before the passing of the discovery deadline requires exclusion as it prevents the other party from meaningfully deposing the expert on his opinions and bases for these opinions. *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 969 (9th Cir. 2006) ("It is not an abuse of discretion to exclude a party's expert testimony when that party failed to disclose the expert report by the scheduling deadline"); *Quevedo v. Trans-Pac. Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998) ("the district



court did not abuse its discretion in disregarding the untimely designation and report of plaintiff's expert"); *Pineda v. City & Cnty. of San Francisco*, 280 F.R.D. 517, 522 (N.D. Cal. 2012) ("Dr. Belaga's incomplete report undermines Defendant's ability to meaningfully depose or cross-examine Dr. Belaga regarding his expert opinions, the reasons and bases therefore, and the facts or data he considered in forming his opinions"); *Lema v. Comfort Inn, Merced*, 2012 WL 170161, at *4 (E.D. Cal. Jan. 19, 2012) ("Because Defendants have willfully disregarded the Court's orders for purposes of delay, exclusion of Mr. Bremseth's expert witness testimony is an appropriate sanction in this case").

**The Testimony of Ms. Ip Must be Excluded As Irrelevant:**

Expert testimony is only allowed under Rule 702 if the testimony is relevant to the determination of the proceeding. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). Here, the purported subject of testimony is irrelevant as it relates to an affirmative defense for offset, but any affirmative defense of offset is precluded by a release of claims of Defendants.

Pursuant to the Expert Disclosure, Ms. Ip will testify as to the following.

> Evidentia Consulting will complete a forensic accounting of transactions and withdrawals taken by Dan Yoon while he was in control of the corporate assets of K S Aviation and will provide analysis and testimony of the forgery and fraud undertaken by Dan Yoon (and declared to be fraudulent by the Merced County Superior Court) during the time that Dan Yoon was in forcible control of K S Aviation corporate assets.

Defendants state that this testimony is relevant as the "unauthorized and fraudulent withdrawals by Dan Yoon of corporate funds belonging to KS Aviation, which would act as a set-off against corporate funds claimed to be owed to Dan Yoon." Expert Disclosure, <u>Exhibit A</u>.

Prior to removal of this action, the state court already concluded that the Settlement Agreement and Mutual General Release (the "Settlement Agreement") is binding between Plaintiff and defendants KSA and John Yoon. A copy of the Settlement Agreement is filed as docket number 168-5 as part of Plaintiff's Motion for Partial Summary Judgment. This Court has already concluded, in its Order on Plaintiff's Motion for Partial Summary Judgment, that "the Settlement Agreement required Dan Yoon to, among other things, resign from KSA and surrender his KSA stock and all KSA corporate property to KSA. In exchange, John Yoon and KSA collectively agreed to . . . fully and unconditionally release all claims against Dan Yoon."

A claim that has been released in a settlement agreement cannot be used as basis for an offset claim as an affirmative defense. *Glob. Modular, Inc. v. Kadena Pac., Inc.*, 15 Cal. App. 5th 127, 151 (2017). As KSA and John Yoon have released any claim for offset due to the purported forgery and embezzlement by Plaintiff, any testimony on the subject at trial would not be relevant, helpful, or otherwise aid the Court in coming to its decision. Therefore, the Court should exclude the testimony of Ms. Ip on that basis alone.



3

4896-2519-7360, v. 1

Case: 20-04021    Doc# 224    Filed: 07/21/23    Entered: 07/21/23 15:19:38    Page 3 of 5

**Attorneys' Fees and Costs:**

The party who prevails on a Rule 37 motion is entitled to an award of attorneys' fees for bringing the motion. Fed. R. Civ. P. 37(a)(5). The "award of attorney fees and costs is mandatory in cases where . . . the moving party prevails." *Dish Network L.L.C. v. Jadoo TV, Inc.*, 2019 WL 7166067, at *3 (C.D. Cal. Nov. 8, 2019).

At this time, I charge Plaintiff the hourly rate of $500 an hour, a discount from my normal hourly rate of $600 an hour. I spent a total of three hours drafting this letter, for a total cost incurred by Plaintiff of $1,500. In addition, I would estimate that I will spend an additional hour and a half for reviewing any opposing letter and appearing at any hearing on this discovery dispute, for an additional $750. Accordingly, I would estimate total fees of $2,250 for this discovery dispute. The Court, upon excluding the expert witness, should award these fees to my client.

I declare under penalty of perjury that all facts set forth above are true and correct. Executed on July 21, 2023.

Bernard J. Kornberg

## **PROOF OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 58 West Portal Ave PMB 782, San Francisco, CA 94127

On July 21, 2023, I served true copies of the following document(s):

**PLAINTIFF'S DISCOVERY DISPUTE LETTER**

on the interested parties in this action as follows:

Michael L. Abbott, Esq.
Email: michaelleeabbott@gmail.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 21, 2023, at San Francisco, California.

                                                      /s/ Bernard J. Kornberg
                                                      Bernard J. Kornberg

