Christopher Rillo (SBN 112009)
christopher.rillo@bakerbotts.com
Raerani Reddy (SBN 340475)
rani.reddy@bakerbotts.com
Christina Romak (SBN 341472)
christina.romak@bakerbotts.com
**BAKER BOTTS LLP**
101 California Street, Suite 3200
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Counsel for K.S. Aviation, Inc., Xing Kong Aviation Service, LLC, John Yoon, Chen Zhao, and Xin Han Aviation, LLC*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>    DANIEL B. YOON,<br>    JEENEE S. YOON,<br><br>Debtor | Bankruptcy Case No.: 19-42763<br><br>Adv. Proc. No.: 20-04021<br><br>Chapter 11 |
| DAN YOON,<br><br>          Plaintiff,<br><br>v.<br><br>K.S. AVIATION, INC.,<br><br>          Defendant. | DEFENDANTS' K.S. AVIATION, INC., XING KONG AVIATION SERVICE, LLC, JOHN YOON, CHEN ZHAO AND XIN HAN AVIATION, LLC'S SUPPLEMENTAL BRIEF RE: EXPERT DISCOVERY DISPUTE |

At this Court's hearing on Plaintiff's Expert Discovery Dispute (Dkts. Nos. 224, 240, 241), this Court instructed the parties to provide supplemental briefing regarding offset and specifically its applicability to the Settlement Agreement between John Yoon and Dan Yoon. In accordance with the Court's Order, Defendants K.S. Aviation, Inc., Xing Kong Aviation Service, LLC, John Yoon, Chen Zhao, and Xin Han Aviation, LLC (collectively, "Defendants") hereby submit this requested supplemental brief

## I. LEGAL ARGUMENT

Plaintiff's counsel argues that Defendants' Expert, Monica Ip's expert report and trial testimony is irrelevant. However, Ms. Ip's report and anticipated testimony is squarely relevant and not barred for several reasons. First, the Settlement Agreement as written includes a provision for offset. Second, Defendants are able to offset Plaintiff's recovery under California Code of Civil Procedure § 431.70. Third, the doctrine of *res judicata* does not bar Defendants from seeking to offset Plaintiff's recovery.

Fairness and equity support Defendants efforts to offset Plaintiff's recovery. *In re DeLaurentiis Entertainment Group, Inc.*, 963 F.2d 1269, 1277 (9th Cir. 1992) ("Absent a setoff, a creditor ... is in the worst of both worlds: it must pay its debt to the debtor in full, but is only entitled to receive a tiny fraction of the money the debtor owes it. It was to avoid this unfairness that setoffs were allowed in bankruptcy in the first place.").

### A. The Settlement Agreement as written includes a provision for offset.

The Settlement Agreement as written *already includes* a provision for offset. Defendants do not deny that the lower Court has already held the Settlement Agreement to be valid. However, as written currently, the Settlement Agreement only provides for Plaintiff to recover funds that have been documented as official loans to be determined by an accredited accountant:

> However, any funds owed to Dan that are clearly and legally documented as official loans by Dan to the corporation **will be determined by an accredited outside and neutral Certified Public Accountant**. Such funds will be repaid once the Company has regained its financial footing and all past due debts are brough current, all pending judgments against the

> Company are resolved and that sufficient operating capital is on hand to meet current business requirements including updating of the aircraft fleet and maintenance operation.

Settlement Agreement, Dkt. No. 122-1, ("Settlement Agreement") at 2 (emphasis added)[1].

This provision of the settlement agreement implies that funds owed under the proper remaining loan balance will be determined by the accredited accountant. Thus, any monies that were not clearly and legally documented as official loans would not be repaid—effectively deducting the offset from the loan balance to determine the money that Plaintiff took out to pay his loans.

Indeed, this intent of the parties is further evinced in the provision providing for the mutual release of all claims where it states, **"[w]ith the exception of any and all terms and conditions set forth in this Agreement**, the Parties each release and discharge, to the fullest extent of the law, each other . . .".  Settlement Agreement at 5 (emphasis added).

As this Court already noted, Plaintiff's citation to *Glob. Modular, Inc. v. Kadena Pac., Inc.*, 15 Cal. App. 5th 127, 151 (2017) did not represent the provision Plaintiff cited it for – that a claim that has been released in a settlement agreement cannot be used as basis for an offset claim as an affirmative defense. There were two separate insurance disputes, where one was settled and could not be an offset to the separate litigation. Here, Defendants are not looking for recovery money or to raise claims, they are simply seeking to follow the terms of the Settlement Agreement which would make Defendants' expert's testimony highly relevant to apply the terms of the Settlement Agreement and determine the amount necessary to offset the corporate loans.

Considering any funds owed to Plaintiff requires an accounting as provided by the Settlement Agreement, and the mutual release directly incorporates that condition, offsetting Plaintiff's recovery is *required* to comply with the terms of the Settlement Agreement.

