Christopher Rillo (SBN 112009)
christopher.rillo@bakerbotts.com
Raerani Reddy (SBN 340475)
rani.reddy@bakerbotts.com
**BAKER BOTTS LLP**
101 California Street, Suite 3200
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Counsel for KS Aviation, Inc., Xing Kong Aviation
Service, LLC, John Yoon, Chen Zhao, and Xin Han
Aviation, LLC*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>    DANIEL B. YOON,<br>    JEENEE S. YOON<br><br>Debtor | Bankruptcy Case No.: 19-42763<br><br>Adv. Proc. No.: 20-04021<br><br>Chapter 11 |
| DAN YOON,<br><br>        Plaintiff,<br><br>v.<br><br>KS AVIATION, INC., XING KONG<br>AVIATION SERVICE, LLC, JOHN YOON,<br>CHEN ZHAO, AND XIN HAN AVIATION,<br>LLC,<br><br>        Defendants. | **DEFENDANTS KS AVIATION, INC.,<br>XING KONG AVIATION SERVICE,<br>LLC, JOHN YOON, CHEN ZHAO AND<br>XIN HAN AVIATION, LLC'S MOTION<br>FOR PARTIAL SUMMARY<br>JUDGMENT AND MEMORANDUM<br>OF POINTS AND AUTHORITIES IN<br>SUPPORT THEREOF**<br><br>Hearing: May 24, 2024<br>Time:   11:00 A.M.<br><br>The Honorable Charles Novack |

Case: 20-04021   Doc# 273   Filed: 04/12/24   Entered: 04/12/24 17:27:21   Page 1 of
26

# MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants KS Aviation, Inc., Xing Kong Aviation Service, LLC, John Yoon, Chen Zhao, and Xin Han Aviation, LLC, (collectively, "Defendants") hereby move the Court, pursuant to Federal Rule of Civil Procedure 56, as incorporated by Federal Rule of Bankruptcy Procedure 7056, for partial summary judgment as to Plaintiff Dan Yoon's first, second, and fifth causes of action.

This motion is based on the notice of motion, motion and accompanying memorandum of points and authorities in support thereof, the declarations, exhibits, and other evidence cited in the motion, the pleadings, records, and files within this adversary proceeding, the underlying bankruptcy case, the Superior Court for the County of Merced, Case No. 17CV-00630, and any further evidence and argument which may be offered at the hearing on this motion.

Respectfully submitted,

DATED: April 12, 2024                    BAKER BOTTS LLP

By:      /s/ Christopher J. Rillo
Christopher J. Rillo (SBN 112009)
christopher.rillo@bakerbotts.com
Raerani Reddy (SBN 340475)
rani.reddy@bakerbotts.com
**Baker Botts LLP**
101 California Street, Suite 3200
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Counsel for Defendants KS Aviation, Inc., Xing Kong Aviation Service, LLC, John Yoon, Chen Zhao and Xin Han Aviation LLC*

Case: 20-04021   Doc# 273   Filed: 04/12/24   Entered: 04/12/24 17:27:21   Page 2 of 26

**TABLE OF CONTENTS**

I.      INTRODUCTION.................................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND ...........................................1

        A.      Dan Yoon's Bankruptcy ......................................................................2

        B.      Previous Summary Judgment Findings .................................................2

III.    STANDARD OF REVIEW ................................................................................3

IV.     ARGUMENT ....................................................................................................4

        A.      Plaintiff Cannot Hold Defendants KS Aviation, Xing Kong Aviation Service, Chen Zhao, and Xin Han Aviation Service Liable Under the Provisions of a Settlement Agreement That They Were Not Involved in. .........................................5

        B.      Defendants are Entitled to Summary Judgment on Plaintiff's First Cause of Action for Breach of Contract...........................................................................6

                1.      Defendants have not breached the terms of the Settlement Agreement; none of the requisite conditions have been met to require repayment to Plaintiff. ...................................................................................................6

                2.      Plaintiff's alleged damages are not the result of an alleged breach by Defendants. .......................................................................................11

                3.      Even if Plaintiff could demonstrate breach, he cannot collect twice for the same promissory notes. ................................................................12

        C.      Defendants are Entitled to Summary Judgment on Plaintiff's Second Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing....................13

                1.      Plaintiff cannot show that he satisfied the condition precedent to Defendant's repayment of loans. ......................................................14

                2.      Defendants are not required to hire an accountant to document Plaintiff's loans, and Plaintiff's alleged damages are not a result of the absence of said accountant.................................................................14

                3.      Plaintiff's damages are not the result of an alleged sham arrangement between KS Aviation and Xing Kong. .................................................16

        D.      Defendants are Entitled to Summary Judgment on Plaintiff's Fifth Cause of Action for Breach of Contractual Indemnity. .............................................17

                1.      Payment of the BAED loan has been satisfied, but not by Plaintiff; thus Plaintiff retains no right to contractual indemnity. ...........................18

                2.  Plaintiff has no right to indemnity for the third category of loans, absent any evidence they were spent on the simulator. .................................19

V.      CONCLUSION ...............................................................................................20

Case: 20-04021    Doc# 273    Filed: 04/12/24    Entered: 04/12/24 17:27:21    Page 3 of 26

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Addisu v. Fred Meyer, Inc.*,
    198 F.3d 1130 (9th Cir. 2000) .................................................................3

*Andrew Smith Co. v. Paul's Pak, Inc.*,
    754 F. Supp. 2d 1120 (N.D. Cal. 2010) ....................................................6

*Aug. Ent., Inc. v. Philadelphia Indem. Ins. Co.*,
    146 Cal. App. 4th 565 (2007) ....................................................................15

*Avila v. Countrywide Home Loans*,
    No. 10-CV-05485, 2010 WL 5071714 (N.D. Cal. Dec. 7, 2010)...........15

*Bay Area Employment Development Co. v. Sierra Air Center Development, LLC, et al.*,
    Case No. RG18891701 (Jan. 30, 2018) ....................................................18

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)...........................................................................4, 20

*City of Hollister v. Monterey Ins. Co.*,
    165 Cal. App. 4th 455 (2008) ....................................................................7

*Dan Yoon v. KS Aviation, Inc., et al.*,
    Case No. 17CV-00630 (Sept. 6, 2019) ................................................2, 11

*Durell v. Sharp Healthcare*,
    183 Cal. App. 4th 1350 (2010) ..................................................................6

*Esparza v. Sand & Sea, Inc.*,
    2 Cal. App. 5th 781 (2016) ........................................................................6

*FNBN Rescon I, LLC v. Citrus El Dorado*,
    LLC, 725 F. App'x 448 (9th Cir. 2018)...................................................7, 8

*Friedman v. Live Nation Merch., Inc.*,
    833 F.3d 1180 (9th Cir. 2016) ...................................................................4

*Groupion, LLC v. Groupon, Inc.*,
    859 F. Supp. 2d 1067 (N.D. Cal. 2012) ....................................................4

*Harshad & Nasir Corp. v. Global Sign Sys., Inc.*,
    14 Cal. App. 5th 523 (2017) ......................................................................5

