| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | Christopher Rillo (SBN 112009)<br>christopher.rillo@bakerbotts.com<br>Raerani Reddy (SBN 340475)<br>rani.reddy@bakerbotts.com<br>**BAKER BOTTS LLP**<br>101 California Street, Suite 3200<br>San Francisco, California 94111<br>Telephone: (415) 291-6200<br>Facsimile: (415) 291-6300<br><br>*Counsel for KS Aviation, Inc., Xing Kong Aviation Service, LLC, John Yoon, Chen Zhao, and Xin Han Aviation, LLC* |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>    DANIEL B. YOON,<br>    JEENEE S. YOON<br><br>Debtor<br>───────────────────<br>DAN YOON,<br><br>           Plaintiff,<br><br>v.<br><br>KS AVIATION, INC., XING KONG AVIATION SERVICE, LLC, JOHN YOON, CHEN ZHAO, AND XIN HAN AVIATION, LLC,<br><br>           Defendants. | Bankruptcy Case No.: 19-42763<br><br>Adv. Proc. No.: 20-04021<br><br>Chapter 11<br><br>**DEFENDANTS KS AVIATION, INC., XING KONG AVIATION SERVICE, LLC, JOHN YOON, CHEN ZHAO, AND XIN HAN AVIATION, LLC'S MOTION IN LIMINE NO. 1 TO PERMIT TESTIMONY OF NONDISCLOSED WITNESSES**<br><br>[Filed Concurrently with Declaration of Christopher J. Rillo; Proposed Order]<br><br>Hearing: July 8, 2024<br>Time:    9:30 A.M.<br><br>The Honorable Charles Novack |

Defendants KS Aviation, Inc. ("KSA"), Xing Kong Aviation Service, LLC, John Yoon, Chen Zhao, and Xin Han Aviation, LLC (collectively, "Defendants") move for an order in limine permitting the live testimony of Robert Deklinski, Vincent Kim, Dr. Ian Pulliam, Harry Kim, Erica Blair, and Pat Brooks (collectively, "Witnesses") at the parties' trial, currently set for July 8–10 before this Court.

The Witnesses should be permitted to testify even though Defendants originally did not list them on their initial disclosures. The Witnesses are not only a part of underlying and incorporated proceedings, but also, Defendants' belated disclosure is substantially justified because the Witnesses have highly relevant testimony. Plaintiff Dan Yoon's ("Plaintiff") introduction of *new* arguments after the close of fact discovery justifies the testimony of these Witnesses. There is no harm to Plaintiff and to the extent the Court finds there is any resulting prejudice of Plaintiff, the Court can cure any prejudice by having Plaintiff depose said witness before trial. In the event the Court finds that the untimely disclosure of these Witnesses is neither substantially justified nor harmless, the Court should still, in its discretion, permit the testimony of these Witnesses.

Accordingly, Defendants respectfully request that the Court grant Defendants' Motion in Limine No. 1 and permit the live testimony of the Witnesses at trial.

## I. RELEVANT FACTUAL BACKGROUND
### A. Discovery in this case encompasses the discovery from the Merced County Superior Court Action

Plaintiff initiated this proceeding in Merced Superior Court under *Yoon v. K.S. Aviation, Inc., et al.* Case No. 17-CV-00630 (the "Merced Case") and, on March 4, 2020, removed the case to the instant Court as an adversary proceeding. *See* Dkt. No. 1. On April 23, 2021, this Court held a hearing and instructed the parties to file and serve a declaration explaining why discovery is necessary, what discovery was covered in state court, and what discovery still needed to cover. *See* Dkt. No. 87.

