# Exhibit 2

Case: 20-04021 Doc# 286-3 Filed: 06/24/24 Entered: 06/24/24 20:34:53 Page 1 of 8

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

IN RE:

No. 19-42763
Chapter 11

DANIEL B. YOON and
JEENEE S. YOON,
Debtor.

DAN YOON,
Plaintiff,

Adv. Proc. No. 20-04021

vs.

K.S. AVIATION, et al.,
Defendants.

VIDEOCONFERENCE DEPOSITION OF ROBERT DEKLINSKI
Wednesday, July 20, 2022

Reported by:
DANA M. FREED
CSR No. 10602
JOB No. 5332973

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

IN RE: No. 19-42763
Chapter 11

DANIEL B. YOON and
JEENEE S. YOON,

Debtor.

_______________________________

Adv. Proc. No.
DAN YOON, 20-04021
Plaintiff,
vs.
K.S. AVIATION, et al.,
Defendants.

_______________________________

Videoconference Deposition of ROBERT DEKLINSKI, taken on behalf of Plaintiff, beginning at 8:59 a.m. and ending at 1:15 p.m. on Wednesday, July 20, 2022, before DANA M. FREED, Certified Shorthand Reporter No. 10602.

APPEARANCES:

For the Plaintiff Dan Yoon:
Practus, LLP
BY: Bernard J. Kornberg
Attorney at Law
58 West Portal Avenue PMB 782
San Francisco, California 94127
341.234.6629
bernard.kornberg@practus.com

For the Defendants Xing Xong and K.S. Aviation:

Law Offices of Michael Abbott
BY: Michael Lee Abbott
Attorney at Law
126 South Third Avenue
Oakdale, California 95361
209.844.5633
michaelleeabbott@gmail.com

Also Present:
JONG YOON

I N D E X

WITNESS PAGE
ROBERT DEKLINSKI

EXAMINATION BY MR. KORNBERG 5

E X H I B I T S

DEPOSITION NO. PAGE

(NO EXHIBITS MARKED.)

Wednesday, July 20, 2022
8:59 a.m. - 1:15 p.m.

ROBERT DEKLINSKI,
having been first duly sworn, was examined and testified as follows:

EXAMINATION

BY MR. KORNBERG:

Q Hi, my name is Bernie Kornberg. I'm counsel for Dan Yoon.

This deposition is taking place in the context of the litigation of Dan Yoon versus John Yoon, K.S. Aviation, Xing Kong, Xin Han, and Eric Zhao.

We are here related to claims of a breach of a settlement agreement, fraudulent transfer, and other claims arising out of that. The purpose of this is essentially to recover monies owed to Mr. Yoon and the various entities.

So this deposition and the comments in this litigation purpose is to discover questions about the -- basically, your employer K.S. Aviation, generally, and Xing Kong. Whomever you may be employed by or have been employed by, we'll get into

Case: 20-04021 Doc# 286-3 Filed: 06/24/24 Entered: 06/24/24 20:34:53 Page 3 of 8

that.

And that -- so that's basically the context here. You're probably familiar. I don't know if we need to go into it anymore.

So let me ask you this: Have you ever been deposed before?

A No. I have been in court before on the matter -- other matters relating to Dan Yoon, but not like this.

Q Okay. So a deposition is, as you noted you were just sworn in under oath, so you do have an obligation to testify truthfully. And if you were to make false statements, you know, it could constitute perjury, which is a crime.

So while this is a bit of an informal setting, it is a court proceeding, the obligations are the same. Truthful testimony.

A Yes.

MR. KORNBERG: Sorry. Mr. Abbott just wandered off.

MR. ABBOTT: I'm not far.

MR. KORNBERG: Okay. Got you.

BY MR. KORNBERG:

Q If I ask you a question and you don't understand it, please don't try to guess what I'm



asking. Ask me to restate it.

A Okay.

