1  Christopher Rillo (SBN 112009)
   christopher.rillo@bakerbotts.com
2  Raerani Reddy (SBN 340475)
   rani.reddy@bakerbotts.com
3  **BAKER BOTTS LLP**
   101 California Street, Suite 3200
4  San Francisco, California 94111
   Telephone: (415) 291-6200
5  Facsimile: (415) 291-6300

6  *Counsel for KS Aviation, Inc., Xing Kong Aviation
   Service, LLC, John Yoon, Chen Zhao, and Xin Han
7  Aviation, LLC*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re<br><br>    DANIEL B. YOON,<br>    JEENEE S. YOON<br><br>Debtor | Bankruptcy Case No.: 19-42763<br><br>Adv. Proc. No.: 20-04021<br><br>Chapter 11 |
| DAN YOON,<br><br>              Plaintiff,<br><br>v.<br><br>KS AVIATION, INC., XING KONG AVIATION SERVICE, LLC, JOHN YOON, CHEN ZHAO, AND XIN HAN AVIATION, LLC,<br><br>              Defendants. | **DEFENDANTS KS AVIATION, INC., XING KONG AVIATION SERVICE, LLC, JOHN YOON, CHEN ZHAO, AND XIN HAN AVIATION, LLC'S MOTION IN LIMINE NO. 5 TO ADMIT PLAINTIFF DAN YOON'S PRIOR DEPOSITION TESTIMONY AND DECLARATIONS**<br><br>[Filed Concurrently with the Declaration of Christopher J. Rillo; [Proposed] Order]<br><br>Hearing: July 8, 2024<br>Time:    9:30 A.M.<br><br>The Honorable Charles Novack |

Defendants KS Aviation, Inc. ("KSA"), Xing Kong Aviation Service, LLC, John Yoon, Chen Zhao, and Xin Han Aviation, LLC (collectively, "Defendants") respectfully submit this Motion in Limine No. 5 to admit Plaintiff Dan Yoon's ("Plaintiff") prior sworn testimony and declarations filed in this instant case and other prior related cases. As this Court undoubtedly realized by now, this case is just another chapter in a lengthy history of litigation between Plaintiff and Defendant John Yoon ("John Yoon"). Plaintiff has testified in multiple legal proceedings, including the Merced County civil action that was the basis of the removal to this Court. *See e.g.*, *Yoon v. K.S. Aviation, Inc., et al.* Case No. 17-CV-00630 (the "Merced Case"). Plaintiff testifies at length on the events involved in this instant action, including sometimes asserting inconsistent positions from the position taken in this case. Accordingly, Defendants seek a ruling from this Court that this prior testimony is fully admissible as party admissions under Fed. R. Evid. 801(d)(2), and may be freely used for impeachment purposes in the anticipated cross-examination of Plaintiff during trial.

## I. ARGUMENT

Plaintiff sued KSA and related parties in several actions, most of which have been dismissed. Throughout the litigation history between the parties, Plaintiff has been deposed at least three times. *See* Ex. 1 to the Declaration of Christopher Rillo ("Rillo Decl.") (complete transcript of Plaintiff's June 5, 2019 deposition in the Merced Case); Ex. 2 to Rillo Decl. (complete transcript of Plaintiff's September 13, 2019 deposition in *KS Aviation, Inc. v. Dan Bong Yoon*, Case No. RG18913041 (Superior Court for the County of Alameda)); Ex. 3 to Rillo Decl. (complete transcript of Plaintiff's January 5, 2017 deposition in *Bank of the West v. KS Aviation, Inc., et. al.*, Case No. RG16824945 (Superior Court for the County of Alameda)). And Plaintiff has also submitted multiple declarations in this matter setting forth numerous factual statements. *See e.g.*, Declaration of Dan Yoon in Support of Motion for Leave to File Fourth Amended Complaint (Dkt. No. 114-1); Declaration of Dan Yoon in Support of Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 168-1); Declaration of Dan Yoon in Support of Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 276-1).[1] Moreover,

---

[1] Dan Yoon has also filed declarations in prior cases that Defendants seek to use and will provide to the Court at trial.

in the Merced Case, Plaintiff testified in a bifurcated trial regarding the Settlement Agreement between himself and Defendant John Yoon.

In sum, Plaintiff has a long track record of positions on pertinent issues in dispute in this instant matter, and he should be fully bound by his prior testimony; accordingly, the Court should admit Plaintiff's prior testimony and declarations under both Federal Rule of Evidence 801 ("Rule 801") and Federal Rule of Civil Procedure 32 ("Rule 32").

### A. Plaintiff's Prior Testimony and Declarations are Admissible and Not Hearsay.

Rule 801(d)(2)(A)–(C) permits the admissibility of Plaintiff's prior testimony and filed declarations. The Rule provides in relevant part:

> d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay: . . .
>
> (2) *An Opposing Party's Statement*. The statement is offered against an opposing party and:
> (A) was made by the party in an individual or representative capacity;
> (B) is one the party manifested that it adopted or believed to be true;
> (C) was made by a person whom the party authorized to make a statement on the subject . . .

*See* Fed. R. Evid. 801(d)(2).

Here, because the testimony and statements sought to be included are statements made by Plaintiff (in his individual capacity) to be used against himself, Plaintiff's prior testimony and declarations are not hearsay and should be admissible. *See United States v. Gill*, 936 F.2d 580 at *2 (9th Cir. 1991), *as amended on denial of reh'g* (Jan. 17, 1991) (finding that there was no plain error because deposition statements are an admissible statement by a party-opponent under Fed. R. Evid. 801(d)(2)).