---

[1] Although this issue will be decided by another motion if not at trial, Defendants do not believe that this provision of the Settlement Agreement is enforceable. The provision reads like an alternative dispute resolution claim, meaning the Certified Public Accountant rather than this Court would determine the issue. However, the Settlement Agreement is missing several terms, which render it unenforceable. The accountant is not specified, nor are the methodology that would be employed. In any event, this term apparently calls for an unnamed accountant, who would presumably calculate the amount utilizing offsets.

### B. Defendants asserted the affirmative defense of offset/recoupment, so seeking to setoff damages is permissible under California law.

California law clearly recognizes the right to setoff, setting forth procedures for setoff in Cal. Code Civ. Proc. § 431.70. CCP § 431.70 provides in relevant part:

> Where cross-demands for money have existed between persons at any point in time when neither demand was barred by the statute of limitations, and an action is thereafter commenced by one such person, the other person may assert in the answer the defense of payment in that the two demands are compensated so far as they equal each other, notwithstanding that an independent action asserting the person's claim would at the time of filing the answer be barred by the statute of limitations. If the cross-demand would otherwise be barred by the statute of limitations, the relief accorded under this section shall not exceed the value of the relief granted to the other party. The defense provided by this section is not available if the cross-demand is barred for failure to assert it in a prior action under Section 426.30 . . .

CCP § 431.70. If a party fails to assert a cross-complaint for damages related to the allegations in the complaint, that party is barred by CCP § 426.30(a) from later asserting a right of setoff based on the alleged damages. To the extent the defendant's claims against the plaintiff would be otherwise time-barred, the only limitation in the California statute is that "the relief accorded [the defendant] under this section shall not exceed the value of the relief granted to the other party." CCP § 431.70.

Based on CCP § 431.70, Defendants seek setoff based on Plaintiff's alleged damages. The right to a set-off is founded on the *equitable* principle that when parties in litigation hold cross-demands for money, one should be applied against the other and only the balance recovered. *See Granberry v. Islay Investments* 9 Cal. 4th 738, 744 (1995). Relief by way of setoff is limited to reducing or defeating plaintiff's claim. The California Supreme Court, in interpreting section 431.70 has confirmed that setoff is an affirmative defense only and that no relief may be recovered by means of affirmative defense of setoff. *Construction Protective Services, Inc. v. TIG Specialty Ins. Co.* 29 Cal.4th 189, 197–98 (2002) ("We hold that a defendant may not obtain an award of affirmative relief against a plaintiff by way of section 431.70; rather, the defendant may only assert the setoff defensively to defeat the plaintiff's claim in whole or in part."). Offset exists independent of statute and is based

on the inherent power of the court to do justice to the parties before it. *Salaman v. Bolt* 74 Cal.App.3d 918 (1977).

Here, Defendants promptly asserted an affirmative defense of offset/recoupment in response to Plaintiff's Complaint. *See* Answer to Plaintiff's Fourth Amended Complaint, Dkt. No. 129 at 6 ("As a separate and affirmative defense to the FAC and each purported cause of action asserted therein, Defendants submit that the FAC and each purported cause of action asserted therein is barred by the doctrine of setoff and/or recoupment with respect to the fraudulent activities of Plaintiff."). This affirmative defense was never struck and Defendants here are not seeking recovery or making a claim.

### C. Plaintiff's Res Judicata Argument is inapplicable because Defendants did not release Dan Yoon from his claims.

Plaintiff boldly asserts that "any claims for embezzlement or taking of corporate assets are barred by the doctrine of *res judicata*." However, as explained above, Defendants are not making a "claim" for embezzlement or taking of corporate assets. Indeed, Defendants do not even seek an affirmative recovery. Yet, Defendants are still able to seek to setoff of Plaintiff's recovery at this time because Defendants have previously alleged causes of action based on Plaintiff Yoon's fraudulent actions during the Alameda Superior Court action and again as counter-claims in this adversary proceeding. *Sprint Communications Co. v. State Board of Equalization,* 40 Cal. App. 4th 1254, 1260-65 (1995) (allowing the Board of Equalization to use a time barred tax liability as a setoff). As the *Sprint* Court indicated, the test is not whether the offset claim is currently viable as an independent claim, but whether the setoff could have at one time been asserted.

Therefore, despite the existence of the Settlement Agreements, Defendants are still able to setoff Plaintiff's recovery.