*Keenan v. Allan*,
   91 F.3d 1275 (9th Cir. 1996) ......................................................................4

*KS Aviation v. Dan Bong Yoon*,
   Case No. RG18913041 ...............................................................................9

*Nissan Fire & Marine*,
   210 F.3d at 1102–03 ............................................................................4, 18

*Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*,
   210 F.3d 1099 (9th Cir. 2000) ..................................................................4

*Parsons v. Bristol Dev. Co.*,
   62 Cal. 2d 861 (1965) ................................................................................7

*Pat. Scaffolding Co. v. William Simpson Const. Co.*,
   256 Cal. App. 2d 506 (1967) ...................................................................12

*People of the State of California vs. Daniel Bong Yoon*,
   16CR-00245 (April 18, 2017) ..................................................................13

*Singh v. Google Inc.*,
   No. 16-CV-03734-BLF, 2017 WL 2404986 (N.D. Cal. June 2, 2017) ..................................15

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(a) ........................................................................................3

Fed. R. Civ. P. 56(e) ...............................................................................4, 20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case: 20-04021   Doc# 273   Filed: 04/12/24   Entered: 04/12/24 17:27:21   Page 5 of 26

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Plaintiff Dan Yoon's ("Plaintiff") claims rely on his enforcement of his alleged rights to **three categories** of loans under the 2016 Settlement Agreement (the "Settlement Agreement") executed by himself and Defendant John Yoon. The **first category** of loans is comprised of those which Plaintiff and his associates purportedly issued to KS Aviation ("KSA") and/or John Yoon. For this **first category**, Plaintiff claims direct liability under Section 2 of the Settlement Agreement under his first and second causes of action. The **second category** of loans is comprised of the approximately $3 million KS Aviation borrowed from Bank of the West and the Bay Area Employment Development Company ("BAED") to purchase the Boeing 737 flight simulator, secured by the simulator and related materials. The **third category** of loans is comprised of business loans issued to KS Aviation throughout 2012–14 to cover operational and other expenses under his first and second causes of action. For his fifth cause of action, Plaintiff asserts that Section 3 of the Settlement Agreement obligates him to indemnity payments from Defendants for his personal guarantee of *both* these **second and third categories** of loans. This Court has held Plaintiff is entitled to indemnity on the **second category** of loans. Memorandum Decision Re: Plaintiff's Motion for Partial Summary Judgment (Dkt. 190) ("MSJ Order"). However, based on recent developments, Plaintiff is *not* entitled to indemnity on the **second category** of loans. Plaintiff is further not entitled to indemnity on the **third category** of loans. For the reasons stated below, Defendants are entitled to summary judgment on Plaintiff's first, second, and fifth causes of action.

### II.     FACTUAL AND PROCEDURAL BACKGROUND

After significant conflict between Plaintiff Dan Yoon and Defendant John Yoon, the initiation of civil suits against each other, and a criminal case against Dan Yoon, on September 2, 2016, Dan Yoon and John Yoon executed the Settlement Agreement in exchange for dropping their civil suits against each other. Ex. 4, Settlement Agreement at 1–2.[1] Although plaintiff has asserted claims against

---

[1] Exhibits 1–3 are attached to the Declaration of Rosa Salcido ("Salcido Decl."). Exhibit 4 is attached to the Declaration of John Yoon ("J. Yoon Decl."). Exhibits 5–11 are attached to the Declaration of Chen (Eric) Zhao ("Zhao Decl."). Exhibits 12–18 are attached to the Declaration of Christopher J. Rillo ("Rillo Decl.").

KS Aviation, Inc., Xing Kong Aviation Service, LLC, Chen Zhao, and Xin Han Aviation, LLC , only Dan Yoon and John Yoon are named as parties to the Settlement Agreement. *Id.*; J. Yoon Decl. ¶ 4.

## A. Dan Yoon's Bankruptcy

On December 6, 2019, Plaintiff filed for bankruptcy. (Bky. Dkt. 1.) Prior to filing for bankruptcy, Plaintiff unsuccessfully challenged the enforceability of the Settlement Agreement in Superior Court for the County of Merced, claiming that (1) his consent was obtained by fraud; (2) the agreement lacked mutuality of obligation; (3) the agreement was procedurally and substantively unconscionable; and (4) the agreement terms were breached by John Yoon and KS Aviation. Pl. Dan Yoon's Closing Brief, *Dan Yoon v. KS Aviation, Inc., et al.*, Case No. 17CV-00630 (Sept. 6, 2019) at 6. However, the Honorable Ronald W. Hansen, Judge of the Superior Court issued a Statement of Decision (the "Hansen Decision"), finding that the Settlement Agreement is enforceable against Dan Yoon. Ex. 13, Hansen Decision, *Dan Yoon v. KS Aviation, Inc., et al.*, Case No. 17CV-00630 (Oct. 15, 2019). The Hansen Decision required specific performance by Dan Yoon and found that money damages are appropriate remedies for the alleged remaining obligations owed by KS Aviation and John Yoon. *Id.* A few months after the Hansen Decision was issued, Dan Yoon and his wife, Jeenee Yoon, filed for bankruptcy.

Now, Plaintiff is litigating obligations allegedly owed to him under the Settlement Agreement. On March 4, 2020, Plaintiff removed his state court action to the Bankruptcy Court for the Eastern District of California. (Dkt. 1.) He then transferred the case to the Bankruptcy Court for the Northern District of California. (Dkt. 35.) On June 6, 2022, Plaintiff filed his Fourth Amended Complaint against Defendants, alleging six causes of action stemming from his purported rights under the Settlement Agreement to payment for the three categories of loans. (Dkt. 122.)

## B. Previous Summary Judgment Findings

On December 23, 2022, Plaintiff moved for partial summary judgment on his claim for contractual indemnity, the fifth cause of action. (Dkt. 168.) On March 13, 2023, the Court issued its ruling on Plaintiff's motion. *See* MSJ Order. Regarding the **second category** of loans, the Court found the following: first, that Bank of the West "executed against its simulator collateral and 'applied a

portion of the cash proceeds to partially satisfy its judgments [against Plaintiff]" (*id.*, 4:8–11); and second, that "BAED's proof of claim is based on its simulator loan, and the proof of claim (which is substantially less than the original note balance) reflects that some of the simulator sales proceeds were also applied to the BAED note" (*id.*, 4:20–24). The Court concluded that Plaintiff is owed $260,514.18 for the unpaid balance of the BAED loan but could not determine damages under the Bank of the West simulator loan: "Bank of the West's Chapter 11 secured claim presumably reflects the collective balance due on the [**second and third categories** of loans]" but no evidence was presented to show the balance due on just the loan used for the simulator. *Id.*, 12:6–25. Regarding the **third category** of loans, the Court found that "no explicit contractual language extend[s] … indemnification … to the [**third category** of loans] and no declarations or other evidence indicat[e] that KSA spent these loan proceeds on the 'simulator facility and its contents.'" *Id.*, 9:18–25. Thus, material questions of fact remained as to the amount owed for the Bank of the West simulator loan and whether any payment was owed for the business loans to KS Aviation. Notably, the Court's decision did not address payment owed to Plaintiff for the **first category** of loans.