On May 6 and 7, 2021, Plaintiff's attorneys in the Merced Case, Eric Beiswanger and Cyril Lawrence, submitted declarations, which detailed that discovery was open and pending from the Merced Case. *See* Dkt. Nos. 88 (Declaration of E. Beiswanger), 89 (Declaration of C. Lawrence). Mr. Beiswanger explained to the Court that the Merced Superior Court bifurcated the action and conducted a limited trial to adjudicate the enforceability of the Settlement Agreement before

DEFENDANTS' MOTION IN LIMINE NO. 1  1  CASE NO. 19-42763
Case: 20-04021 Doc# 286 Filed: 06/24/24 Entered: 06/24/24 20:34:53 ADV. PROC. NO.: 20-04021
Page 2 of 12

adjudicating Plaintiff's other causes of action related to promissory notes and indemnification. *See* Beiswanger Decl. at ¶¶ 7–8.

On May 17, 2021, the Court continued its status conference and instructed the parties to exchange Fed. R. Bankr. P. Rule 7026(a)(1) disclosures by June 18, 2021, and set fact discovery to be cutoff on November 19, 2021. *See* Dkt. No. 92. Upon request by Plaintiff (that was unopposed by Defendants), the Court extended the deadline to complete discovery until March 31, 2022. *See* Dkt. No. 102.

Relevant here, Robert Deklinski and Vincent Kim are witnesses from the Merced Case. Mr. Deklinski is the current Vice President of Sierra Academy and has worked there since July 2010. Mr. Kim is the attorney who drafted the Settlement Agreement, executed by Plaintiff and Defendant John Yoon on September 2, 2016, that underlies this instant dispute. Both Messrs. Kim and Deklinski testified at the bifurcated Merced Case trial, which included being cross-examined by Plaintiff's then-attorney. *See* Ex. 1 to the Declaration of Christopher Rillo ("Rillo Decl.") at 3 (Witness Index, August 6–8, 2019 Bifurcated Trial Proceedings showing that Messrs. Deklinski and Kim were cross-examined by Mr. Beiswanger). On July 20, 2022, after this case was removed to the instant Court, Mr. Deklinski had his deposition taken. *See* Ex. 2 to Rillo Decl. (July 20, 2022 Deposition Transcript Excerpt of Robert Deklinski ("Deklinski Dep. Tr.")).

### B. Defendants' Initial Disclosures Included Documents and Information from the Criminal Proceeding Against Plaintiff

Prior counsel for Defendants served Defendants' initial disclosures which explicitly incorporated the criminal file of the Merced County District Attorney's criminal investigation of Plaintiff. *See* Ex. 3 to the Rillo Decl. (Defendants' Initial Disclosures) at 3 ("Defendants identify the following documents and other data relevant to this action, as hereinabove captioned. Defendants incorporate by reference the individuals contemporaneously identified by Plaintiff, their contact information and substance of their intended areas in testimony in defense of the fraudulent complaint of Plaintiff. Defendants reserve the right to supplement this disclosure as may be required hereafter. 1. The entire file of the case of People v Dan Yoon filed in Merced County, California against Dan

Yoon."). Witnesses Robert Deklinski, Harry Kim, Erica Blair, and Pat Brooks[1] were involved with the Merced County District Attorney's criminal investigation. *See* Ex. 4 to Rillo Decl. (Plaintiff's witness list, filed December 22, 2017, that included Mr. Deklinski); Ex. 5 to Rillo Decl. at 2–3 (District Attorney Case Report that documented a June 23, 2015, interview with Mr. Deklinski); Ex. 6 to Rillo Decl. at 2–6 (District Attorney Case Report that documented a July 8, 2015, interview with Mr. Deklinski); Ex. 7 to Rillo Decl. at 11–14 (District Attorney Case Report that documented an October 21, 2015, interview with Mr. Kim); Ex. 8 to Rillo Decl. (District Attorney Case Report that documented an October 29, 2015, interview with Ms. Brooks); Ex. 10 to Rillo Decl. at 2–10 (District Attorney Case Report that documented two interviews on June 4, 2014 and June 10, 2015 interview with Ms. Blair).

### C. Undersigned Counsel Appears After Discovery Closed

As this Court is already aware, discovery in this matter ultimately closed on August 31, 2022. *See* Dkt. No. 133. A year later, in August 2023, undersigned counsel for Defendants was retained and formally appeared in this case after prior counsel for Defendants was diagnosed with a terminal illness and withdrew from the bar as a result of his illness. *See* Dkt. Nos. 232–234.