Q Please wait before I ask any question. And then before responding give Mr. Abbott a second, he may or may not interpose an objection. Unless -- an objection is basically an objection to maybe the form of the question that may have legal relevance later.

Unless Mr. Abbott directs you not to answer the question, the objection does not preclude you from answering or should prevent you from answering, it simply is for the record going forward.

So again, Mr. Abbott may -- I will ask a question, you will give Mr. Abbott a second to object if he is so inclined. If he does not do so, answer the question. If Mr. Abbott does object, let him make his objection and then answer the question the same as if he had not objected unless he directs you not to answer the question. And if he does do that, then we'll probably be having a discussion.

Are there any reasons why you cannot give any competent testimony today? Any medications, drugs, medical issues, anything that would affect your memory, ability to recollect or ability to answer truthfully?

A None.



Q Okay. Is there any other reason not to proceed with this deposition today?

A None.

Q Okay. Thank you. Well, let's go forward to the meat of it. And just for -- I don't know how long this depo will take. We have another deposition at 1:00. I'm hoping it's two to three hours, at most, but we will find out.

Okay. Did you discuss the taking of this deposition of anyone before today? Or today?

A Through Counsel Michael Abbott advising me that we were going to have a deposition.

Q Okay. And you discussed it with him. Is Mr. --

MR. KORNBERG: Mr. Abbott, are you acting as his counsel during the deposition, or are you here representing the interest of the defendant or both?

MR. ABBOTT: I didn't hear all of that.

MR. KORNBERG: Oh, sorry. Are you acting as Mr. Deklinski's counsel in this deposition or just representing the interest of the defendants here?

MR. ABBOTT: I'm representing both, yes.

BY MR. KORNBERG:

Q Okay. Did you have any conversation with anyone besides Mr. Abbott?



A No.

Q Did you review any documents in preparation of this deposition?

A No.

Q So can you tell me a little bit about yourself? Let's just start with educational history. Did you go to high school?

A Yes, I did.

Q And where was that?

A Fair Oaks, California up near Sacramento.

Q And did you graduate?

A Yes, I did.

Q And did you go to college?

A Yes, I did.

Q Where did you go to college?

A Sacramento State University.

Q And what degrees?

A Criminal justice.

Q Okay. Got it. And did you graduate again?

A Yes, I did.

Q And approximately when was that?

A 19 -- February of 1974.

Q Okay. So what did you do after college for work?

A I was with the FBI.





Case: 20-04021 Doc# 286-3 Filed: 06/24/24 Entered: 06/24/24 20:34:53 Page 4 of 8

Q Okay. Oh, wow. For how long?
A Twenty-nine years.
Q Wow. So what was your job role with the FBI?
A Special agent.
Q Okay. And can you give me a little more, you know, what was your specialty? What did you do? Was it --
A Most of it was in the criminal field; arresting bank robbers, drug dealers, fugitives.
Q Okay. That sounds very interesting. So when did you leave the FBI?
A December of 1999.
Q And why did you leave?
A Retired.
Q Any disciplinary proceedings or anything like that?
A I'm sorry. Say again, please.
Q Any disciplinary reasons, any forced retirement? Entirely voluntary?
A Yes. Correct.
Q So what did you do after you left the FBI?
A I went to teach flying at Modesto Flight Center in Modesto, California.
Q Okay. So how did this career change come about? Why don't you just tell me?

A To come to -- I'm sorry?
Q You were an FBI special agent and you became a flight instructor. How did this career change come about? Why don't you just tell me the story.
A Okay. I was a pilot in the FBI. I was in their aviation division and I just took that expertise over to flying when I retired.
Q Got you.
A And I was also on the Oakdale city council, too.
Q Okay. Can you tell me what's the FBI aviation division? What skills did you learn there?
A Well, I got my pilot license on my own. And then when I was with the FBI, I became a instrument rated pilot then a commercial rated pilot then I became an instructor and a flew surveillance for the FBI and also piloted other pilots in the FBI.
Q Got it. So would you describe yourself as a plane enthusiast?
A Yes. I grew up around airplanes.
Q So you are -- you are rated to fly commercial and noncommercial -- or sorry, did I get that right?
A I'm able to fly commercially, but not the large aircraft. Just -- I'm sorry?
MR. ABBOTT: Go ahead. Forgive me.