### B. Federal Rule of Civil Procedure 32 Permits Defendants' Use of Plaintiff's Prior Deposition Testimony.

Rule 32(a)(3) permits the deposition of an adverse party to be used for any purpose. *See Howell v. Cruz*, No. 119CV00782DADSABPC, 2020 WL 6700178, at *5 (E.D. Cal. Nov. 13, 2020), *report and recommendation adopted*, No. 119CV00782DADSABPC, 2021 WL 24756 (E.D. Cal. Jan. 4, 2021) ("Pursuant to Federal Rule of Civil Procedure 32, a party's deposition may be used by an adverse party for any purpose." (citing Fed. R. Civ. P. 32(a)(3)). Rule 32 states: "[a]n adverse party may use

for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent or designee under Rule 30(b)(6) or 31(a)(4)." Fed. R. Civ. P 32(a)(3). There is no express limitation in the Rule that the depositions used must be taken in the same underlying proceeding. Instead, "a party's deposition from an earlier lawsuit may also be used in a later lawsuit if they involve the same subject matter and the same parties or their representatives or successors in interest." Fed. R. Civ. P. 32(a)(8). Thus, "[t]he two lawsuits need not have identical issues and parties, but the deposition should relate to issues common to both lawsuits." *Howell*, 2020 WL 6700178, at *5 (citing *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982)).

Here, the three deposition testimonies which Defendants seek to admit all involve (1) Plaintiff and Defendants John Yoon and KSA; (2) the same underlying facts; and (3) the same issues in dispute—namely, the damages which Plaintiff claims he is owed under the Settlement Agreement. Therefore, each of Plaintiff's prior depositions relate to common issues in dispute in the instant proceeding before this Court.

As one court has observed, Rule 32's requirements have been liberally interpreted in favor of admitting the testimony:

> Federal Rule of Civil Procedure 32(a) permits a deposition taken in a prior action to "be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action," where the party against whom the deposition is used "was present or represented at the taking of the deposition or had reasonable notice of it." Fed. R. Civ. P. 32(a)(1)(A), 32(a)(8). The "same subject matter" and "same parties" requirements have been "construed liberally in light of the twin goals of fairness and efficiency." *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982). "The accepted inquiry focuses on whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit. Consequently, courts have required only a substantial identity of issues, and the presence of an adversary with the same motive to cross-examine the deponent." Id. (citation omitted) (collecting cases); *accord Ikerd v. Lapworth*, 435 F.2d 197, 205 (7th Cir. 1970); 8A Charles Alan Wright et al., Federal Practice and Procedure § 2150 (3d ed. 2010).

*Fed. Hous. Fin. Agency v. Merrill Lynch & Co.*, No. 11 CIV. 6202 DLC, 2014 WL 798385, at *1 (S.D.N.Y. Feb. 28, 2014).

Not surprisingly, federal courts have freely allowed party's prior statements to be introduced as admissions. *See e.g., Cloud v. Fla. Dep't of Corrections*, No. 4:19cv161-MW/MJF, 2020 WL 12182757 (N.D. Fl. May 14, 2020) (permitting use of depositions taken in prior cases); *Jennings v.*

*Nash*, No. 18-3261-CV-C-WJE, 2020 WL 763437, at *1 (W.D. Mo. Feb. 17, 2020) (holding that a party's prior testimony and deposition in other court proceeding is a party admission that will be admitted at trial); *United States v. McGirt*, 71 F.4th 755, 758 (10th Cir. 2023) (reversing conviction, holding that prior sworn testimony was admissible as admission and not hearsay, and finding that the prior sworn testimony should have been admitted substantively and not restricted to impeachment).

Therefore, this Court should permit Plaintiff's prior deposition testimony.

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its Motion in Limine No. 5 and, subject to relevance, admit Plaintiff's prior deposition testimony and declarations filed in other cases at trial substantively and for impeachment purposes.

DATED: June 24, 2024

BAKER BOTTS LLP

By: /s/ Christopher J. Rillo
Christopher J. Rillo (SBN 112009)
christopher.rillo@bakerbotts.com
Raerani Reddy (SBN 340475)
rani.reddy@bakerbotts.com
**Baker Botts LLP**
101 California Street, Suite 3200
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Counsel for Defendants KS Aviation, Inc., Xing Kong Aviation Service, LLC, John Yoon, Chen Zhao and Xin Han Aviation LLC*

# CERTIFICATE OF SERVICE

I hereby certify that, on June 24, 2024, a true and correct copy of this Motion in Limine No. 5 to Admit Plaintiff Dan Yoon's Prior Deposition Testimony and Declarations was served by CM/ECF on all counsel of record who have requested service in this Chapter 11 Case. In addition, (1) the filing is available for viewing and downloading via the CM/ECF system, and (2) the CM/ECF system will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

                                                */s/ Christopher J. Rillo*
                                                Christopher J. Rillo

DEFENDANTS' MOTION IN LIMINE NO. 5       5       CASE NO. 19-42763
Case: 20-04021   Doc# 290   Filed: 06/24/24   Entered: 06/24/24 21:42:18   Page 6 of 6
ADV. PROC. NO.: 20-04021