Additionally, Plaintiff misstates the Court's order at Dkt. 151. The Court's September 29, 2022 Order (Dkt. No. 151) merely granted the motion but did not list *res judicata* as a reason in its order.[2]

---

[2] "The Court having reviewed the motion of plaintiff Dan Yoon ("Plaintiff") under Federal Rule of Civil Procedure 12(b)(6), as incorporated by Federal Rule of Bankruptcy Procedure 7026, to dismiss the counter-claims of Defendants and Counter-Claimants K.S. Aviation, Inc. ("KS Aviation"), John YK Yoon, Xing Kong Aviation Service, LLC (d/b/a/ Sierra Academy of Aeronautics) ("Xing Kong"), Chen Zhao (a/k/a/ Eric Zhao), and Xin Han Aviation, LLC ("Xin Han") (and collectively

Plaintiff here is seeking to hold all Defendants liable under the provisions of a settlement agreement they were not involved with. The Settlement Agreement is between Plaintiff Dan Yoon and Defendant John Yoon only. Defendants[3] KS Aviation, Xing Kong Aviation, Xin Han Aviation, Chen Zhao are not parties to the Settlement Agreement and never agreed to release any claims against Dan Yoon. Only John Yoon agreed to release claims against Plaintiff Dan Yoon. *See* Settlement Agreement at 8 (bearing signatures of only John Yoon and Dan Yoon); *id.* at 1 (defining "Parties" as John Yoon and Dan Yoon only). "An essential element of any contract is the mutual consent of the parties." *Harshad & Nasir Corporation v. Global Sign Systems, Inc.* 14 Cal.App.5th 523, 537 (2017). "Further, the consent of the parties to a contract must be communicated by each party to the other . . ." *Esparza v. Sand & Sea, Inc.* 2 Cal.App.5th 781, 788 (2016).

"[A] party cannot bind another to a contract simply by so reciting in a piece of paper. It is rudimentary contract law that the party to be bound must first *accept* the obligation." *Mitsui O.S.K. Lines, Ltd. v. Dynasea Corp.* 72 Cal.App.4th 208, 212 (1999); *see also Carter v. City of Los Angeles* 224 Cal.App.4th 808, 822-823 (2014). Indeed, Defendant Xing Kong Aviation and Xin Han Aviation were completely unrelated to KS Aviation and Defendant John Yoon when the Settlement Agreement was executed in 2016 and cannot be bound by Dan Yoon and John Yoon's limitations.

In this Court's Order (Dkt. No. 90), it found that both Plaintiff Yoon and KS Aviation were parties to the claim objection but made no such finding with regard to Xing Kong Aviation, or Xin Han Aviation, or Chen Zhao. *See generally* Order, Dkt. No. 90. In the Ninth Circuit, federal claim preclusion applies where: "(1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." *Cent. Delta Water Agency v. United*

---

"Defendants"), and taking notice of the non-opposition of Defendants, and for the reasons stated on the record at the September 16, 2022 hearing, grants the motion. IT IS HEREBY ORDERED that the Counter-Claims of Defendants filed in their Answer, Defenses and Counter-Claims to the Fourth Amended Complaint [Dkt. #129] are dismissed with prejudice." Order, September 29, 2022 (Dkt. No. 151).

[3] Defendants vigorously dispute that Chen Zhao, Xing Kong Aviation, and Xin Han Aviation are successors to KS Aviation. Plaintiff has the burden of persuasion and proof on this point. Trial will reveal that Defendants Xing Kong Aviation, Chen Zhao, and Xin Han Aviation are not successors in interest of KS Aviation.

*States*, 306 F.3d 938, 952 (9th Cir. 2002). Here, Defendants Xing Kong Aviation, Xin Han Aviation were not the same parties involved in the prior litigation which Plaintiff seeks to assert as precluded. In the underlying Alameda Superior Court action, K.S. Aviation filed claims against Dan Yoon for deceit (fraudulent concealment), breach of fiduciary duty, and conversion. *See KS Aviation Inc., v. Dan Bong Yoon*, Superior Court of Alameda County, Case No. RG18913041. Defendants are not seeking affirmative relief as explained above, but they are seeking to reduce Plaintiff's claim to ensure Plaintiff is not enriched twice over, in particular for loans which Plaintiff took from the business and spent on non-business expenditures which is precisely the testimony Defendants' Expert, Monica Ip, is able to testify on.

## II. CONCLUSION

For the reasons above and for the reasons explained in Defendants Response to Plaintiff's Expert Discovery Dispute Letter (Dkt. No. 241), Defendants respectfully request this Court permit Defendants' Expert, Monica Ip's Expert report be admitted into evidence and permit Ms. Ip to testify at trial.

Respectfully submitted,

DATED: September 26, 2023       BAKER BOTTS LLP

By:     /s/ *Christopher J. Rillo*
Christopher J. Rillo (SBN 112009)
christopher.rillo@bakerbotts.com
Christina Romak (SBN 341472)
christina.romak@bakerbotts.com
Raerani Reddy (SBN 340475)
rani.reddy@bakerbotts.com
**Baker Botts LLP**
101 California Street, Suite 3200
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Counsel for Defendants K.S. Aviation, Inc., Xing Kong Aviation Service, LLC, John Yoon, Chen Zhao and Xin Han Aviation LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 26, 2023, a true and correct copy of this Notice of Appearance was served by CM/ECF on all counsel of record who have requested service in this Chapter 11 Case. In addition, (1) the filing is available for viewing and downloading via the CM/ECF system, and (2) the CM/ECF system will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

/s/ *Christopher J. Rillo*
Christopher J. Rillo