Finally, the Court made several findings of fact with regard to the KS Aviation shares: (1) in 2012, Plaintiff held 50% of KSA shares (*id.*, 2:5–6); (2) that pursuant to Judge Hansen's October 5, 2019 Statement of Decision, Plaintiff is obligated to return these shares to KSA (*id.*, 5:11–16); (3) that this obligation is independent of the Settlement Agreement's indemnification provisions (*id.*, 11:10–11), and, finally; (4) that, as of December 23, 2022, Plaintiff had not tendered these shares (*id.*, 5:16).

## III. STANDARD OF REVIEW

A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden of informing the court of the basis for the motion and, if the moving party meets this burden, the burden shifts to the non-moving party to go beyond the pleadings and designate materials in the record to show that there is a genuinely disputed fact. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Summary judgment must be granted where a party "fails to make a showing

Case: 20-04021   Doc# 273   Filed: 04/12/24   Entered: 04/12/24 17:27:21   Page 8 of
26

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 at 322.

If the moving party will not bear the ultimate burden of persuasion at trial, then it must carry both the burden of production and the burden of persuasion on its motion for summary judgment. *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1188 (9th Cir. 2016) (citing *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)). To carry the burden of production, the moving party "must either produce evidence negating an essential element of the nonmoving party's claim . . . or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine*, 210 F.3d at 1102–03. To successfully carry the burden of persuasion, the moving party must show the court that no genuine dispute of material fact exists. *Id.* at 1102. If the moving party does not carry its initial burden of production, then the nonmoving party need not produce any evidence to defeat the motion. *Id.* at 1102–03. But, if the moving party does carry the burden of production, then the nonmoving party must identify with reasonable particularity enough evidence supporting its claim or defense to create a genuine dispute of material fact to defeat the motion. *Id.*; *Groupion, LLC v. Groupon, Inc.,* 859 F. Supp. 2d 1067, 1072 (N.D. Cal. 2012) (citing *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996)). Otherwise, the moving party will win on its motion. *Nissan Fire & Marine*, 210 F.3d at 1103.

## IV. ARGUMENT

As a threshold matter, Plaintiff cannot hold Defendants KS Aviation, Xing Kong Aviation Service, Chen Zhao, and Xin Han Aviation Service liable under the provisions of a settlement agreement with which they were not involved. However, even if this Court were to find Defendants liable, Defendants are still entitled to summary judgment on Plaintiff's first, second, and fifth causes of action.

First, Defendants are entitled to summary judgment on Plaintiff's first cause of action for breach of contract because Defendants have not breached the terms of the Settlement Agreement, as none of the requisite conditions have been met to require repayment to Plaintiff, and Plaintiff's damages are not the result of an alleged breach by Defendants. Further, Plaintiff's attempt to collect

twice on payment for his purported loans is disallowed.

Second, Defendants are entitled to summary judgment on Plaintiff's second cause of action for breach of the covenant of good faith and fair dealing for three reasons: (1) Plaintiff cannot show that he satisfied the condition precedent to Defendant's repayment of loans; (2) Defendants are not required to hire an accountant to document Plaintiff's loans, and Plaintiff's alleged damages are not a result of the absence of said accountant; and (3) Plaintiff's damages are not the result of an alleged sham arrangement between KS Aviation and Xing Kong.

Third, Defendants are entitled to summary judgment on Plaintiff's fifth cause of action for breach of contractual indemnity. First, with respect to the **second category** of loans, Plaintiff is barred from seeking indemnity because (1) payments for this category were satisfied by another entity, likely Hana Japan, not Plaintiff, and (2) the Settlement Agreement only provides indemnity for Plaintiff, not any other entity. Second, with respect to the **third category** of loans, Plaintiff can only claim indemnity for the loans that were used to pay for the flight simulator, which he cannot prove.

### A. Plaintiff Cannot Hold Defendants KS Aviation, Xing Kong Aviation Service, Chen Zhao, and Xin Han Aviation Service Liable Under the Provisions of a Settlement Agreement That They Were Not Involved in.

As an initial matter, Plaintiff Dan Yoon's claims can only be alleged against Defendant John Yoon. Plaintiff's claims arise out of the Settlement Agreement executed by John Yoon and Dan Yoon. *See* Ex. 4, Settlement Agreement at 8 (bearing signatures of only John Yoon and Dan Yoon); *id.* at 1 (defining "Parties" as John Yoon and Dan Yoon only). Even though the other parties in this action— KS Aviation, Xing Kong Aviation, Chen Zhao, and Xin Han Aviation—did not participate in the Settlement Agreement, Plaintiff improperly attempts to hold them liable here. These parties did not agree to release claims against Plaintiff Dan Yoon.

"An essential element of any contract is the mutual consent of the parties." *Harshad & Nasir Corp. v. Global Sign Sys., Inc.*, 14 Cal. App. 5th 523, 537 (2017). "Further, the consent of the parties to a contract must be communicated by each party to the other . . ." *Esparza v. Sand & Sea, Inc.*, 2 Cal. App. 5th 781, 788 (2016). Indeed, Defendants Xing Kong Aviation and Xin Han Aviation were completely unrelated to KS Aviation and Defendant John Yoon when the Settlement Agreement was

executed in 2016 and cannot be bound by John Yoon's limitations. In this Court's MSJ Order, it found that both Plaintiff and KS Aviation were parties to the Settlement Agreement but made no such finding with regard to Xing Kong Aviation, Xin Han Aviation, or Chen Zhao. *See generally*, MSJ Order at 9. Therefore, in this present adversary proceeding, Plaintiff may properly bring his claims only against Defendant John Yoon.[2]

### B. Defendants are Entitled to Summary Judgment on Plaintiff's First Cause of Action for Breach of Contract.

This is a simple breach of contract matter for which Plaintiff is unable to prove all of the necessary elements. "To prevail on a breach of contract claim, a plaintiff must establish each of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Andrew Smith Co. v. Paul's Pak, Inc.*, 754 F. Supp. 2d 1120, 1124 (N.D. Cal. 2010) (citing *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010)).

Here, the relevant contract is the Settlement Agreement, whose enforceability Plaintiff has already unsuccessfully challenged. *See* Exhibit 13, Hansen Decision. Plaintiff cannot prevail on his breach of contract claim for several foundational reasons. **First**, none of the requisite conditions for repayment required by the Settlement Agreement have been met. Because these conditions have not been met, Defendants have not breached the Settlement Agreement. **Second**, Plaintiff cannot show that his damages are a result of breach by Defendants. **Third**, even if Plaintiff could overcome these barriers, he is not entitled to collect twice by withholding shares which this Court and the Superior Court have ordered be returned.

#### 1. Defendants have not breached the terms of the Settlement Agreement; none of the requisite conditions have been met to require repayment to Plaintiff.

The Settlement Agreement contains three requisite provisions before Plaintiff can be repaid— none of which have been met. **First**, a neutral Certified Public Accountant must determine the funds owed to Dan Yoon from his legally documented official loans. **Second**, KS Aviation must regain its

---

[2] Defendants' inclusion of Defendants other than John Yoon in this brief is not a concession that all Defendants are obligated under the loan.