## II. LEGAL STANDARD

A district court has broad discretion to make evidentiary rulings that are conducive to the conduct of a fair and orderly trial. *See Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980). "[I]nformation may be introduced if the parties' failure to disclose the required information is substantially justified or harmless" *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37(c)(1)). The Court retains discretion to allow the witnesses to testify. *See e.g., Pineda v. City & Cnty. of San Francisco*, 280 F.R.D. 517, 521–23 (N.D. Cal. 2012) (Armstrong, J.) (permitting belatedly disclosed expert witness to testify despite finding that belated disclosure was not substantially justified and permitting non-retained expert witnesses to testify despite plaintiffs' untimely and incomplete supplemental disclosure which the court found to be neither substantially justified nor harmless); *San Francisco Bay Area Rapid Transit Dist. v. Spencer*, No. 04-04632-SI, 2007 WL 421336, at *4 (N.D. Cal. Feb. 5, 2007) ("The determination of whether a

---
[1] Harry Kim, Erica Blair, and Pat Brooks are three former accountants who worked for KSA.

failure to disclose is justified or harmless is entrusted to the broad discretion of the district court") (internal citation omitted).

The party seeking to include the belatedly disclosed information has the burden of showing that the failure to disclose was justified or harmless. *See Yeti*, 259 F.3d at 1107. "Among the factors that may properly guide a district court's discretion in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

## III. ARGUMENT

This Court should permit the testimony of the Witnesses at trial because Defendants' belated disclosure of these Witnesses was both substantially justified and harmless. The Witness are either part of the Merced Case or the criminal file of *People v Dan Yoon*. Additionally, Plaintiff's introduction of *new* arguments after the close of fact discovery further justifies the testimony of these Witnesses.

### A. Vincent Kim and Robert Deklinski were witnesses in the Merced case and should be permitted to testify.

"[A]fter removal, the federal court takes the case up where the State court left it off." *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996) (internal quotation marks omitted and citations omitted). Upon removal, the district court "treats everything that occurred in the state court as if it had taken place in federal court," *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 887 (9th Cir. 2010), until and unless "dissolved or modified by the district court." 28 U.S.C. § 1450; *see also Butner v. Neustadter*, 324 F.2d 783, 785–86 (9th Cir.1963) ("The federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court.").

In this case, discovery was already ongoing in the Merced Case when Plaintiff removed this action from Merced Superior Court and the discovery proceedings are incorporated into this case.

Both Messrs. Deklinski and Kim were witnesses from the Merced Case and testified at the bifurcated trial, and most notably were cross examined by Plaintiff's then-attorney. Both witnesses were properly incorporated into this proceeding when the Court granted Plaintiff's motion to extend the deadline to complete discovery. *See* Dkt. No. 102. Additionally, Plaintiff took the deposition of Mr. Deklinski in this adversary proceeding. *See* Ex. 2, Deklinski Dep. Tr.

Because Plaintiff has already deposed and cross-examined Mr. Deklinski and cross-examined Mr. Kim, Plaintiff has not "been deprived of the opportunity to conduct discovery related to" these witnesses. *Cf. Miranda v. U.S. Sec. Assocs., Inc.*, No. 18-CV-00734-LHK, 2019 WL 2929966, at *5 (N.D. Cal. July 8, 2019) (excluding undisclosed witnesses even though they were "equally known to [the other party]" because the other party did not have the opportunity to take the witnesses' depositions during discovery). Plaintiff has been able to conduct discovery and cannot reasonably claim their belated disclosure will result in any prejudice. In the absence of any alleged prejudice by Plaintiff, these witnesses should be permitted to testify. *See e.g. Ginger Root Off. Assocs., LLC v. Advanced Packaging & Prod. Co.*, No. CV0705568MMMPJWX, 2009 WL 10673918, at *3 (C.D. Cal. Feb. 18, 2009) (permitting belatedly disclosed witnesses to testify when plaintiff made only "generalized assertions of prejudice").