THE WITNESS: Okay. Well, I'm a commercial rated pilot. I could fly charter, but I could not fly, say, like a 737. That's another higher rated ATP and I don't have that.
BY MR. KORNBERG:
Q Okay. So what licenses do you have? Do you know, off the top of your head?
A I'm a commercial rated pilot. I'm also an instructor. I'm an instructor in instrument rating, and I'm an instructor in multi-engine rating. So it's considered CFI, CF double I, and MEI.
Q Okay. And you got those licenses when you were with the FBI?
A Except for the multi-engine. I got the MEI when I was with Sierra.
Q Okay. So you were heavily involved in flight and you retired in 1999 basically to use your skills in the private sector; is that an accurate statement?
A Correct.
Q Okay. Sorry. Say it again where you went to work after you left the FBI?
A Modesto Flight Center at Modesto airport. And then transitioned over to Sierra in July of 2010.
Q So let's talk about that. What led you to move to the Sierra Academy of Aeronautics in 2010?

A The Modesto Flight Center, the owner passed away in a plane crash and then the new owner didn't know how to operate a flight center, therefore, it went bankrupt.
Q Where was the -- and so when you went -- so Sierra Academy of Aeronautics in 2010, where was that located at that time?
A Atwater, California.
THE REPORTER: Where? I'm sorry.
BY MR. KORNBERG:
Q Same place it is located now; correct?
A Yes. Correct.
THE REPORTER: I didn't catch where it was located. It was a little fast when you said that. Where is it located?
THE WITNESS: Castle Airport at Atwater, California.
BY MR. KORNBERG:
Q All right. And when you were hired by the Sierra Academy of Aeronautics, that was its operating name; correct? It's not its actual business name?
A I'm sorry, say again.
Q In 2010, the Sierra Academy of Aeronautics was the operating or dba of K.S. Aviation; is that correct?

Case: 20-04021 Doc# 286-3 Filed: 06/24/24 Entered: 06/24/24 20:34:53 Page 5 of 8

home records of the business and stuff, and I'd have to see if I still have it or not.

Q All right. Have you ever received any stock shares from Xing Kong?

A No.

Q Are you paid just by salary?

A Correct.

Q Are you paid on a commission basis at all?

A No, just salary.

Q Okay. I have no further questions. I'd like to thank you for your time in responding to these and it's much appreciated on my end.

I would propose that all deposition transcripts be per code. But Mr. Abbott, if you have anything else you want to state regarding that, if you have any questions you'd like to ask, or if you would like to have set forth exactly how the transcripts will be distributed, I'm happy to do so.

MR. ABBOTT: Per code is fine. By description, how we receive them, I suppose we'll receive them electronically.

MR. KORNBERG: Well, can I send the draft one for Mr. Deklinski to review at your office for corrections?

MR. ABBOTT: Sure.

THE WITNESS: One thing, can I give the correction, my name is spelled D, as in David, e-k-l-i-n-s-k i.

MR. KORNBERG: Did I get that wrong in the deposition subpoena?

THE WITNESS: Yeah, it came up on here as being -- spelled wrong when I came online here. And I believe -- I believe it was spelled wrong, too.

MR. KORNBERG: Well, thank you.

Ms. Freed, do you need anything else?

THE REPORTER: I don't believe so.

Mr. Abbott, to clarify, are you ordering a copy?

MR. ABBOTT: Yes, we need a copy. Thank you.

THE REPORTER: Yes. Thank you.