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

6

CASE NO. 19-42763
Adv. Proc. No.: 20-04021

Case: 20-04021    Doc# 273    Filed: 04/12/24    Entered: 04/12/24 17:27:21    Page 11 of 26

financial footing before it is obligated to pay these funds. **Third**, Dan Yoon is only entitled to repayment of loans made by him, not his associates.

### i. No "outside and neutral" Certified Public Accountant has ever determined the funds owed to Plaintiff from his clearly and legally documented official loans.

The Settlement Agreement only obligates payment of "any funds owed to Dan that are clearly and legally documented as official loans by Dan to the corporation." Ex. 4, Settlement Agreement at 2. However, these funds are to be "determined by an accredited outside and neutral Certified Public Accountant." *Id.* The Settlement Agreement neither defines the amount owed to Plaintiff, nor identifies a clear way to determine the amount owed, as the criteria for determining the amount owed is left to the discretion of an accountant. Simply put, without having met this condition, Plaintiff is not owed repayment. Plaintiff has not and cannot proffer any evidence to show that any such accountant has evaluated the funds owed to him.

More fundamentally, Plaintiff has made it extraordinarily difficult, if not impossible, for an accountant to determine any funds legitimately owed to him; Defendants' performance should be excused on this basis. "Under California law, if one contracting party prevents the other from performing a condition precedent, the party that is subject to the condition is excused from performing it." *FNBN Rescon I, LLC v. Citrus El Dorado*, LLC, 725 F. App'x 448, 451 (9th Cir. 2018) (finding that one party's "refusal to advance loan funds in a timely manner prevented [the other party] from fulfilling the conditions" of the parties' loan agreement") (*citing Parsons v. Bristol Dev. Co.*, 62 Cal. 2d 861, 868–69 (1965); *City of Hollister v. Monterey Ins. Co.*, 165 Cal. App. 4th 455, 490 (2008)). During his tenure at KS Aviation, Plaintiff maintained full control over the finances of KS Aviation; he directed all payments to vendors, signed all checks issued, and documented his deposits to business accounts as "loans"; his malfeasance has hopelessly corrupted the financial records which were created during his tenure. J. Yoon Decl. ¶ 3; Salcido Decl. ¶ 9; *See* Ex. 16, Merced County District Attorney Case Report – Supplemental 04 (Oct. 21, 2015) at 3, 8–10. As a result, the promissory notes attached to the Fourth Amended Complaint are not reflected in KS Aviation's corporate books. Salcido Decl. ¶ 9. However, numerous suspicious expenses attributable to Dan Yoon are reflected. *Id.* Plaintiff

DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT

7

CASE NO. 19-42763
Adv. Proc. No.: 20-04021

Case: 20-04021    Doc# 273    Filed: 04/12/24    Entered: 04/12/24 17:27:21    Page 12 of
26

cannot demand the funds owed to him when his illegal and unethical behavior has made it extraordinarily difficult, and even impossible, to validate his loans, determine credits for payments KS Aviation has already made on those loans, or tabulate the total funds owed to him. *Id.*; *FNBN Rescon I, LLC*, 725 F. App'x at 451.

### ii. KS Aviation is not profitable, trending towards profitability, has not regained its financial footing, nor does it have sufficient operating capital as required by the Settlement Agreement.

The officially documented loans discussed above were only required to be repaid "once the Company has regained its financial footing and all past due debts are brought current, all pending judgments against the Company are resolved and that sufficient operating capital is on hand to meet current business requirements including updating of the aircraft fleet and maintenance operations." Ex. 4, Settlement Agreement at 2.

KS Aviation is not profitable, nor has it been for a long time. *See* Ex. 1, Deposition of Rosa Salcido (July 20, 2022) at 23:25–24:21 (testifying that "th[e] company owed a lot of money" and "the incoming revenue was very, very low compared to […] the deficit"), 65:20–21 (testifying that "KS Aviation was struggling in those years [2018]"). KS Aviation does not have sufficient operating capital on hand to meet current business requirements. In fact, the opposite is true—the company is drowning in debt. Salcido Decl. ¶¶ 11–12. It has received over $10 million in loans from Xing Kong just to remain afloat. Ex. 11, Rule 30(b)(6) Deposition of Chen Zhao on behalf of Xing Kong (Aug. 4, 2022) at 7:22–24.

The flight school requires roughly 150 students to be enrolled to break even, but only has 65 currently enrolled. Salcido Decl. ¶ 12. In recent years, student enrollment has taken a sharp downturn and has shown no signs of recovery. *See* Ex. 11, Rule 30 (b)(6) Deposition of Chen Zhao on behalf of Xing Kong (Aug. 4, 2022) at 21:15–17 (testifying that the school currently has less than 20 students); Ex. 10, Rule 30 (b)(6) Deposition of Chen Zhao on behalf of KS Aviation (Aug. 4, 2022) at 52:19–23 (testifying that KS Aviation is still bringing students from Korea to the school, but "all the operation we have is just losing money"), 55:5 (testifying that "there's barely no Korean students anymore"); Zhao Decl. ¶¶ 3–6; *see also* Salcido Decl. ¶ 12.

Not only is student enrollment abysmally low, but profit and loss statements from 2017–18 show KS Aviation has been operating at a loss. *See* Salcido Decl. ¶¶ 11–13; Ex. 2, Sierra Academy of Aeronautics Profit & Loss, January–December 2017 (net income was -$4,967,561.74) and January–December 2018 (net income was -$2,379,769.40). In a memorandum dated May 9, 2018, addressed to KS Aviation employees, Defendant Eric Zhao explained that KS Aviation "does not have stable financial footing," and "owes a large amount of debt and has very little income." Ex. 5, Memorandum of Eric Zhao dated May 9, 2018. The most recent profit and loss statements, which reflect Xing Kong's financial status after KS Aviation became effectively defunct[3], show that the business continues to operate at a loss. Salcido Decl. ¶ 13; Ex. 3, Xing Kong Aviation Service, LLC, Profit & Loss, January–December 2019 (net income was -$1,490,081.02), January–December 2020 (net income was -$1,243,551.27), January–December 2021 (net income was -$1,447,623.96), and January–December 2022 (net income was -$1,180,234.42).

Lastly, Plaintiff is an experienced businessman who had complete familiarity with the financial condition of KS Aviation when he entered the Settlement Agreement and filed his Fourth Amended Complaint. Plaintiff repeatedly conceded his knowledge of KS Aviation finances in his deposition. *See* Ex. 14, Deposition of Dan Yoon, *KS Aviation v. Dan Bong Yoon*, Case No. RG18913041, Alameda County Superior Court (Sept. 13, 2019) at 14:23–25 (testifying that Plaintiff was President of KS Aviation in 2014), 15:18–22 (testifying that Plaintiff was in charge of operating the company from 2004 to 2014), 17:24–18:8 (testifying that Plaintiff and John Yoon discussed what was going on with the company's business operation in 2014 and 2015, including the company's EB5 program and its agreement with Boeing). Plaintiff again admits he knew KS Aviation's financial situation was trending downhill in the Fourth Amended Complaint. *See* Fourth Amended Complaint (Dkt. No. 122) ("4AC") ¶ 16 ("By the end of 2015, KSA held more than $2.5 million of unpaid and difficult to collect tuition invoices. KSA's gross income declined from $14,000,000 in 2014 to $3,500,000 in 2015. By August 2016 enrollment was down to 100 students and KSA owed more than $2 million in payables").