### B. Harry Kim, Erica Blair, Pat Brooks, and Robert Deklinski are incorporated in Defendants' Initial Disclosures and should be permitted to testify.

Initial disclosures are designed to make sure that both sides are aware of people and entities who are "likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i). Thus, initial disclosures allow parties to decide who they may want to interview, depose, or otherwise elicit information from as part of their investigation. Pretrial disclosures, on the other hand, identify potential trial witnesses. Fed. R. Civ. P. 26(a)(3)(A)(1).

Here, Defendants' initial disclosures properly incorporate the criminal file of the Merced County District Attorney's criminal investigation: "[t]he entire file of the case of <u>People v Dan Yoon</u> filed in Merced County, California against Dan Yoon," Harry Kim, Erica Blair, Pat Brooks, and Robert Deklinski should be permitted to testify. *See* Ex. 3, Defendants' Initial Disclosures at 3. Witnesses Harry Kim, Erica Blair, and Pat Brooks were not a part of the Merced Case; however, these witnesses

DEFENDANTS' MOTION IN LIMINE NO. 1  5  CASE NO. 19-42763
Case: 20-04021   Doc# 286   Filed: 06/24/24   Entered: 06/24/24 20:34:53   Page 6 of
12
ADV. PROC. NO.: 20-04021

and Mr. Deklinski (who was a part of the Merced Case) were involved with the Merced County District Attorney's criminal investigation, including in the file of the criminal case against Plaintiff. *See* Ex. 4 to Rillo Decl. (Plaintiff's witness list); Ex. 5 to Rillo Decl. (District Attorney Case Report) at 2–3; Ex. 6 to Rillo Decl. (District Attorney Case Report) at 2–6; Ex. 7 to Rillo Decl. (District Attorney Case Report) at 11–14; Ex. 8 to Rillo Decl. (District Attorney Case Report); Ex. 10 to Rillo Decl. (District Attorney Case Report) at 2–10.

The incorporation of Plaintiff's criminal file includes the knowledge of these key witnesses and therefore Harry Kim, Erica Blair, Pat Brooks, and Robert Deklinski should be permitted to testify. Plaintiff has never objected to Defendants' inclusion of his criminal file in the initial disclosures nor challenged Defendants' reliance upon these files. There is simply no surprise to Plaintiff that Defendants intend to rely on Witnesses incorporated in their initial disclosures. *See, e.g., Davis v. Davison Hotel Co., LLC*, 2013 WL 3337669, *2-3 (C.D. Cal. 2013) (declining to exclude witnesses who were not disclosed in Rule 26 initial disclosures because there was no "showing of surprise, prejudice, or other unfairness").

### C. The Belated Disclosure of Dr. Ian Pulliam is Both Substantially Justified and Harmless.

Defendant John Yoon ("John") is unavailable as a live witness for trial because he has been diagnosed with a form of dementia by Dr. Ian Pulliam. Rillo Decl. ¶ 12. A doctor's note with the diagnosis will be provided at trial. *Id.*; *see also* Ex. 11 to Rillo Decl. (note from Dr. Pulliam excusing John from testifying). More recently, John's health has progressively worsened, preventing him from being able to testify. Because Defendants only recently learned the extent of John's mental capacity deterioration and diagnosis of a form of dementia rendering him unavailable to testify at trial, the belated disclosure of his physician, Dr. Pulliam, to explain John's health is substantially justified. Furthermore, Defendants would have been unable to designate Dr. Pulliam as a witness earlier because it was not yet known that John would be unable to testify.

Dr. Pulliam's belated disclosure is also harmless considering Plaintiff has been able to conduct two prior depositions of John and had the opportunity (through counsel) to directly examine him. *See* Rillo Decl. at ¶ 13, Ex. 12 to Rillo Decl. (Deposition of John Yoon, August 20, 2018); Ex. 13 to Rillo

Decl. (Deposition of John Yoon, June 24, 2019). Plaintiff has these prior deposition transcripts and testimony and Dr. Pulliam is being offered only to prove John's unavailability.