MR. KORNBERG: And Ms. Freed, you can send a draft one directly to Mr. Abbott for notation by deponent, or you can send it to me and I will forward it to Mr. Abbott. I don't have a preference.

Okay. I think we're ready to go off the record and conclude, unless there's anything else.

(The deposition concluded at 1:15 p.m.)

I, ROBERT DEKLINSKI, do hereby declare under penalty of perjury that I have read the foregoing transcript; that I have made such corrections as noted herein, in ink, initialed by me, or attached hereto; that my testimony as contained herein, as corrected, is true and correct.

EXECUTED this_________day of_________, 2022, at_______________________,___________________________.

(City) (State)

___________________________________

ROBERT DEKLINSKI

I, the undersigned, a Certified Shorthand Reporter of the State of California, do hereby certify:

That the foregoing proceedings were taken before me at the time and place herein set forth; that any witnesses in the foregoing proceedings, prior to testifying, were duly sworn; that a record of the proceedings was made by me using machine shorthand which was thereafter transcribed under my direction; that the foregoing transcript is a true record of the testimony given.

Further, that if the foregoing pertains to the original transcript of a deposition in a Federal Case, before completion of the proceedings, review of the transcript [ ] was [ ] was not requested.

I further certify that I am neither financially interested in the action nor a relative or employee of any attorney or party to this action.

IN WITNESS WHEREOF, I have this date subscribed my name.

Dated: July 21, 2022

DANA FREED
CSR No. 10602

Michael Lee Abbott, Esq.
michaelleeabbott@gmail.com

July 31, 2022

RE: YOON vs. K.S. AVIATION

July 20, 2022, ROBERT DEKLINSKI, JOB NO. 5332973

The above-referenced transcript has been completed by Veritext Legal Solutions and review of the transcript is being handled as follows:

__ Per CA State Code (CCP 2025.520 (a)-(e)) – Contact Veritext to schedule a time to review the original transcript at a Veritext office.

__ Per CA State Code (CCP 2025.520 (a)-(e)) – Locked .PDF Transcript - The witness should review the transcript and make any necessary corrections on the errata pages included below, notating the page and line number of the corrections. The witness should then sign and date the errata and penalty of perjury pages and return the completed pages to all appearing counsel within the period of time determined at the deposition or provided by the Code of Civil Procedure.

__ Waiving the CA Code of Civil Procedure per Stipulation of Counsel - Original transcript to be released for signature as determined at the deposition.

__ Signature Waived – Reading & Signature was waived at the time of the deposition.

Page 90

_x_ Federal R&S Requested (FRCP 30(e)(1)(B)) – Locked .PDF Transcript - The witness should review the transcript and make any necessary corrections on the errata pages included below, notating the page and line number of the corrections. The witness should then sign and date the errata and penalty of perjury pages and return the completed pages to all appearing counsel within the period of time determined at the deposition or provided by the Federal Rules.

__ Federal R&S Not Requested - Reading & Signature was not requested before the completion of the deposition.

Page 91

YOON vs. K.S. AVIATION
ROBERT DEKLINSKI (#5332973)

E R R A T A S H E E T

PAGE_____ LINE_____ CHANGE________________________
_______________________________________________________
REASON_______________________________________________

PAGE_____ LINE_____ CHANGE________________________
_______________________________________________________
REASON_______________________________________________

PAGE_____ LINE_____ CHANGE________________________
_______________________________________________________
REASON_______________________________________________

PAGE_____ LINE_____ CHANGE________________________
_______________________________________________________
REASON_______________________________________________

PAGE_____ LINE_____ CHANGE________________________
_______________________________________________________
REASON_______________________________________________

PAGE_____ LINE_____ CHANGE________________________
_______________________________________________________
REASON_______________________________________________

_________________________________ _______________
WITNESS Date

Page 92

Case: 20-04021 Doc# 286-3 Filed: 06/24/24 Entered: 06/24/24 20:34:53 Page 7 of 8

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER: THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019. PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.