---

[3] To the extent Plaintiff alleges KS Aviation and Xing Kong are the same entity, Defendants do not concede this point. Xing Kong purchased KS Aviation, rendering it effectively defunct, and Xing Kong's profit and loss statements now accurately reflect the profitability and overall financial state of KS Aviation.

Case: 20-04021    Doc# 273    Filed: 04/12/24    Entered: 04/12/24 17:27:21    Page 14 of 26

Plaintiff voluntarily assumed a substantial amount of risk by agreeing to KS Aviation's obligations being conditioned upon regaining full financial footing. Plaintiff cannot expect this Court to unwind this condition of KS Aviation's performance because he regrets this business decision. Judge Hansen has already found that the Settlement Agreement was not obtained under fraud or duress and that Dan Yoon, as an experienced businessman, willingly took on the risk of not being repaid as the possibility of KS's recovery was slight. Ex. 13, Hansen Decision at 9. KS Aviation remains unprofitable, and any resulting consequences suffered by Plaintiff are his own responsibility.

Plaintiff has no evidence demonstrating that KS Aviation is profitable, nor will Plaintiff be able to produce any such evidence. Without establishing KS Aviation's profitability, Plaintiff cannot satisfy the condition precedent necessitating repayment of the **first category** of loans.

        **iii.**     **Even if the conditions for repayment were met, Plaintiff would only be entitled to repayment on loans made by him, not his associates.**

As explained above, Plaintiff inflates the value of his returns on investment by alleging that Defendant KS Aviation currently owes him for loans made to KS Aviation from both him *and* his associates. He states that he is owed repayment on (1) his alleged loans to KS Aviation ($406,689, $255,670, $656,710, and $603,713), (2) his loan to John Yoon ($270,000), and (3) his associates' loans to KS Aviation (totaling $538,549.27).[4] Plaintiff assigned his associates' promissory notes to himself a year *after* the Settlement Agreement was signed, and only one day prior to filing the present law suit—a calculated scheme to engineer a significantly larger recovery than he would otherwise be entitled to. Ex. 12, Exhibit A (dated March 1, 2022) to Complaint *Dan Yoon v. KS Aviation, Inc., et al.*, Case No. 17CV-00630 (March 2, 2017); Ex. 4, Settlement Agreement (dated September 2, 2016). Plaintiff claims that under Section 2 of the Settlement Agreement, which controls Plaintiff's claim for direct liability under the **first category** of loans, Defendant KS Aviation directly owes him a total of

---

[4] There are twelve total loans purportedly made by Dan Yoon's associates: (1) $19,000 in 2014 by Hana Yoon; (2) $20,000 in May 2015 by Hana Japan; (3) $20,000 in April 2015 by Hana Japan; (4) $84,517.86 in February 2014 by Jeenee Yoon; (5) $100,000 on November 16, 2015 by Jeenee Yoon; (6) $50,000 on October 14, 2015 by Sierra Air Development; (7) $53,265 on June 13, 2016 by Jeenee Yoon; (8) $36,806.41 on January 28, 2016 by Sierra Air Center Develop LLC; (9) $15,000 on June 8, 2016 by Hana Japan; (10) $30,000 on June 10, 2016 by Hana Yoon; (11) $49,960 on June 13, 2016 by Shouchen Zhu; and (12) $60,000 on August 9, 2016 by Jeenee Yoon.

Case: 20-04021    Doc# 273    Filed: 04/12/24    Entered: 04/12/24 17:27:21    Page 15 of 26

$2,731,331 by combining the loans allegedly made by him and his associates.

However, Section 2 only obligates repayment to Plaintiff for loans *he* made to the corporation. Ex. 4, Settlement Agreement at 2. Therefore, his associates' loans to KS Aviation and his loan to John Yoon do not fall under Section 2 of the Settlement Agreement. Section 2 clearly lays out the financial relationship between Plaintiff and KS Aviation: in return for Plaintiff relinquishing his equity stake as well as "any and all company property," Defendants KS Aviation and John Yoon would relinquish interest in Sierra Air to Plaintiff and would pay him back for his debt stake, but only if those debts could be verified, and only if KS Aviation was able to financially recover. Ex. 4, Settlement Agreement at 2. The purpose of Section 2 is clear: it would enable Defendant John Yoon to regain equitable ownership of KS Aviation by relinquishing ownership in Sierra Air and agreeing to repay Plaintiff for his debt investments into KS Aviation—provided they were legitimate—which was a material concern considering that Dan Yoon was under investigation for fraud against KS Aviation when the Settlement Agreement was entered. *See* Ex. 13, Hansen Decision at 4 (stating that some of the forgeries for which Dan Yoon was facing charges included forgeries of KS Aviation documents, which granted him ownership in Sierra Development Company, authorized a million-dollar bonus to Dan, and helped him secure the SBA simulator loan).

Thus, the price Defendant John Yoon paid for the return of Plaintiff's shares and full ownership of KS Aviation was "any funds owed to Dan that are clearly and legally documented as official loans by Dan to the corporation … determined by an accredited outside and neutral Certified Public Accountant." Ex. 4, Settlement Agreement at 2. Plaintiff cannot retroactively restructure the balance of this exchange and inflate the price of his shares by assigning additional debts—which are not contemplated by the Settlement Agreement—to himself.

**2. Plaintiff's alleged damages are not the result of an alleged breach by Defendants.**

Plaintiff fails to meet the fourth and final element required to assert a claim for breach of contract, which is that Defendants' alleged breach caused his damages. "A breach of contract without damage is not actionable. Damages are not recoverable which are not causally connected with the

breach of a contract." *Pat. Scaffolding Co. v. William Simpson Const. Co.*, 256 Cal. App. 2d 506, 511 (1967) (citations omitted).

Plaintiff's financial woes exist solely as a result of his own wrongdoing and irresponsible risk-taking. After filing for bankruptcy due to *his* considerable debt, Plaintiff brought this action against Defendants, claiming, remarkably, that it was Defendants who caused him to go bankrupt. Plaintiff's Motion for Partial Summary Judgment (Dkt. 168 at 11–12). Plaintiff has no evidence to show that his damages, including his basis for declaring bankruptcy, are causally connected to Defendants' alleged breach. *Id.* It is Plaintiff's actions both in corrupting KS Aviation's finances and signing a Settlement Agreement premised on financial recovery of a "destitute" organization that have caused his current financial state. *See supra*, sections (B)(2)(i)-(ii); *id. infra* (C)(3).

Defendants are entitled to summary judgment on this cause of action because Plaintiff cannot show that there are genuine disputes of material facts essential to his first cause of action.