### D. Plaintiff has raised new arguments *after* the close of fact of discovery, which necessitates testimony from the Witnesses.

Mr. Kim, Ms. Blair, Ms. Brooks, and Mr. Deklinski are not only properly incorporated, but their testimony is further critically relevant based on new arguments Plaintiff has raised. Defendants did not know that that the testimony of Mr. Kim, Ms. Blair, Ms. Brooks, and Mr. Deklinski would be relevant because Plaintiff never clearly indicated that he should be indemnified for the three KSA Loans (totaling $1,148,868.42) based on Plaintiff's claim that the KSA Loans were expended on the "simulator facility and its contents" until this Court issued its Order on Plaintiff's motion for partial summary judgment. *Compare* Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 168) at 2–3 (distinguishing the KSA Loans from the two separate loans from Bank of the West and Bay Area Employment Development Company for the purchase of the Boeing 737 simulator) *with* Memorandum Decision re: Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 190) ("MSJ Order") at 5, n. 7 ("[Plaintiff's] summary judgment motion, however, seemingly expands this [indemnification] liability to the KSA Loans. As stated above, there is no evidence regarding how KSA used the KSA Loans"), 9 ("[t]here is no explicit contractual language extending this indemnification, however, to the KSA Loans and no declarations or other evidence indicating that KSA spent these loan proceeds on the 'simulator facility and its contents.' A question of material fact exists, then, as to whether the KSA Loans are also subject to the indemnity provision."). Prior to the MSJ Order, the parties did not proffer any evidence regarding whether the KSA Loans were spent on the "simulator facility and its contents." MSJ Order at 9.

Thus, the testimony of Mr. Kim, Ms. Blair, Ms. Brooks, and Mr. Deklinski are crucial to Defendants and squarely relevant testimony regarding whether these loans are subject to the indemnity provision and the proceeds and expenditures of KSA during the relevant time. As noted above, the relevance of these Witnesses' testimony was not fully known or important until *after* the Court's MSJ Order, which was issued on March 13, 2023, and approximately six months after the close of fact

discovery.² Because Plaintiff raised this new argument after the close of fact discovery, the testimony of Mr. Deklinski, Mr. Kim, Ms. Blair and Ms. Brooks should be permitted as these witnesses have knowledge relevant to Plaintiff's claim and Defendants' defense.

A similar situation occurred in *Clemons v. Burlington N. Santa Fe Ry.*, in which the plaintiff sought to exclude witnesses who were not identified on defendants' disclosures but were included on the parties' joint witness list. No. CV1501788SJOJCX, 2016 WL 9752053, at *8 (C.D. Cal. May 3, 2016). The Court denied plaintiff's motion in limine to exclude these witnesses, finding that their nondisclosure was both substantially justified and harmless. *Id.* at *9. The testimony of some witnesses was substantially justified because the defendant was not aware that Plaintiff planned to raise a new argument until summary judgment briefing. *Id.* For another witness, the nondisclosure was not prejudicial because the plaintiff was aware the witness could be called after the witness testified that he had been in contact with the witness. *Id.* Likewise here, Defendants did not initially include some of the Witnesses, but this belated disclosure is similarly substantially justified and non-prejudicial.

### E. The Remaining Factors Weigh in Favor of Permitting Testimony of the Witnesses.

In addition to the reasons listed above, the remaining factors to determine whether belated disclosure of the Witnesses was justified or harmless weigh in favor of permitting the Witnesses to testify. None of the Witnesses should come as surprise to Plaintiff, particularly since the Witnesses were part of the Merced Case; the Witnesses were part of the criminal file of *People v Dan Yoon*; and Plaintiff has personal relationships with all of the Witnesses and worked with them in some capacity during the relevant time period of this dispute. *See, e.g., Davis*, 2013 WL 3337669 at *2-3 (declining to exclude nondisclosed witnesses when defendants' conduct in discovery put plaintiff on notice of these potential witnesses and there was no "showing of surprise, prejudice, or other unfairness"). There is little likelihood of disruption of the trial since all of the Witnesses have been or are in the process of being subpoenaed for the upcoming trial dates, and Defendants have incorporated their testimony into Defendants' estimate for the number of days of trial. Rillo Decl. at ¶ 14. And there is

---

² Even if this Court were to find Plaintiff asserted the argument in his motion for patrial summary judgment, this filing was at least three months *after* the close of fact discovery.

no bad faith or willfulness in Defendants' belated disclosure: undersigned counsel for Defendants had no involvement in this case prior to the close of fact discovery.