### 3. Even if Plaintiff could demonstrate breach, he cannot collect twice for the same promissory notes.

Plaintiff is not entitled to collect twice by withholding shares which this Court and the Superior Court have demanded be returned. This is not merely a contractual obligation but a judicial directive which "[Plaintiff] could not reject or ignore by filing a Chapter 11 bankruptcy . . . The Statement of Decision remains, and its directive that Dan Yoon transfer his KSA shares stands." MSJ Order at 7–8.

On January 30, 2023, Plaintiff's attorney, Bernard Kornberg, emailed Defendants' former counsel Michael Abbott indicating his client's intent to return his shares via FedEx on February 2, 2023. Ex. 8, Bernard Kornberg Email dated January 30, 2023. In fact, Plaintiff returned only *some* of his shares. Ex. 9, Dan Yoon's Returned Stock Certificates. At the time Plaintiff left KS Aviation, he owned Stock Certificates Nos. 3, 5, 11, 15, and 19. Ex. 6, KS Aviation Stock Ledger dated May 20, 2015. Enclosed in the envelope in which Plaintiff returned his shares on February 2, 2023, were Stock Certificates Nos. 3, 5, 11, and 19. Ex. 9, Dan Yoon's Returned Stock Certificates.[5] Stock Certificate

---

[5] Stock Certificate No. 11 is inadvertently mislabeled as Stock Certificate No. 12 on the stock ledger. *See* Ex. 6, KS Aviation Stock Ledger dated May 20, 2015.

Case: 20-04021   Doc# 273   Filed: 04/12/24   Entered: 04/12/24 17:27:21   Page 17 of 26

No. 15, which represents 294,155 shares, was *not* included among the returned stock certificates. *Id.* Plaintiff has presented no evidence to demonstrate that, in the intervening months, he specifically performed his singular obligation of relinquishing ownership interest in KS Aviation by returning Stock Certificate No. 15 to KS Aviation. By retaining Stock Certificate No. 15, Plaintiff would collect twice for his purported loans should he seek payment in full. Dan Yoon issued himself these shares in payment for direct loans that he purportedly made to KS Aviation. [6] Plaintiff has yet to return the 294,155 shares granted by Stock Certificate No. 15 in compensation for the accrued interest on loans he purportedly made to KS Aviation. Ex. 7, KS Aviation, Inc., Board of Directors Minutes (January 10, 2015).[7] A reading of the Settlement Agreement that would permit Plaintiff to receive additional compensation for returning those shares—without having actually returned them—would reduce Section 2 to an unenforceable absurdity. Plaintiff cannot possibly be permitted to recover twice over. *See* Ex. 13, Hansen Decision at 10 (Although the release "bars any offset claims[,] … KS is still entitled to credits for payments it made on the loans").

### C. Defendants are Entitled to Summary Judgment on Plaintiff's Second Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing.

Defendants have not breached the covenant of good faith and fair dealing, just as they have not breached the terms of the Settlement Agreement. Plaintiff's second cause of action alleges that Defendants frustrated Plaintiff's expectations under the Settlement Agreement for repayment of "official loans by Dan to the corporation" by (1) "failing to hire an accountant to document the loans

---

[6] Plaintiff's intent to issue himself shares as repayment for the loans he purportedly made to KS Aviation is supported by the evidentiary record. Harry Kim, a Certified Public Accountant hired by Plaintiff in January 2014, stated that Plaintiff instructed him to "prepare a worksheet documenting distribution of KS Aviation stock" with a computation reflecting a "'one to one' distribution of dollars contributed (as reflected in [Plaintiff's] promissory notes) to stock issued" to Plaintiff. Ex. 16, Interview with Harry Kim, Merced County District Attorney Case Report – Supplemental 04 (Oct. 21, 2015) at 13. This information was collected during the District Attorney's fact-gathering process regarding the criminal matter in which Plaintiff pled nolo contendere to two counts of Falsification of Corporate Records and two counts of Forgery with Intent to Defraud. Ex. 15, Minute Order, *People of the State of California vs. Daniel Bong Yoon*, 16CR-00245 (April 18, 2017).

[7] The Board of Directors Minutes, which curiously contains no record of anyone in attendance except for Plaintiff, reflects a resolution "that the total accrued interest of $294,155.77 will be recorded as interest payable to Dan Yoon; and the amount will be paid as common stock of 294,155 shares." Ex. 7, KS Aviation, Inc., Board of Directors Minutes (January 10, 2015). Stock Certificate 15, which was issued on January 20, 2015, represents 294,155 shares. *See* Ex. 6, KS Aviation Stock Ledger dated May 20, 2015.

by Plaintiff to KSA" (4AC ¶¶ 38, 40); and (2) "entering a sham arrangement with Xing Kong where Xing Kong will receive all revenue owed to KSA, thus leaving KSA destitute" (4AC ¶ 41). To establish this claim, Plaintiff "must prove all of the following: (1) that [Plaintiff] and [Defendant] entered into a contract; (2) that [Plaintiff] did all, or substantially all of the significant things that the contract required [him] to do [or] was excused from having to do those things; (3) that all conditions required for [Defendant's] performance had occurred or were excused; (4) that [Defendant] [prevented Plaintiff from receiving the benefits under the contract]; (5) that by doing so, [Defendant] did not act fairly and in good faith; and (6) that [Plaintiff] was harmed by [Defendant's] conduct." Judicial Council of California Civil Jury Instructions (2023) No. 325 (cleaned up).

Because Plaintiff cannot show (1) that he satisfied the condition precedent to this obligation, (2) that Defendants were obligated under the Settlement Agreement to hire an accountant for this purpose, or (3) that Defendants entered into a sham arrangement with Xing Kong, Defendants are entitled to summary judgment on Plaintiff's second cause of action.

### 1. Plaintiff cannot show that he satisfied the condition precedent to Defendant's repayment of loans.

This cause of action fails because Plaintiff cannot show that he performed as required by the Settlement Agreement and, as a result, Defendants are excused from their obligation to repay Plaintiff's direct loans. A condition precedent is that an independent accountant be hired to verify the loans. The Agreement does not specify who was to hire the accountant. Plaintiff was capable of hiring an accountant; he did not do so.

### 2. Defendants are not required to hire an accountant to document Plaintiff's loans, and Plaintiff's alleged damages are not a result of the absence of said accountant.

This cause of action cannot withstand summary judgment because Plaintiff fails to satisfy the two fundamental elements of a claim for the breach of good faith and fair dealing. A plaintiff must show that "the defendant deprived the plaintiff of a benefit conferred by the contract in violation of the parties' expectations at the time of contracting, and that the plaintiff's damages resulted from the defendant's actions.'" *Singh v. Google Inc.*, No. 16-CV-03734-BLF, 2017 WL 2404986, at *3 (N.D.