Should the Court still conclude there is prejudice to Plaintiff, there is still time before trial to cure the prejudice. Defendants do not oppose Plaintiff taking limited depositions of the Witnesses, and Ninth Circuit district courts have permitted this very accommodation to mitigate any such prejudice. *See, e.g., Jackson v. Kaiser Found. Hosps.*, No. CV188176DSFPLAX, 2021 WL 6332539, at *2 (C.D. Cal. Feb. 18, 2021) (excluding testimony of non-disclosed witness unless witnesses are made available for depositions); *Shenon v. New York Life Ins. Co.*, No. 218CV00240CASAGRX, 2021 WL 4804053, at *4 (C.D. Cal. Oct. 14, 2021) (permitting non-disclosed witness to be deposed for no longer than four hours to mitigate any possible prejudice).

### F. In the Alternative, the Court Should Exercise its Discretion and Permit the Witnesses to Testify.

Even if the Court were to somehow find that the belated disclosure was not substantially justified or harmless, this Court should still exercise its discretion and permit the Witnesses to testify. In *In re Old T.B.R., Inc.*, the court permitted non-disclosed witnesses to testify even though the nondisclosure was neither substantially justified nor harmless. No. 07-52890 ASW, 2012 WL 2674485 (Bankr. N.D. Cal. June 29, 2012). The Court permitted the witnesses based on the plaintiff's "general awareness of many of the [w]itnesses, the extreme harshness of an exclusionary sanction, and the benefits of permitting the parties to fully try the case on the merits." *Id.* at *6.

Likewise, Plaintiff is personally familiar with the Witnesses for the reasons explained above. Plaintiff closely worked each of these witnesses. In his own case seeking over $3 million in damages arising from various loans, Plaintiff should not be permitted to exclude directly relevant and crucial witnesses—the accountants who worked *directly with* Plaintiff during the relevant time period—that would otherwise be beneficial for the Court in adjudicating the material factual questions that this Court has already noted. Ex. 9 to Rillo Decl. (May 24, 2024 Transcript of Proceedings Before the Honorable Charles Novack ("MSJ Hearing Transcript")) at 13:2–4; 12:11–18; 22:24–23:6; 29:3–21; 18:6 –19:1; 13:4–11. Furthermore, Plaintiff worked with Mr. Kim and his then-attorneys to draft the

Settlement Agreement, which underlies this instant adversary proceeding. Each of the Witnesses' testimony will greatly assist the Court in its factual findings and therefore should be permitted.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its Motion in Limine No. 1 and enter an order permitting the live testimonies of Robert Deklinski, Vincent Kim, Harry Kim, Erica Blair, and Pat Brooks.

Respectfully submitted,

DATED: June 24, 2024

BAKER BOTTS LLP

By: */s/ Christopher Rillo*
Christopher J. Rillo (SBN 112009)
christopher.rillo@bakerbotts.com
Raerani Reddy (SBN 340475)
rani.reddy@bakerbotts.com
**Baker Botts LLP**
101 California Street, Suite 3200
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Counsel for Defendants KS Aviation, Inc., Xing Kong Aviation Service, LLC, John Yoon, Chen Zhao and Xin Han Aviation LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 24, 2024, a true and correct copy of this Motion in Limine No. 1 to Permit Testimony of Nondisclosed Witnesses was served by CM/ECF on all counsel of record who have requested service in this Chapter 11 Case. In addition, (1) the filing is available for viewing and downloading via the CM/ECF system, and (2) the CM/ECF system will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

*/s/ Christopher Rillo*
Christopher J. Rillo