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT                    14                    CASE NO. 19-42763
Adv. Proc. No.: 20-04021

Case: 20-04021    Doc# 273    Filed: 04/12/24    Entered: 04/12/24 17:27:21    Page 19 of 26

Cal. June 2, 2017) (quoting *Avila v. Countrywide Home Loans*, No. 10-CV-05485, 2010 WL 5071714, at *5 (N.D. Cal. Dec. 7, 2010). "The fundamental rules of contract interpretation are based on the premise that the interpretation of a contract must give effect to the mutual intention of the parties .... Such intent is to be inferred, if possible, solely from the written provisions of the contract." *Aug. Ent., Inc. v. Philadelphia Indem. Ins. Co.*, 146 Cal. App. 4th 565, 573 (2007) (internal quotations omitted). Here, Defendants did not deprive Plaintiff of any benefit conferred by the Settlement Agreement because Defendants were not required to hire an accountant to document Plaintiff's loans. Moreover, Plaintiff's damages do not flow from Defendants' alleged failure to hire an accountant.

Defendants' obligations with regard to the Certified Public Accountant are clear and states only that "any funds owed to Dan that are clearly and legally documented as official loans by Dan to the corporation will be determined by an accredited outside and neutral Certified Public Accountant." Ex. 4, Settlement Agreement at 2. Notably, the Settlement Agreement does *not* state that Defendants are responsible for hiring this Certified Public Accountant. Neither does it state that the CPA will be the individual to legally document Plaintiff's loans. *Id.* It *only* states that "any funds owed to Dan ... will be determined by an accredited outside and neutral Certified Public Accountant," and that the subcategory of funds will be those "that are clearly and legally documented as official loans by Dan to the corporation." *Id.* Because the CPA need not consider the legal documentation of official loans, it is an irrelevant ambiguity that the Settlement Agreement does not set forth criteria by which the CPA will "determine" what funds are owed to Plaintiff. *See Aug. Ent., Inc.*, 146 Cal. App. 4th at 573. That clause modifies the direct object of the sentence—funds owed to Dan—and the CPA is tasked with determining which of those legally documented official loans ought to be repaid.

Moreover, Plaintiff's pleadings concede that no damages flow from Defendants' alleged failure to appoint a CPA. In fact, it is Plaintiff's own malfeasance which has frustrated the determination of funds. Plaintiff has provided promissory notes that document the loans he believes ought to be repaid under his first cause of action totaling $3,422,567.57. 4AC ¶ 36. Plaintiff now is demanding *damages equivalent to* $3,422,567.57 in those notes. *Id.* ¶ 43. The alleged failure to hire a certified and neutral CPA cannot possibly have resulted in *damages* amounting to $3,422,567.57.

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT                                   15                    CASE NO. 19-42763
                                                                                                       Adv. Proc. No.: 20-04021

Case: 20-04021    Doc# 273    Filed: 04/12/24    Entered: 04/12/24 17:27:21    Page 20 of 26

Plaintiff should have shown which specific damages flowed from failure to hire the accountant. Ironically, it is Plaintiff's financial malfeasance during his tenure at KS Aviation that has made the determination of funds owed to him extraordinarily difficult. *See supra* section IV(B)(2)(i). Thus, if anyone can be accused of interfering with a party's ability to perform under the Settlement Agreement, it is Plaintiff.

### 3. Plaintiff's damages are not the result of an alleged sham arrangement between KS Aviation and Xing Kong.

Plaintiff's allegation that Defendant KS Aviation entered into a sham arrangement with Defendant Xing Kong rests on the assumption that KS Aviation is destitute *because* it was purchased by Xing Kong, who Plaintiff alleges receives KS Aviation's revenue. 4AC ¶ 41. This is patently false. KS Aviation's precarious financial situation began *before* Xing Kong engaged in serious discussions with John Yoon to purchase KS Aviation. *See* Ex. 2, Sierra Academy of Aeronautics Profit & Loss, January–December 2017 (net income was -$4,967,561.74); Ex. 10, Rule 30 (b)(6) Deposition of Chen Zhao on behalf of KS Aviation (Aug. 4, 2022) at 24:1–20 (testifying that he thought KS Aviation was about to go bankrupt at the time Xing Kong was negotiating a purchase); Ex. 1, Deposition of Rosa Salcido (July 20, 2022) at 23:25–24:21 (testifying that "th[e] company owed a lot of money" and "the incoming revenue was very, very low compared to […] the deficit").

Even Plaintiff recognizes that Xing Kong is not taking what little revenue KS Aviation brings in. Plaintiff admits that Xing Kong financially supports KS Aviation. 4AC ¶ 28 ("Xing Kong has […] received all income from the Sierra Academy of Aeronautics, and **paid all expenses** of the Sierra Academy of Aeronautics") (emphasis added). If Xing Kong is paying KS Aviation's expenses, and KS Aviation is not profitable, then there is no revenue to "protect" from Plaintiff's alleged expectations by entering into an alleged sham arrangement.

Moreover, Xing Kong itself is, to use Plaintiff's terminology, destitute. *See* Ex. 11, Rule 30 (b)(6) Deposition of Chen Zhao on behalf of Xing Kong (Aug. 4, 2022) at 12:3–20 (testifying that Xing Kong is losing $3 million on a yearly basis and that if it needs more money, it would borrow from lenders in China), 32:4–11 (testifying that he thinks he can continue operating Xing Kong for

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

16

CASE NO. 19-42763
Adv. Proc. No.: 20-04021

Case: 20-04021   Doc# 273   Filed: 04/12/24   Entered: 04/12/24 17:27:21   Page 21 of 26

"maybe another year or two years" if it doesn't start turning a profit before lenders will stop loaning money). Plaintiff's argument that Xing Kong reaps KS Aviation's revenue to avoid liability to Plaintiff defies logic. Neither entity is on stable financial footing, and there is no sham arrangement.

### D. Defendants are Entitled to Summary Judgment on Plaintiff's Fifth Cause of Action for Breach of Contractual Indemnity.

Plaintiff alleges in his Fifth Cause of Action that the Settlement Agreement obligates Defendants to indemnify him for the **second and third categories** of loans.

The **second category** of loans was borrowed by Sierra Air from two lenders to purchase a Boeing 737 flight simulator: $1.5 million from Bank of the West and $1.543 million from BAED. MSJ Order at 2. The Court refers to these loans as the "Sierra Air Loans." *Id.* The Sierra Air Loans were guaranteed by Plaintiff and secured by the Boeing 737 flight simulator. *Id.* The Court previously concluded that Plaintiff is owed $260,514.18 for the unpaid balance of the BAED loan. *Id.*

The **third category** of loans involves business loans from Bank of the West to KS Aviation: 1) $75,000 in December 2012 (which was later increased to $400,000); 2) $213,665.90 in December 2013; and 3) $600,000 in May 2014—each of which was personally and unconditionally guaranteed by Plaintiff. *Id.* The Court refers to these loans as the "KSA Loans." *Id.* These three business loans total $1,148,868.42.

The Court previously found that material questions of fact regarding indemnification of the Bank of the West loans remained as to (1) the amount remaining on the simulator loan (which belongs to the **second category**) after the Bank "executed against its simulator collateral and 'applied a portion of the cash proceeds to partially satisfy its judgments'" against Plaintiff; and (2) whether any loans in the **third category** were used on the "simulator facility and its contents." MSJ Order at 4, 9, 12. Since then, Plaintiff has proffered no evidence to demonstrate that he can carry his burden of persuasion as to these elements at trial. *See Nissan Fire & Marine*, 210 F.3d at 1102–03.

Plaintiff is barred from seeking indemnity on both of these categories of loans. First, Plaintiff is barred from seeking indemnity on the $260,514.18 belonging to the **second category** of loans because its payment has been satisfied by another entity, likely Hana Japan, and not Plaintiff.

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

17

CASE NO. 19-42763
Adv. Proc. No.: 20-04021

Case: 20-04021    Doc# 273    Filed: 04/12/24    Entered: 04/12/24 17:27:21    Page 22 of 26

Additionally, Plaintiff is barred from seeking indemnity on the **third category** of business loans because he has no evidence these loan proceeds were spent on the simulator.

### 1. Payment of the BAED loan has been satisfied, but not by Plaintiff; thus Plaintiff retains no right to contractual indemnity.

Due to recent developments, Plaintiff is now totally barred from making *any* indemnity claim with regard to the **second category** $260,514.18 BAED loan. Plaintiff is barred because (1) payments for this category were likely paid by Hana Japan and not Plaintiff, and (2) the Settlement Agreement only provides indemnity for Plaintiff, not Hana Japan. In 2018, BAED sued Sierra Air Development, LLC, Dan Yoon, Jeenee Yoon, Hana Japan, and KS Aviation in Alameda County Superior Court to recover damages arising out of the same loan at issue in this case. *Bay Area Employment Development Co. v. Sierra Air Center Development, LLC, et al.*, Case No. RG18891701 (Jan. 30, 2018). In December 2022, BAED and Hana Japan stipulated that a total payment of $100,000 from Hana Japan would fully satisfy BAED's claims against Hana Japan. Rillo Decl. ¶ 12; Ex. 18, Email from Counsel for BAED dated April 9, 2024; Ex. 17, Stipulation for Entry of Judgment, *Bay Area Emp. Dev. Co. v. Sierra Air Ctr. Dev., LLC, et al.*, Case No. RG18891701 (Dec. 27, 2022). Then, in January 2024, BAED reached an agreement with Plaintiff to forego its claims against Plaintiff in exchange for $50,000, which was, in all likelihood, paid by Hana Japan. C. Rillo Decl. ¶ 13; Ex. 18, Email from Counsel for BAED dated April 9, 2024. In fact, BAED's counsel specifically stated, "that none of the payments are directly from Dan or Jeenee Yoon." Ex. 18, Email from Counsel for BAED dated April 9, 2024.

Defendants are not obligated to indemnify Hana Japan—or any other entity, for that matter—for payments it has made to BAED because the Settlement Agreement through which Plaintiff's right to indemnity is based on only provides for indemnity to Plaintiff, *not* Hana Japan, *See* Ex. 4, Settlement Agreement at 3 ("In recognition of Dan's agreement that KS Aviation, Inc. owns the simulator facility and its contents; John and KS Aviation, Inc., **agree to indemnify Dan** should the loans for said items become delinquent and the creditors seek enforcement against Dan.") (emphasis added); Ex. 13, Hansen Decision at 10 ("John and KS are liable to indemnify Dan against any sums he is forced to

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

18

CASE NO. 19-42763
Adv. Proc. No.: 20-04021

Case: 20-04021   Doc# 273   Filed: 04/12/24   Entered: 04/12/24 17:27:21   Page 23 of 26

pay on the simulator loans and resulting judgments"); *see also supra* section IV(A), explaining that Plaintiff's claims are only against John Yoon.

Therefore, Defendants are entitled to summary judgment on Plaintiff's claim for contractual indemnity as to the **second category** of loans.

### 2. Plaintiff has no right to indemnity for the third category of loans, absent any evidence they were spent on the simulator.

Plaintiff claims that Defendants must also indemnify him for the loans in the **third category**. However, Plaintiff is only provided indemnity for the **second category**—those loans "made to the simulator" pursuant to the Settlement Agreement. Ex. 4, Settlement Agreement at 3. This Court has already determined that the outstanding amount owed to BAED ($260,514.18) *was* related to the flight simulator. As explained *supra*, Plaintiff is now barred from holding Defendants liable to indemnify him for payments made to BAED.

The Court determined that there remains an issue of material fact as to how much of the outstanding amount owed to Bank of the West ($1,148,868.42)—the **third category** of loans—was used to finance the simulator. MSJ Order at 12. However, the outstanding amount owed to Bank of the West ($1,148,868.42) was *not* clearly made in connection with the flight simulator. Salcido Decl. ¶ 10. Indeed, two of the three loans were made *after* the purchase of the flight simulator. *Id.* All three business loans in the **third category** were deposited into the general corporate account, which is used to cover operational and other business expenses. *Id.*

In fact, Plaintiff concedes that these loans were for business expenses. He has no evidence that this outstanding amount was used in connection with the flight simulator. Instead, he has repeatedly distinguished this category of loans from the **second category**, claiming that the **second category** of loans were obtained specifically "for the purchase of the Boeing 737 simulator" while describing the **third category** only as "three business loans." (Dkt. 168 at 7; Dkt. 168-1, Decl. of Dan Yoon ¶¶ 8, 9; Dkt. 122 at 3.) In short, Plaintiff does not and cannot allege that the **third category** of loans were also used in connection with the simulator.

Case: 20-04021    Doc# 273    Filed: 04/12/24    Entered: 04/12/24 17:27:21    Page 24 of 26

As the non-moving party, Plaintiff now bears the burden to go beyond the pleadings and designate materials in the record to show that there is a genuinely disputed fact—something which he cannot do. *See* Fed. R. Civ. P. 56(e); *see also Celotex Corp.*, 477 U.S. at 324. Therefore, Defendants are entitled to summary judgment on Plaintiff's claim for contractual indemnity as to the **third category** of loans.

Because Defendants are entitled to summary judgment on Plaintiff's claim for contractual indemnity as to both the **second and third categories** of loans, no right to contractual indemnity remains.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an order granting Defendants' Motion for Partial Summary Judgment, and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: April 12, 2024     BAKER BOTTS LLP

           By: _____ /s/ *Christopher J. Rillo* _____
             Christopher J. Rillo (SBN 112009)
             christopher.rillo@bakerbotts.com
             Raerani Reddy (SBN 340475)
             rani.reddy@bakerbotts.com
             **Baker Botts LLP**
             101 California Street, Suite 3200
             San Francisco, California 94111
             Telephone: (415) 291-6200
             Facsimile: (415) 291-6300

             *Counsel for Defendants KS Aviation, Inc., Xing Kong Aviation Service, LLC, John Yoon, Chen Zhao and Xin Han Aviation LLC*

Case: 20-04021 Doc# 273 Filed: 04/12/24 Entered: 04/12/24 17:27:21 Page 25 of 26

**CERTIFICATE OF SERVICE**

      I hereby certify that, on April 12, 2024, a true and correct copy of this motion for partial Summary Judgment and accompanying memorandum of points and authorities in support thereof was served by CM/ECF on all counsel of record who have requested service in this Chapter 11 Case.  In addition, (1) the filing is available for viewing and downloading via the CM/ECF system, and (2) the CM/ECF system will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

 

                                     /s/ *Christopher J. Rillo*
                                       Christopher J. Rillo